# BSEA-51.5

Jennifer and John ▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮

**VIA FACSIMILE AND FIRST CLASS MAIL**  February 22, 2015

Rosa I. Figueroa, Hearing Officer
Bureau of Special Education Appeals
Division of Administrative Law Appeals
One Congress Street, 11th Floor
Boston, MA 02114

Re:     A▮▮▮▮▮▮▮▮ v. Lincoln-Sudbury Regional School District
BSEA#: 1502427

**Request for Subpoenas**

Dear Hearing Officer Figueroa:

Parents have discussed and reflected upon the February 17, 2015 phone call with the Hearing Officer and Attorney Ehrens. During this phone call Parents had to identify Parents' witnesses and justify the testimony of each witness on the list. Parents were requested to confirm the need for various witnesses and issuing subpoenas to them.

Upon discussion and reflection Parents request a subpoena for both Bella Wong current LSRHS Superintendent/Principal and Scott Carpenter former LSRHS Superintendent/Principal.

Therefore, Parents have decided to request that the BSEA subpoena all eight LSRHS school staff identified in Parents' letter dated February 9, 2015. Parents do not agree to rely upon Attorney Ehrens' representations that she has coordinated with these school staff so as to assure they will appear to testify. BSEA guidance books and documents all recommend that Parents request that the BSEA issue subpoenas to school staff per BSEA Rule VIII.

1 | Page

Therefore, Parents reiterate their request that the Hearing Officer subpoena the following LSRHS school staff to appear as witnesses at the hearing when scheduled:

1. Vicky Caburian, Varsity Field Hockey Coach and Wellness Teacher
2. Janette Cavallo, School Nurse
3. J.K. Park, Guidance Counselor
4. Sandy Crawford, Housemaster
5. Brandon Dorey, Math Teacher
6. Kim Schultz, Spanish Teacher
7. Aida Ramos, Director Student Services
8. Bella Wong, Superintendent/Principal

The above eight LSRHS staff are present during school hours at the LSRHS address of: 390 Lincoln Road, Sudbury, MA 01776.

In addition to the above people, Parents hereby request that the Hearing Officer subpoena the following former LSRHS school staff to appear as witnesses at the hearing as scheduled:

9. Nancy O'Neil, former LSRHS Athletic Director
    - Home Address: 52 Great Hill Drive, North Weymouth, MA 02191
    - Home Phone: 781-331-3606
10. Rhonda Taft-Farrell, former LSRHS Director Student Services
    - Work Address: Administrator of Pupil Personnel, Waltham Public Schools, 617 Lexington Street, Waltham, MA 02452. Work Phone: 781-314-5428
    - Home Address: 33 Lafayette Drive, Sudbury, MA 01776. Home Phone: 978-443-0883.
11. Scott Carpenter, former LSRHS Superintendent/Principal
    - Work Address: Superintendent Monomoy Regional Schools, Central Office, 425 Crowell Road, Chatham, Ma 02633
    - Work Phone: 508-945-5130

LSRHS most definitely has obstructed, delayed, protracted and thwarted document production. Whereas, Parents requests date back to October 2014, LSRHS did not provide documents until January 2015 and then only provided additional documents that had to be justified and demanded multiple times by Parents and were mailed only on February 4, 2015. Key documents that were requested still have not been provided! In addition, LSRHS has attempted to provide only those documents it considers relevant and only those within the limited scope of the hearing that LSRHS has argued for.

Furthermore, LSRHS has objected to nearly all of Parents' interrogatories and has not provided full and meaningful answers to many of them.

Since LSRHS and Attorney Ehrens do not agree with Parents' January 25, 2015 letter, or for that matter any verbal or written communications with Parents, Parents do not want to rely upon Attorney Ehrens' representations, either verbal or written. It is proper process to request subpoenas of witnesses, particularly those of school staff who oppose Parents. Parents do not think it wise or appropriate to forego these subpoenas particularly given LSRHS' history of not cooperating.

The fact that LSRHS now has a concussion policy and had one in 2012/2013 is highly relevant to this hearing as they indicate what LSRHS staff knew or should have known. Whereas, certain elements or claims related to school policies may be out-of-scope of this hearing, these policies and documents are material evidence that relate directly to LSRHS' processes to meet obligations under Child Find, Section 504, IDEA and FAPE. Whereas the fact that LSRHS did not comply with 105 CMR 201.000 is out of scope of the BSEA, the fact that such non-compliance relates directly to the misfeasance, nonfeasance and even malfeasance of failing to identify a concussion-related disability is relevant. After all, LSRHS knew of its obligations and the requisite standards of evaluation, planning and care including that concussion policy and 105 CMR 201.000 relate directly to Section 504 and IDEA.

As LSRHS head injury/concussion policies set forth school policies, procedures, practices and protocols regarding the evaluation and planning for concussed students for disabilities, they are highly relevant to whether LSRHS knew or should have known of Ali's concussion-related disability. As they state obligations of school staff to monitor and evaluate concussed students, they are highly relevant to whether LSRHS staff knew or should have known of Ali's disability. To exclude them from evidence and consideration is not logical and inappropriately prejudicial.

Furthermore, as these policy documents in fact exist, is it not highly questionable that LSRHS refuses to provide them? The LSRHS School Committee approved a school concussion policy and attested to compliance with 105 CMR 201.000. Therefore, there should be no issue with providing these important public documents. Attorney Ehrens, LSRHS and the LSRHS School Committee have not provided these public documents and have thwarted all efforts to obtain them. As Mr. Radha Gargeya, Chairman of the LSRHS School Committee has publicly stated that the school's "concussion protocol" has been provided to Parents as part of a BSEA hearing although it has not been provided by LSRHS during discovery for this hearing or in response to Parents' public records requests, Mr. Gargeya should be required to produce the documents that were reviewed, revised and approved by the LSRHS School Committee which included instructions for implementation.

LSRHS and Attorney Ehrens have agreed that concussions may cause disability as defined by Section 504 and IDEA. Therefore, the school's policies, procedures, practices and protocols related to concussions are material and relevant to this hearing. **Parents fully understand that this hearing is about whether or not Ali was disabled due to her concussion and whether or not LSRHS staff knew or should have known of the concussion-caused disability.** Therefore, it is not at all credible to eliminate all discussion of LSRHS practices related to concussed students. Furthermore it is highly material that LSRHS has altered its concussion practices so as to properly evaluate concussed students for eligibility and to

provide needed accommodations, specialized instruction and supports; everything it failed to do for ▮ although it was obliged to do so by both state regulations and school policy.

Whereas direct claims for noncompliance with head injury/concussion policies are not within the scope of the BSEA, consideration of concussion practices certainly is relevant to this hearing as ▮ was a concussed student. To argue to exclude such consideration is on its face not legitimate and defensible.

In Parents' Request for Postponement, Parents requested a telephone call to coordinate new hearing dates while putting forth new ones. Since Attorney Ehrens indicated that LSRHS staff did not want to miss school time, Parents included the school vacation week; this being a good way to minimize LSRHS education disruption. Now Attorney Ehrens indicates that school staff do not want to miss any vacation time, so she has eliminated the week of April 22-24. Parents are open to other dates.

It is NOT necessary to schedule the entire hearing around Ms. Ramos and having her present all of the time. Ms. Ramos can read the transcript of the hearing and needs only to be present when called as a witness by Parents and the District. Parents expect to be able to call Ms. Ramos to testify without compromising her need for breaks. In fact, Attorney Ehrens has written that it is not necessary for Ms. Ramos to testify at all as Attorney Ehrens maintains that Ms. Ramos has no personal knowledge of ▮, Parents, or any circumstances leading up to Parents' hearing request. Should Ms. Ramos need accommodations at the hearing during the limited time that she is required to testify, Parents request that Ms. Ramos provide documentation of her disability and needed accommodations. However, given Attorney Ehrens' descriptions, it appears that accommodations are not likely to be needed. Parents do not agree to schedule around Ms. Ramos' schedule as her participation is not necessary beyond testifying for a very limited time period. Parents will understand that Ms. Ramos may leave and return during the hearing so as to take needed breaks.

Parents did not provide LSRHS and Ms. Ehrens Parents' witness list in advance so that it could be questioned and disputed. LSRHS has not made known to Parents its witness list and is not being subjected to comparable questioning. As stated in Parents' Request for Postponement, critical witnesses are not available. Attorney Ehrens and her extraordinary efforts to dismiss the hearing and the excessive time she required of Parents to defend their positions, precluded Parents from communicating, coordinating and confirming with witnesses. Attorney Ehrens was so presumptive about limiting the scope of the hearing that she provided the limited LSRHS responses to Parents requests for documents and interrogatories despite her objections that discovery exchanges be delayed until the Hearing Officer had ruled upon LSRHS Motion to Dismiss/Motion for Summary Decision. Attorney Ehrens provided only some responses in January 2015 with the bias that the Hearing Officer had ruled in LSRHS' favor to limit the scope of the hearing and therefore LSRHS withheld documents and answers. Just this past week, LSRHS was still sending documents.

Parents are not using the BSEA as a forum regarding LSRHS failures to comply with Parents records requests. LSRHS should stop raising this issue that Parents understand is out of scope of this hearing so as to confuse the Hearing Officer and misrepresent Parents actions and intentions.

Parents are sure that future hearing dates can be established that do not adversely impact either party.

Thank you,


Jennifer and John ▮


Cc: Doris R. MacKenzie Ehrens, Attorney for Lincoln-Sudbury Regional School District (email only)