UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT,<br><br>                    Plaintiff,<br>v.<br><br>MR. AND MRS. W.,<br><br>                    Defendants<br>WALLIS and<br>MR. and MRS. W.,<br><br>                    Plaintiffs-in-Counterclaim<br>v.<br><br>LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT and<br><br>BUREAU OF SPECIAL EDUCATION APPEALS,<br>                    Defendants-in-Counterclaim. | Civil Action<br>No. 1:16-CV-10724-FDS |

## AFFIDAVIT OF ATTORNEY MARY ELLEN SOWYRDA IN SUPPORT OF LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT FOR ATTORNEYS' FEES

Mary Ellen Sowyrda, being first duly sworn, state of my own personal knowledge:

1. I have been actively engaged in the practice of law since 1986 and have been practicing special education law in Massachusetts for thirty-one (31) years. I am a partner at Murphy, Hesse, Toomey & Lehane, LLP, and the head of the firm's special education practice, representing schools and/or school districts at the Bureau of Special Education Appeals (BSEA) and in court. Murphy, Hesse, Toomey & Lehane, LLP represents approximately 140 public school districts, regional school districts,

collaboratives, charter schools, agricultural/ vocational/technical schools, and private schools across the Commonwealth, in special education matters, as well as general education matters. I have been involved in litigation with pro se individuals on a number of occasions. Litigating with pro se individuals generally requires substantially more time than litigating with parties who are represented by counsel.

2. I first became involved with representing Lincoln-Sudbury Regional School District (Lincoln-Sudbury) concerning matters related to Mr. and Mrs. W. and Wallis on or about August, 2013 when I reviewed Mr. and Mrs. W.'s request for records from parents' attorney. Later, in January, 2014, the special education office at Lincoln-Sudbury advised me of complaints filed by Mr. and Mrs. W. with the Department of Public Health, Division of Health Professions Licensure, Office of Public Protection (Board of Nursing) against Lincoln-Sudbury's three school nurses, because of alleged failures to comply with head injury/concussion regulations. Later, I also became aware of Mr. and Mrs. W.'s complaint filed with the Division of Professional Licensure, Office of Prosecutions, against Lincoln-Sudbury's athletic trainer, also claiming alleged failures to comply with head injury/concussion regulations. I asked Attorney Doris R. MacKenzie Ehrens (Attorney Ehrens) to assist Lincoln-Sudbury in responding to these complaints.

3. In September, 2014, I learned of Mr. and Mrs. W.'s request for a due process hearing at the BSEA (BSEA No. 1502427), the case out of which this proceeding arises. I asked Attorney Ehrens to handle the BSEA matter because of her familiarity with the incident giving rise to the hearing request as a result of her work responding to the complaints filed against the school nurses and athletic trainer, her extensive litigation

experience, including her experience with matters involving pro se litigants, and her experience litigating special education matters.

4. Attorneys' fees associated with Mr. and Mrs. W.'s requests for records, other than their discovery requests in BSEA No. 1502427, and their complaints against the school nurses and the athletic trainer are not included in the request for an award of attorneys' fees which is the subject of Lincoln-Sudbury's complaint in this proceeding.

5. I am familiar with the extent of the filings in BSEA 1502427 and the need to respond to allegations in Mr. and Mrs. W.'s filings. I am aware of the extensive time involved in this case interviewing the many Lincoln-Sudbury administrators, teachers, and staff in order to respond to the hearing request, to Mr. and Mrs. W.'s discovery, and otherwise prepare the case for hearing, including lengthy conference calls with the hearing officer, at least one of which exceed two hours, far exceeding the time normally spent on such calls. I am aware that Mr. and Mrs. W. listed twenty (20) Lincoln-Sudbury former and current administrators, teachers, and staff as hearing witnesses and of the time involved in preparing each of those witnesses for hearing.

6. Based upon my experience practicing special education law and my knowledge of Attorney Ehrens' experience and reputation, it is my opinion that the time spent by Attorney Ehrens on the Bureau of Special Education Appeals' case was not only reasonable under the circumstances of this case and Mr. and Mrs. W.'s hostility toward Lincoln-Sudbury and its staff and Attorney Ehrens as reflected in Mrs. W's prolific filings, but also necessary to properly defend Lincoln-Sudbury from the hearing request's numerous claims.

7. I am also aware of the extent of the additional documentation with which Mr. and Mrs. W. sought to supplement the record, as well as the issues raised on appeal and it is my opinion that the time spent by Attorney Ehrens to date on this case is also reasonable.

8. Based upon my experience practicing special education law in Massachusetts, and my familiarity with the rates charged by Murphy, Hesse, Toomey & Lehane, LLP, to its other special education clients and by other attorneys representing school districts in special education matters, it is my opinion that the hourly rates of $225-$245 per hour charged by the firm in this matter are fair and reasonable and consistent with the rates prevailing in the community.

SIGNED under the pains and penalties of perjury at Quincy, Massachusetts this 5th day of June, 2017.

_____
Mary Ellen Sowyrda, Attorney at Law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2017, I served a copy of the foregoing electronically through the CM/ECF system on all counsel of record for the parties.

/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens