UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
LINCOLN-SUDBURY REGIONAL            )
SCHOOL DISTRICT,                    )          Civil Action
                                    )          No.  1:16-CV-10724-FDS
                    Plaintiff,      )
v.                                  )
                                    )
MR. AND MRS. W,                     )
                                    )
                    Defendants      )
WALLLIS and                         )
MR. and MRS. W.,                    )
                                    )
          Plaintiffs-in-Counterclaim )
v.                                  )
                                    )
LINCOLN-SUDBURY REGIONAL            )
SCHOOL DISTRICT and                 )
                                    )
BUREAU OF SPECIAL EDUCATION         )
APPEALS,                            )
          Defendants-in-Counterclaim. )
_____  )

**MEMORANDUM OF LAW IN SUPPORT OF**
**LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT'S**
**MOTION FOR ATTORNEYS' FEES**

Pursuant to Federal Rules of Civil Procedure, Rule 54(d), 20 U.S.C.

§1415(i)(30(B)(i)(III), and this Honorable Court's Memorandum and Order on Cross-Motions

for Summary Judgment and Defendants' Motion to Reverse the Decision of the Bureau of

Special Education Appeals, Lincoln-Sudbury Regional School District ("Lincoln-Sudbury")

moves for an award of attorneys' fees and costs against Mr. and Mrs. W.  Specifically, Lincoln-

Sudbury seeks the amount of $202,791.50 through March 25, 2018 in attorneys' fees, plus

related costs and expenses in the amount of $5,167.61, through February 28, 2018.

On January 25, 2018, this Honorable Court granted summary judgment in favor of Lincoln-Sudbury in its Memorandum and Order on Cross-Motions for Summary Judgment and Defendants' Motion to Reverse the Decision of the Bureau of Special Education Appeals ("BSEA").  This Honorable Court found that:

(1)  Lincoln-Sudbury prevailed on all issues at the BSEA;

(2)  the BSEA proceeding brought by Mr. and Mrs. W was frivolous and brought for an improper purpose; and

(3)  Lincoln-Sudbury paid fees and costs to defend Bureau of Special Education Appeals (BSEA) Docket No. 1502427, to pursue this claim for fees, and to defend Mr. and Mrs. W's counterclaim appealing from the BSEA Decision in Docket No. 1502427; and

Lincoln-Sudbury is entitled to judgment as a matter of law.

See Exhibit 1, Memorandum and Order on Cross-Motions for Summary Judgment and Defendants' Motion to Reverse the Decision of the Bureau of Special Education Appeals, p. 43.

Accordingly, as the prevailing party, Lincoln-Sudbury is entitled to attorneys' fees and costs incurred in litigating this matter.

## I.      Lincoln-Sudbury is Entitled to Recover the Attorneys' Fees and Costs Requested.

Because the Ws' claims before the BSEA were both frivolous and brought for an improper purpose, Lincoln-Sudbury is entitled to recover the costs and fees it incurred in preparing for and defending itself at the BSEA and in District Court.  20 U.S.C. §1415(i)(3)(B)(i)(III); Exhibit 1, p. 43.  Lincoln Sudbury has described below (a) the reasonable attorney rates that Lincoln-Sudbury seeks, (b) the amount of time that each attorney expended litigating this case, and (c) the reasonable costs that Lincoln-Sudbury has incurred in litigating

these counts. The rates requested are the usual hourly rates charged by the law firm for the attorneys who worked on the case.

In support of the requested fees, Lincoln-Sudbury's counsel has provided this Court with: (1) the June 6, 2017 Motion for Summary Judgment for Attorneys' fees and Costs, Exhibit 2; (2) the Affidavit of Counsel for Lincoln-Sudbury in Support of Lincoln-Sudbury's Motion for Attorneys' Fees, summarizing the billing information from April 2017, to present which forms the basis for Lincoln-Sudbury's claim for additional fees, Exhibit 3; (3) affidavit from Attorney Sowyrda, which forms the basis for Lincoln-Sudbury's claim for additional fees, Exhibit 4; (4) Affidavit from Attorney Michael Joyce as to market fees for the attorneys involved in this litigation, Exhibit 5; and (5) Affidavit from Attorney Jeffrey Sankey as to market fees for the attorneys involved in this litigation, Exhibit 6.

### a. The Hourly Rates Charged are Reasonable.

The IDEA permits the court to award attorney's fees that are "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The fee applicant is required to provide sufficient documentation to support the fee request, including "counsel's contemporaneous time and billing records, suitably detailed, and information about the law firm's standard billing rates." Hutchinson ex. rel. Julien v. Patrick, 636 F.3d 1, 13 (1st. Cir. 2011) (citation omitted). In addition, "the First Circuit requires that affidavits be submitted attesting to the reasonableness of the rates by knowledgeable attorneys unconnected to the underlying litigation." Rosie D. ex rel. John D. v. Patrick, 593 F. Supp. 2d 325, 329 (D. Mass. 2009); see also Martinez v. Hodgson, 265 F. Supp. 2d 135, 142 (D. Mass. 2003) ("The Plaintiffs bear the burden of providing this Court with affidavits, as well as other forms of evidence, that establish [the attorney's] skill and

experience and inform the Court of the prevailing market rate in the community for attorneys with such qualifications").

Lincoln-Sudbury has submitted its contemporaneous billing records, which describe the work of its attorneys on specific dates, and the amount spent on each task.  See Exhibit 2, Affidavit of Counsel for Lincoln-Sudbury in Support of Lincoln-Sudbury's Motion for Summary Judgment for Attorneys' Fees, Exhibits B and C; Exhibit 3, Affidavit of Counsel for Lincoln-Sudbury in Support of Lincoln-Sudbury's Motion for Attorneys' Fees, Exhibits B,C, D.  These documents show that with the exception of a small number of hours billed at $240.00 per hour, attorneys' fees for legal services spent on the BSEA matter and in pursuing Lincoln-Sudbury's claim for attorneys' fees and defending the counterclaim have been billed between $225.00 to $235.00 per hour.  See id.  As demonstrated on the bills, the rate increased to $235.00 per hour starting July 1, 2017.  See Exhibit 3, Exhibit 3, Affidavit of Counsel for Lincoln-Sudbury in Support of Lincoln-Sudbury's Motion for Attorneys' Fees, Exhibit C.  The rates that its attorneys have charged are the customary rates charged by counsel.  See Exhibit 2, Affidavit of Counsel for Lincoln-Sudbury in Support of Lincoln-Sudbury's Motion for Summary Judgment for Attorneys' Fees, ¶¶ 10-13; Exhibit 3, Affidavit of Counsel for Lincoln-Sudbury in Support of Lincoln-Sudbury's Motion for Attorneys' Fees, ¶¶ 5-9.  "At least one court of appeals has found that the best evidence of a reasonable hourly rate is the rate 'customarily charged by counsel . . .'"  Rosie D., 593 F. Supp. 2d at 330.

Additionally, the hourly rates are fair and reasonable and within the range of fees customarily charged by attorneys in the special education area for the "kind and quality of services furnished."  Exhibit 2; Affidavit of Michael Joyce, Esq., ¶ 5; Exhibit 2, Affidavit of Jeffrey M. Sankey, Esq., ¶ 6; Exhibit 5, Affidavit of Michael J. Joyce, Esq, ¶ 5; Exhibit 6,

Affidavit of Jeffrey M. Sankey, ¶ 6; <u>see also</u> Exhibit 2, Affidavit of Mary Ellen Sowyrda in

Support of Lincoln-Sudbury's Motion for Summary Judgment for Fees, ¶ 8; Exhibit 4, Affidavit

of Mary Ellen Sowyrda, Esq., ¶ 9.  Lincoln-Sudbury's rates are consistent, if not lower than the

hourly rate, awarded to parents in attorney's fees litigation in special education matters over the

last three years.  <u>See</u> <u>N.P. v. Hampden-Wilbraham Regional School District</u>, 2016 WL 3620733,

at *6-7 (D. Mass. 2016) (awarding an hourly rate of $275 per hour in special education

litigation).

 Thus, these rates are supported by two affidavits submitted by knowledgeable,

independent attorneys.  These attorneys attested to Attorney Ehrens' and/or Attorney

Vasudevan's experience and reputation and to the range for attorneys' fees as being from

$165.00 to $300.00 per hour.  Exhibit 2; Affidavit of Michael Joyce, Esq., ¶ 5; Exhibit 2,

Affidavit of Jeffrey M. Sankey, Esq., ¶ 6; Exhibit 5, Affidavit of Michael J. Joyce, Esq, ¶ 5;

Exhibit 6, Affidavit of Jeffrey M. Sankey, ¶6.

 Additionally, in the response to the original Motion for Attorneys' Fees, the

Defendants/Plaintiffs-in-Counterclaim did not challenge the rate, except the rate for travel time.

<u>See</u> Exhibit 7, Mr. and Mrs. W's Opposition to Lincoln-Sudbury Regional School District's

Motion for Summary Judgment for Attorney's Fees; Exhibit 8.  Mr. and Mrs. W's Response to

Lincoln-Sudbury Regional School District's Statement of Material Facts for Attorney's Fees, p.

33-36.  As stated in the Reply to Mr. and Mrs. W's Opposition to Lincoln-Sudbury Regional

School District's Motion for Summary Judgment for Attorney's Fees, travel time is routinely

billed to clients at the attorneys' regular hourly rate, since time traveling uses time that cannot be

billed to another client.  <u>See</u> Exhibit 9, Reply to Opposition for Summary Judgment for

Attorneys' Fees, p. 6.  Moreover, travel time is generally spent thinking about the case, analyzing

information, strategizing, and planning.  See id.  Accordingly, a reduced hourly rate of $175.00 per hour is reasonable.

Therefore, the hourly rate of the attorneys for Lincoln-Sudbury is in accord with the prevailing rates in the community and is reasonable.  This Honorable Court should allow the hourly rates requested.

**b.  The hours worked are reasonable.**

The number of hours spent on the BSEA case and this litigation is reasonable considering the complex nature of special education litigation in general and the additional complexities involved in this case in light of the parents' pro se status, their rancor toward Lincoln-Sudbury, its teachers and administrators, and the number of issues and Lincoln-Sudbury staff involved. Exhibit 2, Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶ 19; Exhibit 2; Affidavit Of Attorney Mary Ellen Sowyrda in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶¶ 5-7; Exhibit 3, Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶ 14; Exhibit 4, Affidavit Of Attorney Mary Ellen Sowyrda, Esq., ¶¶ 5-9.

All time spent and fees incurred in defending the Ws' complaints against the school nurses and the athletic trainer, and to respond to Mr. and Mrs. W's repeated and duplicative student records, public records, and open meeting law requests and complaints have been excluded from the amounts sought.  Exhibit 2, Affidavit of Counsel, ¶¶7-9, Exhibits A, B, C; Exhibit 3, Affidavit of Counsel, ¶¶ 4-14, Exhibits A, B, C, D.  Any time for other unrelated matters or duplicative time is also excluded.  Exhibit 2, Affidavit of Counsel, ¶10; Exhibit 3, Affidavit of Counsel, ¶¶ 4-14, Exhibits A, B, C, D.  In addition, counsel has already reduced the

fees billed through "professional courtesy" discounts.  See id.  Furthermore, Lincoln-Sudbury

agreed to further reductions of 3.8 hours in its Reply to the Opposition from the

Defendants/Plaintiffs-in-Counterclaim after they challenged certain hours in the bill; this amount

was deducted from the March 2018 hours.  See Exhibit 3, Affidavit of Counsel, ¶ 7; Exhibit 9,

Reply to Mr. and Mrs. W's Opposition to Lincoln-Sudbury Regional School District's Motion

for Summary Judgment for Attorney's Fees, p. 6-7.  Therefore, the hours that Lincoln-Sudbury's

attorneys spent on the BSEA hearing and litigation is reasonable.

## V.      CONCLUSION

Lincoln-Sudbury seeks to recover the $ 202,791.50 in attorneys' fees incurred until

March 25, 2018 and $5,167.61 in costs incurred and paid until February 26, 2018 to defend itself

in the BSEA proceeding and in this Honorable Court.  Exhibit 2, Affidavit of Counsel, ¶14,

Exhibit A; Exhibit 3, Affidavit of Counsel, ¶¶ 11-12, Exhibit A.  Lincoln-Sudbury's motion

should be allowed as it reflects reasonable attorneys' fees and costs.

DATED at Quincy, Massachusetts this 29th day of March, 2018.

Lincoln-Sudbury Regional School District,
By its attorneys,


/s/ Felicia Vasudevan
Felicia Vasudevan, Esq.
BBO # 687463
Doris R. MacKenzie Ehrens, Esq.
BBO #544252
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-1923
(617) 479-5000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 29th day of March, 2018, I served a copy of the foregoing electronically through the CM/ECF system on all counsel of record for the parties.

/s/ Felicia Vasudevan_____
Felicia Vasudevan

1063722v1