# EXHIBIT 2

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT, | ) ) ) | Civil Action No. 16-10724-FDS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MR. AND MRS. W, | ) ) | |
| Defendants. | ) ) ) | |

### LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT'S
### MOTION FOR SUMMARY JUDGMENT FOR ATTORNEYS' FEES

Pursuant to Federal Rules of Civil Procedure, Rule 56, and 20 U.S.C.

1415(i)(30(B)(i)(III), Lincoln-Sudbury Regional School District (Lincoln-Sudbury) moves for

summary judgment for an award of attorneys' fees against Mr. and Mrs. W in the amount of

$155,606.50, through April 30, 2017, plus related costs and expenses in the amount of $4,341.74,

through March 31, 2017, on the grounds there is no genuine dispute as to the material issues of

fact that:

(1)  Lincoln-Sudbury prevailed on all issues at the BSEA;

(2)  the BSEA proceeding brought by Mr. and Mrs. W was frivolous and brought for an

improper purpose; and

(3)  Lincoln-Sudbury paid said fees and costs to defend Bureau of Special Education

Appeals (BSEA) Docket No. 1502427, to pursue this claim for fees, and to defend Mr. and Mrs.

W's counterclaim appealing from the BSEA Decision in Docket No. 1502427; and

Lincoln-Sudbury is entitled to judgment as a matter of law.

997099v1

Lincoln-Sudbury also moves that it be permitted to seek additional fees incurred from

May 1, 2017, and costs from April 1, 2017, through the end of this litigation.

This motion is based upon the pleadings and papers on file herein and is supported by the

Memorandum in Support of Lincoln-Sudbury Regional School District's Motion for Summary

Judgment for Attorneys' Fees, the Concise Statement of Undisputed Materials Facts in Support

of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys'

Fees, the Affidavit of Counsel for Lincoln-Sudbury Regional School District in Support of its

Motion for Summary Judgment for Attorneys' Fees with Exhibits A, B, and C; the Affidavit of

Jeffrey M. Sankey; the Affidavit of Michael J. Joyce, Esq. in Support of Lincoln-Sudbury

Regional School District's Motion for Summary Judgment for Attorneys' Fees, and the Affidavit

of Attorney Mary Ellen Sowyrda in Support of Lincoln-Sudbury Regional School District's

Motion for Summary Judgment for Attorneys' Fees which are filed herewith.

DATED at Quincy, Massachusetts this 6th day of June, 2016.

> Lincoln-Sudbury Regional School District,
> By its attorney
>
> /s/ Doris R. MacKenzie Ehrens
> Doris R. MacKenzie Ehrens, Attorney at Law
> BBO #544252
> 300 Crown Colony Drive, Suite 410
> Quincy, MA 02269-1923
> (617) 479-5000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2017, I served a copy of the
foregoing electronically through the CM/ECF system on all counsel of record for the parties.

> /s/ Doris R. MacKenzie Ehrens
> Doris R. MacKenzie Ehrens

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT, | Civil Action No. 1:16-CV-10724-FDS |
| Plaintiff, | |
| v. | |
| MR. AND MRS. W., | |
| Defendants | |
| WALLIS and MR. and MRS. W., | |
| Plaintiffs-in-Counterclaim | |
| v. | |
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT and | |
| BUREAU OF SPECIAL EDUCATION APPEALS, | |
| Defendants-in-Counterclaim. | |

## MEMORANDUM OF LAW IN SUPPORT OF MRS. AND MRS. W'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES

### I.      INTRODUCTION

This action was initiated by Lincoln Sudbury Regional School District ("District"). In its complaint the District seeks to recover its attorney's fees, costs and expenses incurred in the administrative proceeding before the Massachusetts Bureau of Special Education Appeals ("BSEA"). After a multiple day hearing the BSEA issued a decision in favor of the District on all remaining issues and included findings that Mr. and Mrs. W's claim was frivolous, in bad faith, and brought for improper purposes. Mr. and Mrs. W answered denying the foregoing findings and, together with their daughter Wallis, counterclaimed asserting, among other matters, that

Wallis was categorically disabled due to a concussion she had suffered during a high school

varsity field hockey practice and that the District had failed to comply with the Child Find

mandate requiring that she be evaluated for special education services due to her categorical

disability, failed to develop an Individual Education Plan or Section 504 Plan and are entitled to

reimbursement for tuition and related expenses that they incurred from their unilateral placement

of Wallis at Lawrence Academy.  The BSEA was added as a defendant on the counterclaim.

The facts on which the movants rely are set forth in the Statement of Material Facts in

Support of Mrs. and Mrs. W's Motion For Summary Judgment On Plaintiff's Claim For

Attorney's Fees and Wallis And Mrs. And Mrs. W's Motion For Summary Judgment On Their

Counterclaims filed concurrently with this Memorandum and incorporated herein by reference.

These and additional relevant facts are set forth and discussed, where appropriate, in the

argument sections below.

The movants also incorporate by reference the arguments set forth in the Memorandum

Of Law In Support Of Wallis And Mrs. And Mrs. W's Motion For Summary Judgment On Their

Counterclaims filed concurrently with this Memorandum.

**II.    SUMMARY JUDGMENT STANDARD**

On appeal to the district court from a decision of the BSEA, the court's review falls

somewhere between the highly deferential standard or clear error normally afforded

administrative decisions and a de-novo review.  *Sebastian M. v. King Philip Regional School*

*Dist.*, 685 F.3d 79, 84 (1st Circ. 2012).  The district court is to review the administrative record,

as supplemented by additional evidence from the parties, and based on a preponderance of the

evidence make an independent decision while giving due weight to the hearing officer's factual

findings.  *Id.*  The court may accept or reject all or any part of the findings so long as the court

considers and gives due weight to the hearing officer's findings. *Ross v. Framingham School Committee,* 44 F.Supp.2d 104, 111 (1st Circ. 1999). However, before reviewing the hearing officer's factual findings, the district court must review and determine, de novo, whether there were errors of law, including interpretation of state law, that would impair the validity of the factual findings: "An evaluative "finding" on a mixed legal-factual issue cannot stand if it is premised on an error of law. *Id.* at 111-12.

Summary judgment in the IDEA context is substantively an appeal from the administrative decision and contested issues of material fact does not preclude an award of summary judgment. *Sebastian M.,* 685 F.3d at 84-85. And unlike the usual motion for summary judgment, in the IDEA context the non-moving party is not entitled to the normal inferences in its favor. *Id.*

## III.  ARGUMENT

### A.  THE DISTRICT CANNOT MEET ITS BURDEN TO SHOW THAT THE PARENTS CLAIM WAS FRIVOLOUS OR BROUGHT WITH IMPROPER PURPOSE

Under the IDEA, in rare circumstances a prevailing school district may recover its attorney's fees. *R.P. ex rel. C.P. v. Prescott Unified School Dist.,* 631 F.3d 1117, 1124 (9th Cir. 2011). The IDEA provides that a school district can recover fees from a parent where "the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. 1415(i)(3)(B)(i)(III). But to prevail, a school district must prove that the parent's claim was brought for both an improper purpose and that it was frivolous. *Prescott,* 631 F.3d at 1124; *Doe ex rel. Doe v. Attleboro Public Schools,* 960 F.Supp.2d 286, 303 (D. Mass. 2013). Where a claim is not frivolous or without merit it is also necessarily not improper. *Id.* It does not matter

3

that the parents' claim was not successful; so long as they introduced some plausible evidence in

support of their claim that would have entitled them to relief, the case is per se not frivolous and

cannot support an award of attorney's fees to a school district.  *Id.* at 1126.  The record of this

case reveals that there was much more than some plausible evidence introduced that would have

entitled Mr. and Mrs. W to relief.

> In her scathing conclusion to the Decision, the HO states:
>
> There was no reasonable support for a "suspicion" at any time during the 2012-
> 2013 school year that Wallis might have a disability. Therefore Lincoln-Sudbury
> acted properly when it did not refer Wallis for an evaluation for IDEA services or
> Section 504 accommodations.
>
> The lack of support for the Parents' claims is as startlingly clear now as it was
> when they were first raised in May 2013. Indeed, the Parents' vitriolic hyperbole
> does little to disguise the absence of factual and legal support for their position. . .
> .
>
> If ever a matter merited a finding that it was brought for an improper purpose it is
> this. . . . I find, based on the totality of the administrative record, that the Parents'
> actions in pursuing IDEA and Section 504 claims at the BSEA were a bad faith
> effort to punish Lincoln-Sudbury's staff for the perceived "disrespect" of their
> daughter's academic prowess and to justify public funding for her private school
> education.

(R.II 1383)(footnotes omitted).  But, as set forth in the <u>Memorandum Of Law In Support Of</u>

<u>Wallis And Mrs. And Mrs. W's Motion For Summary Judgment On Their Counterclaims</u>, the

HO's conclusion as to the merits of the claim was based on numerous errors and misapplications

of the appropriate legal standards as applied to the facts of the case which ultimately infected her

findings.  A fair review of the appropriate legal standards and facts reveal that the claim was

neither lacking in merit, nor was it brought for illegitimate purpose; to the contrary, Mr. and Mrs.

W had a legitimate claim that their daughter was categorically disabled and the District had

denied her a FAPE.  The assertion of their and Wallis' rights under the IDEA, state special

education law and Section 504, no matter the contentious nature of the BSEA proceedings, cannot support the conclusion that the claim was improper.

In *Attleboro*, in denying the school district's request for attorney's fees the District Judge found it significant that the HO had denied the school's motion to dismiss: "although the Hearing Officer ultimately ruled against the Does, it denied APS's motion to dismiss and, in the course of reaching and resolving the merits of the Does' claims, did find that APS had committed procedural violations even if the effect of these violations on the Does was harmless." 960 F.Supp.2d at 303. Here, while some of the issues originally presented by Mrs. And Mrs. W were dismissed on the District's Motion, the core issues relating to the District's Child Find violations and denial of a FAPE, Section 504 violations, and claim for reimbursement of private tutoring expenses and unilateral placement of Wallis at a private school were allowed to proceed. (R.I 521). And, as set forth in the Memorandum Of Law In Support Of Wallis And Mrs. And Mrs. W's Motion For Summary Judgment On Their Counterclaims, at a minimum, there was more than some evidence introduced that, if believed, would have established, procedural violations on the part of the District, if not denial of a FAPE.

It is appropriate that the IDEA sets the bar high for an award of attorney's fees to a school district:

> Lawyers would be improperly discouraged from taking on potentially meritorious IDEA cases if they risked being saddled with a six-figure judgment for bringing a suit where they have a plausible, though ultimately unsuccessful, argument, as here. Such a procrustean interpretation of section 1415(i)(3)(B)(i)(II) is inconsistent with the IDEA's objective of "ensur[ing] that the rights of children with disabilities and parents of such children are protected."

*Prescott*, 631 F.3d at 1126 (citations omitted). The underlying sentiment of this quotation is especially apt with respect to self-represented parents.

Mr. and Mrs. W submitted substantial evidence at the BSEA hearing that their daughter

was categorically disabled with TBI; that the District not only had reason to suspect the disability

but had actual knowledge of the fact; that despite its knowledge of Wallis' disability it failed to

refer her for evaluation; and had it conducted an appropriate evaluation it would have been likely

that Wallis would have been found to be eligible for an IEP or a Section 504 plan. Under these

circumstances the District's claim for attorney's fees must be dismissed.

## CONCLUSION

For the reasons stated herein, the District's complaint for attorney's fees should be

dismissed.


Dated: June 6, 2017                    Respectfully submitted,
                                       For Mr. and Mrs. W,

                                       /s/ John N. Morrissey
                                       John N. Morrissey, BBO # 664579
                                       1 Mary's Way
                                       Lincoln, MA 01773
                                       (508) 358-2027
                                       johnmrrssy@yahoo.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non registered participants on June 6, 2017.

                                       /s/ John N. Morrissey
                                       John N. Morrissey

6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT, )<br><br>Plaintiff, )<br><br>v. )<br><br>MR. AND MRS. W., )<br><br>Defendants )<br>WALLIS and )<br>MR. and MRS. W., )<br><br>Plaintiffs-in-Counterclaim )<br>v. )<br><br>LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT and )<br><br>BUREAU OF SPECIAL EDUCATION APPEALS, )<br>Defendants-in-Counterclaim. ) | Civil Action No. 1:16-CV-10724-FDS |

## CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT'S
## MOTION FOR SUMMARY JUDGMENT
## FOR ATTORNEYS' FEES

1.      Lincoln-Sudbury is a regional school district created pursuant to M.G.L.

c.71, §15 with all the powers and duties conferred by law upon school committees and by

M.G.L. c.71, §16.

2.      Lincoln Sudbury operates Lincoln-Sudbury Regional High School

(LSRHS) and is responsible for educating students who reside in the towns of Lincoln

and Sudbury beginning in the ninth grade.

3.      Mr. and Mrs. W are residents of Sudbury, Massachusetts.

4.     Mr. and Mrs. W are the parents of Wallis, who was, at all times pertinent to this matter, a minor who resided with them in Sudbury, Massachusetts.

5.     The Bureau of Special Education Appeals proceeding out of which this action arises concerns events that took place when Wallis was a 15-year-old general education student enrolled in the tenth grade at LSRHS.  R.II, 1366, ¶1.[1]

6.     Wallis's academic courses were the most challenging available to a tenth grade student and included accelerated honors level classes in English, Science, Math and Spanish, as well as advanced placement (AP) American History.  Id.  She participated in varsity sports and LSRHS's Model United Nations team.  Id.

7.     On or about September 30, 2012, Wallis was injured during a Lincoln-Sudbury field hockey practice.  She sustained a dental injury, and on October 3, her physician diagnosed a concussion and recommended complete rest.  R.II, 1366, ¶¶2, 3, 4.

8.     Pursuant to her doctor's instructions, Wallis remained out of school for two weeks.  R.II, 1366, ¶5; R.III, 1492; 1512.  The only doctor's instructions related to Wallis's return to school are in the note from Dr. Gaughan (R.III, 1493; 1513); Cavallo, TRII, p.85, ll.4-8; Nozik, TRIII, p.16, ll.20-24;[2] R.II, 1367, ¶¶6, 7.

9.     The doctor's instructions, written on a prescription paper, read:

> Please allow [Wallis] to miss gym and games until 29th
> She may run but not yet play
> In class excuse her from make-up work and tests for two
> weeks
> If homework causes a relapse of symptoms please excuse
> her from homework for a week.

---

[1] The Administrative Record is cited as R followed by the volume number, page(s), and paragraph number(s), if applicable.  Transcript references are cited TR followed by the volume number, page(s) and line(s).

[2] The first doctor's note (R.III, 1493' 1512) justified her absence from school after the concussion and the third (R, III, 1514) sought to excuse her from a math make-up test and the final.  Id.; TRIV, p.47, l.21 – p.49, l.5.

R.III, 1493, 1513.

10.     Wallis returned to school on October 15, 2012, and went on a field trip to Sturbridge Village with her AP History class. R.II, 1368, ¶9.  That same day, a school nurse entered a "concussion alert" into the LSRHS student on-line record system.  The alert was sent to Wallis' teachers as well as to guidance, administration, and nursing staff. It provided notice of the doctor's instructions, ie. that Wallis  "may run, but no playing games.  To be excused from make-up work and tests for two weeks.  If homework causes a relapse of symptoms, she is to be excused from homework for one more week."  The alert also noted that mother sent a note that Wallis would "participate in wellness as tolerated."  R.II, 1367, ¶6; R.III, 1475-76.

11.     The LSRHS health office did not receive any other instructions from Wallis' doctor or her parents, and was not aware of any other concussion-related problems or requests for school action concerning Wallis from Wallis, her doctor, her parents, or any member of LSRHS staff.   Wallis' guidance counselor, the athletic trainer, and Wallis' teachers also all testified to the lack of communication from Wallis' doctor, Wallis, or anyone. RII, 1367¶¶6, 7.  *See e.g.* Cavallo, TRII, p.80, *ll.*18-23; p.85, *ll.*4-8; p.87, *ll.*13-17; p.108, *ll.*8-11; p.125, *ll.*6-17; Park (guidance counselor), TRIII, p.158, *l.*19 - p.159, *l.*1; Ando (athletic trainer), TRIII, p.79, *ll.*6-14; Kramer (English teacher), TRIII, p.116, *ll.*15-21; Schultz (Spanish teacher), TRIII, p.127, *ll.*9-17; p.128, *l.*18 – p.129, *l.*10; Gilman (U.S. History teacher), TRIV, p.83, *l.*19 – p.84, *l.*11; p.87, *l.*22 – p. 88, *l.*11; p.96, *l.*21 – p.97, *l.*4; Dorey, TRIV, p.172, *l.*15 – p.173, *l.*16. *See also* R.1613.

12.     Wallis did not visit any physician from October 12, 2012, until June 14, 2013.  TRII, 1374, ¶22; TRIII, 1500-1519.

13.      Wallis did not visit the LSRHS health office during the 2012-2013 school

year except for state-mandated vision and hearing screening on January 19, 2013.  Wallis

did not check off any symptoms that might have indicated post-concussion difficulties

and she passed both screens.  RII, 1367, ¶7; R.III, 1479-1499; 1498-1499.  Cavallo,

TRII, p.80, *ll.*18-23; p.85, *ll.*1-2; Nozik, TRIII, p.21, *ll.*2-3; p.35, *ll.*19-21; Gaumnitz,

TRIII, p.40, *l.*23 – p.41, *l.*1.  *See also* parents' admission at TRIII, p.41, *ll.*2-4.

14.      Wallis met with her guidance counselor when she returned to school to

develop a plan covering information to share with teachers and addressing her

assignments by priority.  According to her guidance counselor, Wallis appeared

physically recovered from her injury, with no observable post-concussion symptoms, and

emotionally capable of resuming her normal ambitious routine.  She expressed her desire

to resume her routine independently, and the guidance counselor assured her that support

was available if she needed it.  He also sent an e-mail to Wallis' teachers asking them to

work with Wallis to adjust assignments.  R.II, 1368, ¶10.  TRIII, p.144, *l.*22 – p.146, *l.*6.

15.      In early November, 2012, Wallis missed two more days of school due to

the death of a family member, and later in November, Mr. and Mrs. W e-mailed the

guidance counselor with concerns about Wallis' concussion and return to school.  R.II,

1368, ¶¶11, 12.  TRIII, p.147, *l.*24 – p.148, *l.*14.

16.      The guidance counselor set up a meeting with Wallis, her parents,

teachers, the housemaster, and himself to discuss Mr. and Mrs. W.'s concerns and

develop a plan for academic accommodations and modifications to be implemented in

Wallis' classes.  There was no discussion of referring Wallis for a disability evaluation.

R.II, 1368, ¶12; R.III, 1526-1529; TRIII, p.148, *l.*23 – p.149, *l.*8.

17.     Lincoln-Sudbury implemented regular education modifications and supports to assist Wallis in making up the academic work she missed during her absence. R.II, 1368-1371, ¶¶14-17; 1379, ¶3; R.III, 1400-1505 (Answers to Interrogatories 3 and 5), 1414-1415 (Answer to Interrogatory 18), 1419-1424 (Anwers to Interrogatories 24, 25, and 26), and 1428-1431 (Answers to Interrogatories 33 and 34); R.IIII, 1535-1536.

18.     Wallis made up all work required by her teachers by the third quarter of the 2012-2013 school year.  R.II, 1379, ¶3; R.III, 1615.

19.     Wallis accessed the curriculum and made effective progress as evidenced by her grades in the most rigorous classes offered to tenth grade students at LSRHS (RIII, 1577), and the testimony of her teachers.  *See e.g.* Kramer, TRIII, p.63, *ll.*13-16; Schultz, TRIII, p.128, *ll.*3-9; Crawford TRIV, p.34, *ll.*19-24; p.55, *ll.*8-16; Gilman, TRIV; p.90, *ll.*18-22; Weiss, TRIV, p.113, *ll.*14-22; Dorey, TRIV, p.167, *ll.*11-23.  Even in math, the class she put on the back burner (*see, e.g.,* TRIV, p.182, *l.*8 – p.183, *l.*8), she was able to earn a 91 on a probability test after meeting with Mr. Dorey for a block.  Id., p.126, *ll.*11-14.  *See also* R.III, 1615 ("parents feel as though [Wallis] has fully accessed the Int Alg curriculum")

20.     Wallis maintained good grades in all her challenging academic and non-academic classes and participated in varsity sports, the Model UN program, and other extra-curricular activities.  She earned As, Bs, and two Cs and passed all her classes with the exception of Intensive Math.  R.III, 1577.  Although Wallis received an Incomplete in intensive math, her performance in that class demonstrated that she accessed the curriculum, showed competency in the subject at a level well beyond what an average student would be learning.  She received the Incomplete only because she refused to take

one fourth-quarter test and the final, not because she was unable to access and master the content of class.  R.II, 1370-1371, ¶17; 1379, ¶¶5, 8; RIII, 1398.

21.     Wallis participated fully in her classes and in activities.  She did not complain about physical symptoms, her workload, or that she was unable to understand.  *See e.g.* Kramer, TRIII, p.65, *l*.21 – p.66, *l*.3; Schultz, TRIII, p.127, *ll*.9-17 (complained about headaches when she first returned to school, but never again); Gilman, TRIV, p.85, *l*.24 – p.86, *l*.6; Dorey, TRIV, p.172, *l*.19 – p.173, *ll*.13-16.  She was fully able to do the work.  *See e.g.* Kramer, TRIII, p.45, *ll*.1-12; Schultz, TRIII, p.127, *l*.18 – p.128, *l*.20; Gilman, TRIV, p.81, *ll*.3-24; p.83, *ll*.19-22; Dorey, TRIV, p.167. *ll*.3-10; p.166, *l*.21 – p.167, *l*.23; p.176, *ll*.5-16.

22.     Wallis's advanced placement United States History teacher, Joshua Gilman, testified that the AP Unites States History class Wallis was taking was college level, used a college level textbook, was very demanding and fast-paced.  Gilman, TRIV, p.77, *ll*.10-12.  The class was sophisticated and complex and required students to work at an abstract level.  Id., p.78, *ll*.1-5.  Wallis's performance in the class was in the average to slightly above average range.  Id., p.81, *ll*.15-17 and 18-24.  She appeared the same after the concussion as before, and she participated as much after as before.  Id., p.83, *ll*.19-23.  Based upon his observations of Wallis in class every day, Mr. Gilman believed she was following along, understanding the content, and keeping up with the class.  TRIV, p.87, *ll*.,11-18.  There was nothing about her performance which would have caused him to recommend that she receive specialized instruction in history.  Id., p. 91, *ll*.11-24.  He also testified that he would not have made a recommendation for her

placement in the non-AP History class at any time during the year. Id. *See also* R.III, 1401.

23.     Wallis's American Literature teacher, Ann Kramer, testified that the class was the highest level English class at LSRHS (TRII, p.42, *l*.21) and that she had no reason at all to believe Wallis required specialized instruction to make progress in the regular education English curriculum (Kramer,TRIII, p. 66, *ll*.12-17) because she was "sailing right through" the "very difficult" and "challenging curriculum" of the class. Id., p.67, *ll*.2-7; *see also* R.III, 1401.

24.     Kim Schultz, who taught Wallis's level one Spanish class (TRIII, p.108, *ll*.14-22), testified that the class was intense and difficult, and there was nothing in Wallis's performance indicating "the presence of a disability that would affect" her performance.  Ms. Schultz did not suspect a disability (id., p.130, *l*.21 – p.131, *l*.7) and did not observe anything about Wallis that would have prompted her to refer Wallis for evaluation for an IEP or a Section 504 plan. Id., p.129, *ll*.12-19. *See also* R.III, 1402.

25.     Likewise, Brandon Dorey, Wallis's math teacher, testified that Wallis never exhibited any behavior or acted in any way that led him to believe she was suffering from concussion symptoms (TRIV, p.175, *ll*.18-23), nor did she complain to him about any physical symptoms (id., p.172, *ll*.15-18) or about her grades. Id., *ll*.19-23; p.175, *l*.24 – p.176, *l*.2.   Wallis never told him she did not understand the material. Id., p..172,  *l*.42 – p.173, *l*.2.  Mr. Dorey also testified that a C- in Intensive Algebra II demonstrated that Wallis accessed the curriculum and showed competency in algebra. Id,, p.176, *ll*.5-10.

26.     The supports Mr. Dorey put in place to assist Wallis were not special

education or Section 504 supports intended for students with disabilities, but were

the supports he would have put in place for any student who time for any reason.

TRIV, p.185, *l.*12 – p.188, *l.*5.  *See also* R.III, 1402.

27.     Wallis also participated effectively in school life, including the Model UN

where she took on leadership roles and participated in the in-school conference and three-

day trip to New York.  TRIII, p.136, *l.*18- p.*l.*7, p.155, *l.*21 – p.156, 12.  She participated

in winter track practices (R.III, 1530-1534), and participated fully (practices and meets)

in spring track.  R.III, 1477.  *See also* R.III,1395-1433, and R.III, 1396-1397, in

particular, for its explanation of the time commitment involved in spring track.

28.     Wallis also scored well, and above average, on the National Spanish

Examination, earning a bronze medal; on the United States History Advanced Placement

Exam, scoring 4 out of a possible 5; and on the United States History subject SAT,

scoring 610.   R.II, 1379-1380, ¶8; R.III, 1586, 1591, 1597.

29.     The evidence at hearing was overwhelming that the medical issues Wallis

experienced in the fall (being out of school for two weeks, and the doctor's instructions

that she not do make-up work and make-up tests for another two weeks) had no effect

whatsoever on Wallis's ability to learn and that   her ability to learn was not limited at all,

much less substantially limited.  R.II, 1379, ¶¶2, 6, 8.  Even in math, the class she put on

the back burner (TRIV, p.182, *l.*8 – p.183, *l.*8), she was able to earn a 91 on a probability

test after meeting with Mr. Dorey for a single block (id., p.126, *ll.*11-14) and performed

at a level which exceeded that of the average student her age.  TRIV, p.165, *l.*21 – p.167,

*l.*23.

30.     There were no communications between Mr. and Mrs. W and/or Wallis and Lincoln-Sudbury about Wallis's concussion, concerns over lingering symptoms, make-up work, inability to do any activity or sports, or the need for concussion-related accommodations after November, 2012, until May, 2013, when Brandon Dorey, Wallis' math teacher, declined to recommend her for intensive math in 11th grade. R.II, 1383; R.III, 1612. The school nurses, Wallis' guidance counselor, the athletic trainer, and Wallis' teachers all testified to the lack of communication from Wallis' doctor, Wallis, or anyone. *See e.g.* Cavallo, TRII, p.80, *ll.*18-23; p.85, *ll.*4-8; p.87, *ll.*13-17; p.108, *ll.*8-11; p.125, *ll.*6-17; Park (guidance counselor), TRIII, p.158, *l.*19 - p.159, *l.*1; Ando (athletic trainer), TRIII, p.79, *ll.*6-14; Kramer (English teacher), TRIII, p.116, *ll.*15-21; Schultz (Spanish teacher), TRIII, p.127, *ll.*9-17; p.128, *l.*18 – p.129, *l.*10; Gilman (U.S. History teacher), TRIV, p.83, *l.*19 – p.84, *l.*11; p.87, *l.*22 – p. 88, *l.*11; p.96, *l.*21 – p.97, *l.*4; Dorey, TRIV, p.172, *l.*15 – p.173, *l.*16. *See also* R.III, 1613.

31.     In May, 2013, Mr. Dorey recommended that Wallis shift from Intensive Math to the next highest honors level class because he concluded that the structure of the Intensive level was not a good fit for her learning style and that Wallis would achieve A grades in the honors class. R.II, 1371, ¶17; TRIV, p.182, *l.*8 – p.183, *l.*8.

32.     Wallis was upset and angry when the math teacher explained his recommendation to Wallis and that her parents could override his recommendation as they had done with a prior math teacher's recommendation if she preferred to continue at the Intensive level. R.II, 1371, ¶18; TRIV, p.153, *l.*5 – p.156, *l.*18.

33.     Wallis' guidance counselor met with Wallis and the math teacher and proposed a plan to assist Wallis in raising her fourth quarter grade to at least 70% through

the use of extra help offered by the math teacher, lunch-time math tutoring, online instructional support, and concrete feedback.  The math teacher agreed to reconsider his recommendation for placement if she achieved above 70%.  R.II, 1371, ¶18; R.III, 1600-1601.

34.     On May 19, Mr. and Mrs. W. rejected the plan in a scathing e-mail demanding an emergency meeting to put Wallis on a 504 plan to address deficiencies in math, remove Wallis from Mr. Dorey's classroom and give her an incomplete in math for the year, prohibit Mr. Dorey from conducting any further testing or grading of Wallis' work, schedule an evaluation, and provide summer tutoring.  R.II, 1371, ¶18; R.III, 1602-1603.

35.     Lincoln-Sudbury responded by e-mail on May 20, offering a meeting to discuss the 504 process, providing a summary of the 504 process, explaining the need for additional medical documentation and consent for cognitive testing, and urging Wallis's prompt return to math class.   R.II, 1371, ¶19; R.III, 1604.

36.     On May 21, Mr. and Mrs. W. responded with another e-mail which was highly critical of and insulting to Lincoln-Sudbury and its staff, in which they claimed, among other things, that Wallis had been "cognitively disabled for an extended period of time."  R.III, 1605-1606.

37.     Lincoln-Sudbury met with parents on May 24 for a 504 meeting to discuss, *inter alia*, Wallis's math placement for eleventh grade, parents' questions about math in particular, and, in general, about whether Lincoln-Sudbury appropriately accommodated Wallis after her concussion, whether Wallis had a disability which

required continued accommodations, and the additional steps and documentation required for consideration of a 504 plan. R.II, 1372, ¶23; R.III, 1610-1615.

38.     At the May 24, 2013, meeting, Mr. and Mrs. W confirmed that they had not taken Wallis back to the doctor because of her concussion, that Wallis had been disabled but was not at that time, that they did not think she had post-concussion symptoms at that point, and even that they felt Wallis had fully accessed the Intensive Algebra curriculum. R.II, 1373,¶24; R.III, 1613, 1615.

39.     Mr. and Mrs. W were familiar with the parental override process which would permit Wallis to take the Intensive level math class in eleventh grade because they had exercised that option in the past. R.II, 1373, ¶27. Lincoln-Sudbury told the Ws it does not deny requests to override teacher recommendations at the May 24 meeting (R.III, 1614) and the Ws exercised the override option to place Wallis in intensive geometry for 9th grade against the recommendation of her eighth grade teacher. R.III, 1585; TRIV, p.244, *l*.13 – p.246, *l*.24.

40.     Mr. and Mrs. W exercised the override option and Wallis was scheduled for the Intensive level math class in eleventh grade. R.II, 1373, ¶28; TRIV, p.54, *ll*.5-13.

41.     Mr. and Mrs. W began requesting records from Lincoln-Sudbury in June, 2013. R.III, 1562, 1563; *see also* R.II, 863-884; 911-917.

42.     On June 14, 2013, Mr. and Mrs. W took Wallis to the doctor for the purpose of obtaining a note asking Lincoln-Sudbury to give Wallis an incomplete and provide tutoring and remediation over the summer. R.III, 1466; 1510. The June 14, 2013, note states that Wallis "suffered a concussion in 10/2012 and did not have the

opportunity to learn the work that she had missed."[3]  R.III, 1514.  It does not say she still

suffered from concussion symptoms, that she was disabled, or that postponing the tests

and math remediation over the summer was medically necessary.

43.     Neither the math make-up, nor the math final covered any material from

the first quarter when Wallis missed time from school because of the concussion.  TRIV,

p.51, *ll.*10-19; p.134, *ll.*18-20; p.137, *ll.*1-6; p.189, *ll.*5-13; TRIV,

44.     Dr. Gaughan did not examine Wallis during the June 14, 2013, visit; the

Procedure Code for the visit was "counseling."  R.II, 1373. ¶25; R.III, 1510, 1514.

45.     Wallis never made up the math test she missed in May and never took the

final.  R.II, 1373, ¶26.

46.     On July 8, 2013, Mr. and Mrs. W. took Wallis to Boston Children's

Hospital for "support to discuss with the school about [alleged] previous lack of

accommodations," but the doctor declined because he had not been treating Wallis when

parents claim she should have had accommodations.  There were no significant findings.

R.II, 1373, ¶27; R.III, 1515-1519 and 1506-1509.

47.     Lincoln-Sudbury never received a signed consent to evaluate Wallis from

Mr. and Mrs. W.  R.II, 1373, ¶24; 1379, ¶7.

48.     On September 3, 2013, Mr. and Mrs. W. notified Lincoln-Sudbury of their

intent to enroll Wallis at Lawrence Academy, a non-special education, college

preparatory private high school, claiming that Lincoln-Sudbury had not provided Wallis

with a free appropriate public education and requesting public funding for the private

high school placement.  R.II, 1374, ¶30; R.III, 1537-1539.

---

[3] The note asks Lincoln-Sudbury to excuse Wallis from

49.     In response, Lincoln-Sudbury sent Mr. and Mrs. W a special education

evaluation consent form. R.II, 1374, ¶30; R.III, 1540-1543

50.     Wallis began attending Lawrence Academy on September 6, 2013. R.II,

1374, ¶30; R.III, 1540.  Her parents called in to Lincoln-Sudbury to report her absent

from September 4 through September 24 when they dis-enrolled her from Lincoln-

Sudbury Regional High School.  R.III, 1559-1560; 1571-1572.

51.     By letter dated September 24, 2013, Mr. and Mrs. W formally withdrew

Wallis from Lincoln-Sudbury, stating also that they did not consent to an IDEA eligibility

evaluation.  R. 1374, ¶31; R.III, 1559-1561.

52.     Mr. and Mrs. W. requested a hearing before the Bureau of Special

Education Appeals (BSEA) on September 22, 2014, almost two full years after the

accident (R.I, 4; R.III, 1474) which resulted in Wallis' concussion.  R.I, 1-26; R.III, 1512.

53.     The case at the BSEA involved extensive discovery requests from Mr. and

Mrs. W to Lincoln-Sudbury.  *See* R. Index.  It also involved numerous motions (*see* R.

Index where parents' motions are listed as letters from parents to the hearing officer),

including two motions to recuse the hearing officers (R.II, 767-938 and 1042-1058), both

of which were denied (R.II, 965-967; 1092) although the case was administratively

reassigned to the hearing officer who conducted the hearing and wrote the decision

shortly before the hearing was scheduled to begin.  R.II, 968.

54.     The hearing officer culled thirteen (13) issues from the Ws

 hearing request.  R.126-127; 521-529.  Those issues were ultimately pared to eight (8),

and after six (6) days of hearing, during which parents called seventeen (17) witnesses,

all of whom were either current Lincoln-Sudbury administrators, teachers, and staff or

were former Lincoln-Sudbury administrators, Mr. and Mrs. W. rested their case. TRII – TRVI.

55. The case at the BSEA resulted in a hearing which occurred on six (6) different days over a period of months. R.II,1336.

56. The Ws' witness list identified twenty (20) Lincoln-Sudbury witnesses and eleven (11) non-Lincoln-Sudbury witnesses. SR 44-45.

57. The Ws did not call any of the non-Lincoln-Sudbury witnesses on their witness list (TRII – TRVI; R.II, 1336), including their "key witnesses" whose unavailability was a reason for their requests to postpone the hearing when it was scheduled for February 25-27. R.584.

58. Wallis did not attend any of the hearing or testify. R.II, 1336.

59. Mr. and Mrs. W did not testify. TRIV, p.208, *ll*.3-7.

60. On April 1, 2016, the BSEA issued its decision in Lincoln-Sudbury's favor on all issues. The BSEA issued a corrected decision non April 8, 2016, to correct clerical errors, not make any substantive changes. R.II, R.1333-1360; 1361-1386.

61. Lincoln-Sudbury is the prevailing party because it prevailed at the BSEA on every issue. R.II, 1380-1383.

62. The hearing officer found that Wallis was not disabled within the meaning of the IDEA or Section 504 at any time during the 2012-2013 school year. R.II, 1383.

63. The hearing officer found that Mr. and Mrs. W failed to present any evidence "which could form a reasonable basis for a finding of eligibility for IDEA or Section 504 protections," and found "[t]here was no reasonable support for a 'suspicion'

at any time during the 2012-2013 school year that Wallis might have a disability." R.II, 1383.

64. The hearing office expressly found that the Ws' "claim to special education eligibility is patently frivolous, as is the claim to Section 504 protections." R.II, 1383.

65. The hearing officer also concluded that "Lincoln-Sudbury acted reasonably and responsibly when it followed the physician's instructions concerning Wallis' re-entry to school following her injury" and that "Lincoln-Sudbury teachers extended reasonable regular education supports to Wallis immediately on her return, and for as long as she needed them, and that those supports permitted Wallis to maintain a high level of achievement in rigorous honors level academic classes and in a demanding extracurricular schedule." R.II, 1383.

66. The hearing officer also found that Mr. and Mrs. W.'s behavior toward Lincoln-Sudbury and during the administrative process was characterized by "vitriolic hyperbole." R.II, 1383.

67. The hearing officer found that Mr. and Mrs. W's "vitriolic hyperbole [did] little to disguise the absence of factual and legal support for their position." R.II, 1383.

68. The hearing officer found that "in correspondence to and meeting with Lincoln-Sudbury personnel, and throughout [the BSEA proceeding]" Mr. and Mrs. W offered insults, threats, distortions, misleading and tautological arguments," and that their behavior was apparently designed "to intimidate, shame or coerce Lincoln-Sudbury staff into actions not warranted by a reasonable view of Wallis' educational experience at Lincoln-Sudbury." R.II, 1383.

921576v1

69.     The hearing officer expressly found that "[i]f ever a matter merited a finding that it was brought for an improper purpose it is this." R.II, 1383.

70.     The hearing officer found that "[t]he record clearly demonstrates that the Parents' objections to Wallis' 10th grade experience at Lincoln-Sudbury began only after the math department recommended a change from one honors section to another honors section." R.II, 1383.

71.     The hearing office expressly found that "the Parents' actions in pursuing IDEA and Section 504 claims at the BSEA were a bad faith effort to punish Lincoln-Sudbury's staff for the perceived 'disrespect' of their daughter's academic prowess and to justify public funding for her private school education." R.II, 1383.

72.     Lincoln-Sudbury has paid $109,279.00 in attorneys' fees and $2,006.84 in costs to defend the BSEA proceeding.  Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶15.

73.     Lincoln-Sudbury has also paid an additional $46,327.00 in attorneys' fees through April 30, 2017, and $2,334.90 in costs incurred through March 31, 2017, related to its claim for attorneys' fees and its defense of the Ws' counterclaim appealing from the BSEA decision.  Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶16.

74.     The total fees incurred through April 30, 2017, is $155,606.00.  The total expenses through March 31, 2017, is $4,341.74.  Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶17.

75.     Lincoln-Sudbury has continued and will continue to incur fees and costs until this litigation is over.  Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶18.

76.     The number of hours spent on the BSEA case and this litigation is reasonable considering the complex nature of special education litigation in general and the additional complexities involved in this case in light of the parents' pro se status, their rancor toward Lincoln-Sudbury, its teachers and administrators, and the number of issues and Lincoln-Sudbury staff involved.  Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶19. *See also* Affidavit Of Attorney Mary Ellen Sowyrda in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶¶5-7.

77.     The attorneys' fees, costs, and expenses incurred in defending against Mr. and Mrs. W.'s frivolous claims are reasonable and are within the range of rates prevailing in the community in which the proceeding arose for the kind and quality of services furnished.  Affidavit of Jeffrey M. Sankey, ¶6; Affidavit Of Michael J. Joyce, Esq. in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶¶5, 7; Affidavit Of Attorney Mary Ellen Sowyrda in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶8.

78.     All time spent and fees incurred in defending the Ws' complaints against the school nurses and the athletic trainer, and to respond to Mr. and Mrs. W's repeated and duplicative student records, public records, and open meeting law requests and complaints, totaling $8,505.00 in legal fees and $25.03 in expenses, have been excluded

from the calculation of fees and costs.  Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶¶7-9 and Exhibits A, p.3, Part III, and B thereto.

79.      Any time for other unrelated matters or duplicative time has also been excluded.  Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶10.

80.      Lincoln-Sudbury has reduced the rate for travel time from $225.00 per hour to $175.00 per hour for purposes of this motion. Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶14.

DATED at Quincy, Massachusetts, this 6th day of June, 2017.

Lincoln-Sudbury Regional School District
By its attorneys

s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens, Attorney at Law
BBO # 544252
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, Massachusetts 02269-9126
(617) 479-5000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2017, I served a copy of the foregoing electronically through the CM/ECF system on all counsel of record for the parties.

/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN-SUDBURY REGIONAL ) SCHOOL DISTRICT,                                )<br><br>                      Plaintiff,            )<br>v.                                                   )<br><br>MR. AND MRS. W.,                         )<br><br>                      Defendants      )<br>WALLIS and                                 )<br>MR. and MRS. W.,                         )<br><br>         Plaintiffs-in-Counterclaim  )<br>v.                                                   )<br><br>LINCOLN-SUDBURY REGIONAL )<br>SCHOOL DISTRICT and                  )<br><br>BUREAU OF SPECIAL EDUCATION )<br>APPEALS,                                      )<br>         Defendants-in-Counterclaim. )<br>                                                   ) | Civil Action<br>No.  1:16-CV-10724-FDS |

## AFFIDAVIT OF COUNSEL FOR LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT FOR ATTORNEYS' FEES

Doris R. MacKenzie Ehrens, being first duly sworn, state of my own personal knowledge:

1.      I have been actively engaged in the practice of law since 1977 when I was admitted to practice in the State of Alaska.  In 1978, I was admitted to practice before the Ninth Circuit Court of Appeals and the United States District Court for the District of Alaska.  I was admitted to practice before the First Circuit Court of Appeals and the United States District Court for the District of Massachusetts in 1982 and to the Bar of

921193v1

the Commonwealth of Massachusetts in 1984.  I have also practiced pro hac vice in the

Fifth Circuit Court of Appeals and in state and federal courts in New Hampshire.

     2.     Throughout my forty (40) years in practice, I have focused at all times in

the area of civil litigation and have practiced in trial and appellate courts, as well as

before a number of administrative bodies including, but not limited to, the Bureau of

Special Education Appeals, the Appellate Tax Board, the Housing Appeals Committee,

and the Massachusetts Commissions Against Discrimination.  I have practiced with the

law firm of Murphy, Hesse, Toomey & Lehane, LLP (MHTL), since 1996.

     3.     I began practicing in the area of special education law in 2004,

representing schools and/or school districts in court and at the Bureau of Special

Education Appeals (BSEA), and have successfully litigated special education cases

before the BSEA, in the United States District Court, and in the First Circuit Court of

Appeals.  I have litigated special education and other cases with pro se individuals on a

number of occasions over the years.  Litigating with pro se individuals typically requires

substantially more patience and time than litigating with parties represented by counsel

because their lack of legal training and familiarity with the process leads them to inject

more irrelevant, immaterial, and/or inapplicable facts and arguments into the litigation.

     4.     Mr. and Mrs. W. represented themselves throughout the BSEA proceeding

out of which this action arises.[1]  According to my internet research, both Mr. and Mrs. W.

are highly educated, although neither appears to have any formal legal training based

upon the information I was able to find.

---

[1] They were, however, represented by Attorney John N. Morrissey in their Middlesex Superior Court action seeking damages and they are represented by Attorney Morrissey in this proceeding.  The Middlesex Superior Court case was dismissed and a motion to reconsider was denied.  The W's have appealed from the decision in that case.

5.      According to LinkedIn, Mrs. W., who took the lead role in filing and arguing at the BSEA, has Bachelor of Science degrees in Chemistry and Chemical Engineering from the Massachusetts Institute of Technology (MIT) and a Master of Science in Chemical Engineering from the University of California at Berkeley. She has been employed as a consultant to chemical, pharmaceutical, and biotechnology clients, as well as in the health care plan industry. Mr. W. has a Bachelor of Science degree in Mechanical Engineering from MIT and a Master of Science in Engineering from the University of California at Berkeley. He has been employed as a consultant/software developer and as a product manager for a suite of portfolio management software.

6.      Mr. and Mrs. W. are familiar with the BSEA and the special education process. They have been to a due process hearing with a different school district, not Lincoln-Sudbury Regional District (Lincoln-Sudbury) in 2005 concerning another child. TRII, p.57, *ll.*11-15. Mr. and Mrs. W. were represented by counsel at that hearing.

7.      I have represented Lincoln-Sudbury in this matter since the hearing request was filed in September, 2014. Before the hearing request was filed to initiate the BSEA proceeding and continuing for a time thereafter, MHTL was involved in assisting Lincoln-Sudbury with Mr. and Mrs. W's public records, open meeting law, and student records requests. Attorney John Morrissey represented Mr. and Mrs. W at that time. MHTL's special education department head, Attorney Mary Ellen Sowyrda, along with Attorney Tami Fay, assisted Lincoln-Sudbury in addressing Mr. and Mrs. W's request for student records beginning in or about August, 2013. Attorneys' fees and costs related to those matters is not included in the amount of attorneys' fees and costs Lincoln-Sudbury seeks to recover through this motion.

8.      I first became involved in matters concerning Wallis' injury in January,

2014, when Mr. and Mrs. W filed complaints against the licenses of Lincoln-Sudbury's

athletic trainer and its three school nurses.   Thereafter, I was also involved for a time in

assisting Lincoln-Sudbury with further aspects of parents' public records requests and

open meeting law complaint in connection with their requests for records.   On

information and belief, Lincoln-Sudbury provided Mr. and Mrs. W with extensive

documentation in response to their student record, public record, and open meeting law

requests.   Attorneys' fees and costs related to the complaints against the school nurses,

the athletic trainer, and to Mr. and Mrs. W's repeated student records, public records, and

open meeting law requests and complaints are not included in the attorneys' fees and

costs Lincoln-Sudbury seeks to recover through this motion.   The amount of costs and

fees related to those matters is, however, shown in Exhibit A, hereto, part III.

9.      Attached hereto as Exhibit A and incorporated herein by reference, is a

true and correct copy of a document I prepared to summarize the attorneys' fees incurred

and paid by Lincoln-Sudbury for the defense of the BSEA # 1502427, in this proceeding,

and to respond to Mr. and Mrs. W.'s public records, Open Meeting Law, and student

record requests and to the complaints they filed against the licenses of Lincoln-Sudbury's

athletic trainer and its three school nurses.

10.      Attached hereto as Exhibit B and incorporated herein by reference is a true

and correct copy of a Reprint of Billed Details to Date generated by MHTL's accounting

department's billing software for the period from August 21, 2013, through February 25,

2017, from which I have redacted names and unrelated information and marked with red-

line strike out any time spent on matters concerning Mr. and Mrs. W and Wallis which

are not related to the BSEA proceeding or this action.  Exhibit B has also been marked to

reflect reductions for any other reason, such as travel time or a mistaken or duplicate

entry.

11.     Attached hereto as Exhibit C and incorporated herein by reference are true

and correct reprints of a number of billing summaries generated by MHTL's accounting

department.  Similar billing summaries with attached documentation have been generated

and sent to Lincoln-Sudbury on a regular basis since September, 2013, when Mr. and

Mrs. W began requesting records from Lincoln-Sudbury.  They also show the amount of

time spent on unrelated Lincoln-Sudbury matters and demonstrate that the matters

involving the Ws required significantly more time and expense.  The billing summaries in

Exhibit C are included because they reflect professional courtesy reductions to the bills

sent to Lincoln-Sudbury.  The professional courtesies on the February 6, 2013, April 13,

2015, and April 28, 2015, bills applied to the fees incurred and billed for the BSEA

proceeding.  The professional courtesy on the March 9, 2017, bill applies to the fees

incurred in this proceeding.

12.     MHTL has billed my time at the rate of $225.00 per hour throughout the

course of my representation of Lincoln-Sudbury.  That rate is consistent with the rates the

firm bills other school and municipal clients and is justified by my experience, expertise,

and skill in special education matters and litigation.  The rate is also consistent with the

hourly rates charged by attorneys who practice special education law in this community

and have similar experience to mine.  *See also* Affidavit Of Attorney Mary Ellen

Sowyrda in Support of Lincoln-Sudbury Regional School District's Motion for Summary

Judgment for Attorneys' Fees,¶¶6-8; Affidavit of Jeffrey M. Sankey, ¶¶5, 6; Affidavit Of

Michael J. Joyce, Esq. in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶¶5-7.

13.     Paralegal, Paula Wright (formerly Rivera – PMR on billing documentation) has been billed at $110.00 per hour since she started assisting with this case on April 14, 2016.  Ms. Wright is an experienced litigation paralegal who has been employed by this firm in that capacity since 2003.  The rate is consistent with the rate the firm bills other clients for her time.

14.     For purposes of this motion for fees, I have, with Lincoln-Sudbury's knowledge and consent, reduced my rate for travel time to $175.00 per hour.  Lincoln-Sudbury was billed the full rate for this time.

15.     Lincoln-Sudbury has paid $109,279.00 in attorneys' fees and $2,006.84 in costs to defend the BSEA proceeding.

16.     Lincoln-Sudbury has also paid an additional $46,327.00 in attorneys' fees through April 30, 2017, and $2,334.90 in costs incurred through March 31, 2017, related to its claim for attorneys' fees and its defense of the Ws' counterclaim appealing from the BSEA decision.

17.     The total fees Lincoln-Sudbury incurred and paid for the BSEA case and this case through April 30, 2017, is $155,606.00.  The total expenses Lincoln-Sudbury incurred and paid for the BESA case and this case through March 31, 2017, is $4,341.74.

18.     Lincoln-Sudbury has continued and will continue to incur fees from May 1, 2017, and costs from April 1, 2017, until this litigation is over.

19.     The number of hours spent on the BSEA case and this litigation is reasonable considering the complex nature of special education litigation in general and

921193v1                                      - 6 -

the additional complexities involved in this case in light of the parents' pro se status, their rancor toward Lincoln-Sudbury, its teachers and administrators, the length of Mr. and Mrs. W's filings, and the number of issues and Lincoln-Sudbury staff involved. *See also* Affidavit Of Attorney Mary Ellen Sowyrda in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees,¶¶5-7.

20.     Mr. and Mrs. W's single-spaced Request for Hearing filed on September 22, 2014, is in Volume I of the Administrative Record, at pages 1-26. Analyzing the hearing request and responding to it (Lincoln-Sudbury's response to the hearing request is at R.I., pp.31-40), required extensive document review and interviews with Lincoln-Sudbury staff and administrators. Mr. and Mrs. W's hearing request is illustrative of the nature and scope of Mr. and Mrs. W's filings throughout the litigation. Lincoln-Sudbury was required to respond to extensive discovery requests, oppose motions, and prepare for and participate in a lengthy hearing on six days.

21.     Murphy, Hesse, Toomey & Lehane's records of the BSEA proceeding contain two 3 ½ -inch binders consisting of one hundred fourteen (114) papers served and/or filed by Mr. and Mrs. W and Lincoln-Sudbury. The binders do not include parents' 78-page, single-spaced closing argument with 23 exhibits which had not been offered into evidence which fills a separate redwell. The binders and redwell do not include the lateral file drawer of documents obtained from Lincoln-Sudbury to respond to Mr. and Mrs. W's numerous document requests for copies of records, many of which were irrelevant to the BSEA case. In addition, the Administrative Record is 2,170 pages in four volumes with six volumes of transcript consisting of 966 pages.

SIGNED under the pains and penalties of perjury at Quincy, Massachusetts this

1st day of June, 2017.

/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens, Attorney at Law
BBO #544252

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2017, I served a copy of the foregoing on counsel for defendants/plaintiffs-in-counterclaim on parents John, by first class mail, postage prepaid.

/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens

# EXHIBIT A

## EXHIBIT A

### ATTORNEYS' FEES
### & COSTS
### SUMMARY

## I.    ATTORNEYS' FEES

### A.    BSEA # 1502427
### 9/26/14-4/4/16

| Hours | @ | Rate | Attorney/Paralegal | Total |
|---|---|---|---|---|
| 3.0 hours | @ | $235.00/hour | Mary Ellen Sowyrda (MES) | $      705.00 |
| 0.9 hours | @ | $240.00/hour | Mary Ellen Sowyrda (MES) | $      216.00 |
| 491.2 hours | @ | $225.00/hour | D.R.M. Ehrens (DME) (Tami Fay [TF], Felicia Vasudevan [FSC], Bryan LeBlanc [BRL], Kathleen Yaeger [KEY]) | $ 110,520.00 |
| 13.5 hours | @ | $175.00/hour | D.R.M. Ehrens (travel) | $    2,362.50 |
| | | | | $ 113,803.50 |
| | | Less Professional Courtesy Reductions* | | - $    4,524.50 |

**TOTAL ATTORNEYS' FEES BILLED AND PAID**       **$  109,279.00**

\* Professional Courtesy reductions for this matter:
  $1,125.00 on 2/6/15 bill
  $2,025.00 on 4/13/15 bill
  $1,374.50 on 4/28/15 bill
  $4,524.50

### B.    UNITED STATES DISTRICT COURT Civil Action No. 16-10724-FDS
### 4/5/16 – 4/30/17

| Hours | @ | Rate | Attorney/Paralegal | Total |
|---|---|---|---|---|
| 2.4 hours | @ | $240.00/hour | Mary Ellen Sowyrda | $      576.00 |
| 201.2 hours | @ | $225.00/hour | D.R.M. Ehrens | $  45,270.00 |

1

| <u>Hours</u> | @ | <u>Rate</u> | <u>Attorney/Paralegal</u> | | <u>Total</u> |
|---|---|---|---|---|---|
| 1.0 hours | @ | $175.00/hour | D.R.M. Ehrens (travel) | $ | 175.00 |
| 17.1 hours | @ | $110.00/hour | Paula Wright (PMR), [paralegal] | $ | 1,881.00 |

|  |  |
|---|---|
|  | $ 47,902.00 |
| Less Professional Courtesy Reductions* | -$ 1,575.00 |

**TOTAL ATTORNEYS' FEES BILLED AND PAID**   **$ 46,327.00**

\* Professional Courtesy reductions for this matter:
   $1,575.00 on 3/9/17 bill

## II.   <u>COSTS</u>

### A.   <u>BSEA # 1502427</u>
   <u>9/3014 – 3/4/16</u>                     <u>Cost</u>

| | |
|---|---|
| Copies – Internal | $   263.40 |
| Express Mail – Postage | $    49.08 |
| Online Research | $   534.72 |
| Travel – includes mileage at $0.42/mile, tolls, Lodging/meals during hearing | $ 1,159.64 |

**TOTAL COSTS BILLED AND PAID**   **$ 2,006.84**

### B.   <u>UNITED STATES DISTRICT COURT</u>
   <u>Civil Action No. 16-10724-FDS</u>
   <u>4/7/16 – 1/25/17</u>                     <u>Cost</u>

| | |
|---|---|
| Copies – Internal | $   101.40 |
| Filing Fee/Court costs | $   400.00 |
| Online Research | $ 1,229.71 |
| Travel – includes mileage at $0.42/mile, tolls, parking | $   603.79 |

**TOTAL COSTS BILLED AND PAID**   **$ 2,334.90**

2

III. **ADDITIONAL COSTS AND FEES INCURRED NOT RELATED TO BSEA PROCEEDING OR UNITED STATES DISTRICT COURT ACTION**

**Public Records/Open Meeting Law,
Student Record Requests,
Complaints Against Licenses Of
Three School Nurses And
The Athletic Trainer**

| Hours | @ | Rate | Attorney/Paralegal | Total |
|-------|---|------|--------------------|-------|
| 37.8 hours | @ | $225.00/hour | Mary Ellen Sowyrda, Tami Fay, D.R.M. Ehrens | $8,505.00 |

**TOTAL ATTORNEYS' FEES BILLED AND PAID**  **$8,505.00**

**COSTS**

**Public Records/Open Meeting Law,
Student Record Requests,
Complaints Against Licenses Of
Three School Nurses And
The Athletic Trainer**  **Cost**

| | Cost |
|---|------|
| Copies – Internal | $ 4.80 |
| Express Mail – Postage | $ 20.23 |

**TOTAL COSTS BILLED AND PAID**  **$ 25.03**

3

# EXHIBIT B

# MURPHY, HESSE, TOOMEY & LEHANE, LLP

### Attorneys at Law

TEL: (617) 479-5000

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126

FAX: (617) 479-6469

## Reprint of Billed Details to Date

LINCOLN SUDBURY R S D (SPED)
ALEXANDRA S.

| For Professional Services Rendered | | | Hours | Rate |
|---|---|---|---|---|
| 08/21/13 | MES | Review of letter from the parents' attorney; call to the special education office; call to the parents' attorney | 0.40 | $225 |
| 08/21/13 | MES | Review of request for records from the parents' attorney | 0.20 | $225 |
| 08/23/13 | MES | Consultation with the parents' attorney regarding resolving student records issues | 0.40 | $225 |
| 09/24/13 | MES | Review of letter to the Superintendent regarding Lawrence Academy placement; sent e-mail | 0.30 | $225 |
| 10/10/13 | MES | Review of e-mail regarding student records; to call the special education office regarding same | 0.30 | $225 |
| 10/11/13 | MES | Review of letter to be sent to parents regarding records and due process options | 0.20 | $225 |
| 10/16/13 | MES | Review of message from the parents' attorney; call to the special education office | 0.20 | $225 |
| 10/17/13 | MES | Consultation with office; returned call to the parents' attorney; call to school personnel | 0.40 | $225 |
| 10/18/13 | TF | Updated Attorney Sowyrda via email about student records issue | 0.10 | $225 |
| 10/18/13 | MES | Conference call with the special education office and the Business Manager; e-mailed Attorney Fay regarding case status; review of e-mail from parents | 0.70 | $225 |
| 10/21/13 | MES | E-mailed the special education office regarding BSEA procedures; review of e-mails regarding parents' claims of records violations | 0.40 | $225 |
| 11/04/13 | MES | Review of e-mail from Glenn Fratto; called the parents' attorney regarding representation status; e-mailed Glenn Fratto | 0.50 | $225 |
| 11/05/13 | MES | E-mailed school personnel regarding unrepresented status of parents | 0.20 | $225 |
| 11/06/13 | MES | Review of message from school's Business Manager, Glenn Fratto,; consultation with Glenn Fratto regarding case status | 0.40 | $225 |

| 11/06/13 | MES | ~~Review of e-mail from school administration regarding records issues; call to the special education office and Business Manager regarding same~~ | ~~0.60~~ | $225 | |
| 11/07/13 | MES | ~~Consultation with Business Manager regarding process followed by secretary of state's office for public records~~ | ~~0.20~~ | $225 | |
| 01/13/14 | MES | ~~Consultation with the special education office regarding complaint sent to the Board of Nursing~~ | ~~0.50~~ | $225 | |
| 01/13/14 | DME | ~~Conference with Ms. Sowyrda concerning complaint against school nurse; review complaint against school nurse; review complaint against athletic trainer;  telephone conference with A. Ramos; lengthy telephone conference with nursing investigator; lengthy telephone conference with allied health professionals investigator; follow-up letter of representation to nursing investigator; follow-up e-mail to A. Ramos concerning nurses' responses and items to include~~ | ~~3.40~~ | $225 | |
| 01/13/14 | MES | ~~Call to the special education office to confirm office to follow up on letters and complaint~~ | ~~0.10~~ | $225 | |
| 01/15/14 | DME | ~~Telephone conference with Aida Ramos concerning investigation letters to two additional school nurses~~ | ~~0.10~~ | $225 | |
| 02/03/14 | DME | ~~Check due date for responses and follow-up e-mail reminder to Aida Ramos about responses to complaints about nurses and athletic trainer~~ | ~~0.10~~ | $225 | |
| 02/12/14 | DME | ~~Telephone conference with athletic trainer complaint investigator and nurses' complaint investigator; review documents; check regulations for requirements; revise nurses' letter; e-mail communications with Aida Ramos concerning issues~~ | ~~5.70~~ | $225 | |
| 02/13/14 | DME | ~~E-mail communications with school nurses and Aida Ramos concerning complaint against nurses and work on response to same~~ | ~~2.00~~ | $225 | |
| 02/14/14 | DME | ~~Finalize nurses' response to complaint and e-mail to client and nurses with instructions; e-mail communications with client/nurses~~ | ~~1.10~~ | $225 | |
| 02/19/14 | DME | ~~Receive signed response explanation document from nurses; correspondence to investigator and effectuate delivery of responses with documents~~ | ~~0.50~~ | $225 | |
| 02/22/14 | DME | ~~Proof, supplement, and edit trainer's response to~~ ▮ Ws' ~~complaint~~ | ~~1.00~~ | $225 | |
| 02/24/14 | DME | ~~Finalize draft of athletic director's response to complaint; e-mail Dr. Ramos with draft~~ | ~~2.00~~ | $225 | |
| 02/25/14 | DME | ~~E-mail communications with A. Ramos concerning response to complaint about athletic trainer~~ | ~~0.10~~ | $225 | |
| 02/27/14 | DME | ~~Draft district response to complaint against athletic trainer; E-mail to client for review; E-mail communications with client and edit document accordingly~~ | ~~1.60~~ | $225 | |
| 02/28/14 | DME | ~~Correspondence to investigator filing athletic trainer's response and documents~~ | ~~0.30~~ | $225 | |
| 03/04/14 | DME | ~~Correspondence to investigator concerning district's response to complaint against athletic trainer~~ | ~~0.20~~ | $225 | |

| 03/26/14 | DME | ~~Prepare auditor's letter summary~~ | ~~0.10~~ | $225 |
|---|---|---|---|---|
| 04/11/14 | DME | ~~Telephone conference with Dr. Aida Ramos concerning status~~ | ~~0.10~~ | $225 |
| 05/12/14 | DME | ~~Review correspondence from parents' attorney; Review file and draft lengthy response~~ | ~~1.50~~ | $225 |
| 06/10/14 | DME | ~~Telephone conference with Dr. Aida Ramos and review e-mail sent by the ███ Ws' to parents of students whose names allegedly appeared in e-mail; Check records for citation; Search L-S policies for notice of what will be released; E-mail Dr. Ramos requesting copy of the notice letter; Review notices on-line; Draft response letter to Shelagh Davenport~~ | ~~1.20~~ | $225 |
| 06/16/14 | DME | ~~Review response to ███ complaint against athletic trainer; E-mail client concerning same and forwarding copy~~ | ~~0.50~~ | $225 |
| 09/26/14 | MES | Consultation with Attorney Ehrens regarding hearing request, child find claims and student's profile in Lincoln Sudbury | 0.30 | $235 |
| 09/26/14 | DME | Read and analyze lengthy hearing request; Telephone conferences with Dr. Ramos concerning same and meeting with teachers and staff; ~~Review ███ athletic trainer and school nurses investigations; Telephone call to Department of Public Health concerning status of complaint against school nurses and e-mail Dr. Ramos~~ | 3.00 <mark>-1.5</mark> | $225 |
| 09/29/14 | DME | E-mail communications with Anne O'Reilly concerning Notice of Hearing and arranging for interviews with teachers and staff; Review notice and calendar dates; E-mail Ms. Sowyrda concerning privileged communications in September, 2013; E-mail communication with Dr. Ramos concerning her contact with the ███ Ws and scheduling resolution session; Prep for meeting with staff and teachers - questions | 2.60 | $225 |
| 09/30/14 | DME | To and from Lincoln-Sudbury Regional High School for day long interviews with teachers and staff concerning hearing request | 9.00 <mark>-2.0 Travel @ $175 per hour</mark> | $225 |
| 10/01/14 | DME | E-mail communications and telephone conferences with staff to follow-up on additional information, documentation requested and with Dr. Ramos concerning student's attendance during 2013-2014 school year; Review new documentation forwarded; draft response to extensive hearing request | 7.50 | $225 |
| 10/02/14 | DME | E-mail communications with client and staff in follow-up to interviews; Additional document review and finish revising/editing response to hearing request; Filing correspondence and fax memos; Telephone conference with Dr. Ramos concerning response | 2.50 | $225 |
| 10/03/14 | DME | Telephone conference with Dr. Ramos concerning response to hearing request, resolution session dates/times offered for 10/6 and 10/7 | 0.20 | $225 |
| 10/06/14 | DME | Prepare postponement request, request for production to parents, and filing correspondence | 0.70 | $225 |
| 10/07/14 | DME | Telephone conference with Dr. Ramos concerning today's resolution session | 0.20 | $225 |
| 10/14/14 | DME | Lengthy conference call with hearing officer and pro se parents (1.5); E-mail client concerning same and with dates for hearing | 1.70 | $225 |

| 10/15/14 | DME | Consultation with Ms. Sowyrda; Document review; Scan and e-mail head injury report to parent | 1.50 | $225 |
|---|---|---|---|---|
| 10/15/14 | MES | Review of issues for hearing with Attorney Ehrens | 0.30 | $235 |
| 10/16/14 | DME | Review e-mail from Dr. Ramos and respond; E-mail parents with dates and concerning hearing location; Correspondence to hearing officer concerning hearing dates | 0.50 | $225 |
| 10/22/14 | DME | Review and analyze and draft comments/objections to parents request for production of documents and interrogatories | 2.50 | $225 |
| 10/23/14 | DME | E-mail parents about discovery requests and BSEA rules; E-mail client concerning which document requests and interrogatories to work on, what to look for, who needs to participate in answering | 3.00 | $225 |
| 10/29/14 | DME | Begin drafting objection to parents' discovery requests; Review e-mail from parents and second set of interrogatories and second request for production | 1.30 | $225 |
| 10/30/14 | DME | Review BSEA Order setting hearing dates and due date for exhibits and witness lists; E-mail to client;  E-mail response to parents' response to e-mail asking them to eliminate irrelevant and excessive; Lengthy telephone conference with Dr. Ramos; Finish objection to parents interrogatories and requests for production; Correspondence to BSEA; Effectuate service; ~~telephone conference with Mary Matthews at Department of Health, Division of Health Professions Licensure; E-mail client with status of the investigation;~~ Draft second request for production to parents | 5.10 **-0.3** | $225 |
| 10/31/14 | DME | Finish drafting Second Request for Production to Parents and finalize; Filing correspondence and fax memo; Check into Beacon program and e-mail Dr. Ramos concerning when the program began; Brief research concerning medical diagnoses and section 504; Draft objections and response to parents' second request for production of documents | 3.50 | $225 |
| 11/04/14 | DME | Telephone conference with client concerning discovery; Telephone conference with Hearing Officer Figueroa to confirm needs for framing issues and concerning objection ~~field~~ filed with BSEA but not served on Lincoln-Sudbury | 0.30 | $225 |
| 11/06/14 | DME | Review parents' lengthy correspondence to hearing officer and their objections to Lincoln-Sudbury Regional School District's Second Request for Production of Documents; Review responses from Spanish teacher to interrogatories; Attempt to open other responses, forward to assistant | 0.50 | $225 |
| 11/07/14 | DME | E-mail communications with Dr. Ramos; Review teacher answers to interrogatories and follow-up; Telephone conference with Dr. Ramos; ~~E-mail communications with Dr. Ramos concerning parents' "open meeting law" requests, review requests, and respond with how to respond~~ | ~~2.30~~ **-1.0** | $225 |
| 11/08/14 | DME | ~~Further e-mail communications with Dr. Ramos concerning "open meeting law" requests, review additional requests, and advise concerning response;~~ as well as reviewing response concerning pole vaulting issue | 0.40 **-0.3** | $225 |

| 11/12/14 | MES | Consultation with Attorney Ehrens regarding issues for hearing | 0.20 | $235 |
|---|---|---|---|---|
| 11/12/14 | DME | Review BSEA Order; E-mail Ms. Vasudevan concerning motion to dismiss; E-mail order to Dr. Ramos; Review wellness teacher's answers to interrogatories | 0.50 | $225 |
| 11/13/14 | DME | Conference with Ms. Vasudevan concerning motion to dismiss and restating legal issues; Review more interrogatory answers; work on drafting answers to interrogatories; E-mail communications with Dr. Ramos with questions; Telephone conference with Attorney Tobin for Sudbury; Call in to Attorney Mercier | 2.50 | $225 |
| 11/14/14 | DME | Work on answers to interrogatories, including e-mail communications with Dr. Ramos | 3.80 | $225 |
| 11/17/14 | DME | Review math teacher's answers to interrogatories; E-mail communications with Dr. Ramos; Review interrogatory answer information from two wellness teachers; Work on answers | 1.50 | $225 |
| 11/18/14 | DME | E-mail communications with client concerning request for production and responses | 0.20 | $225 |
| 11/19/14 | FSC | Researched and drafted motion to dismiss. | 0.80 | $225 |
| 11/20/14 | FSC | Drafted motion to frame the issues. | 1.50 | $225 |
| 11/20/14 | FSC | Researched and drafted a motion to dismiss. | 7.20 | $225 |
| 11/20/14 | DME | Conference with Ms. Vasudevan concerning motion to dismiss; E-mail communications with client concerning discovery; Calls in to Dr. Ramos and Anne O'Reilly; Review e-mail from parents with their comments on the hearing officer's issues and their motion to dismiss | 0.60 | $225 |
| 11/21/14 | FSC | Edited motion to frame the issues. | 0.40 | $225 |
| 11/21/14 | DME | Conference with Ms. Vasudevan concerning motion to dismiss and | 0.20 | $225 |
| 11/25/14 | DME | Draft, edit, and revise correspondence to hearing officer concerning issues for hearing; Fax memo to BSEA; Begin going through extensive documentation received to respond to production requests; Search for e-mail where parents allegedly state ▓▓▓▓ not disabled Wallis. | 2.30 | $225 |
| 11/26/14 | DME | Reviewing documentation for production requests; Work on discovery; E-mail parents for recordings and Children's Hospital concussion clinic records; Work on motion to dismiss | 4.00 | $225 |
| 11/28/14 | DME | Review e-mail response from parents concerning Lincoln-Sudbury's request for recordings of meetings, Children's Hospital concussion clinic records, and all doctor's notes; Respond | 0.30 | $225 |
| 12/01/14 | DME | Draft Release to authorize Children's Hospital to release records and communicate; Research imPACT testing; E-mail communications with client; Research for memorandum in support of motion to dismiss; Discovery | 5.30 | $225 |
| 12/02/14 | DME | Work on motion to dismiss; Additional research; E-mail parents' response to first production request, item 2 | 4.80 | $225 |
| 12/03/14 | DME | Work on motion to dismiss; Additional research; E-mail client | 2.90 | $225 |

| | | | | |
|---|---|---|---|---|
| 12/04/14 | DME | Continue work on motion to dismiss; Additional research; E-mail client | 3.00 | $225 |
| 12/05/14 | DME | Final proof of memorandum in support of motion to dismiss/for summary decision and make edits; Revise motion and edit; Prepare Response to Parents' Motion to Dismiss; Correspondence and fax memo to BSEA | 3.00 | $225 |
| 12/08/14 | DME | Review correspondence and begin review of recording of May 12, 2013 meeting; Notes concerning location on recording of specific information | 3.90 | $225 |
| 12/09/14 | DME | Continue listening to and taking notes from flash drive with recordings of meetings from parents; Incorporate teacher's responses to interrogatories into answers | 3.50 | $225 |
| 12/10/14 | DME | Finish drafting answers to interrogatories/revise, edit; Research BSEA 504 cases; Review parents' response to Lincoln-Sudbury's response to parents' motion to dismiss | 3.30 | $225 |
| 12/11/14 | DME | Final edits to answers to interrogatories and e-mail to client | 0.60 | $225 |
| 12/12/14 | DME | Begin drafting answers/objections to second set of interrogatories; Review correspondence to hearing officer from parents responding to Lincoln-Sudbury's response to parents' motion to dismiss and Lincoln-Sudbury's motion to dismiss/for summary decision | 2.50 | $225 |
| 12/15/14 | DME | Review Dr. Ramos' comments/questions, make changes to answers and respond to comments; E-mail to Dr. Ramos; Finalize answers to second set of interrogatories; Go through documents and finalize first 19 responses to requests in first document request | 3.00 | $225 |
| 12/16/14 | DME | E-mail communications with client concerning school physician on call and response to second request for production; Review client's comments to draft answers and edit accordingly | 0.50 | $225 |
| 12/17/14 | DME | Telephone call in to Dr. Ramos; Telephone conference with Anne O'Reilly to follow up on signature page for answers to interrogatories; Locate June, 2013 doctor's note; E-mail answers to client for signature; Finalize supplemental memorandum in support of motion to dismiss; Review and analyze parents' "motion to oppose" motion to dismiss | 4.20 | $225 |
| 12/18/14 | DME | Revise and edit supplemental memorandum; Correspondence to hearing officer and effectuate filing; Continue finalizing answers to interrogatories and document request responses; E-mail parent with supplemental memorandum | 2.80 | $225 |
| 12/19/14 | DME | E-mail communications with client/reviewing communications with the █████ concerning their "open meeting law" complaint; Check AG open meeting law complaint provisions and respond to client; Finalize answers to first and second set of parents' interrogatories and response to second request for production; Correspondence to hearing officer | 6.00 | $225 |
| 12/22/14 | DME | E-mail communications with client and parent; Review parents' response to supplemental memorandum, parents motion to compel compliance with BSEA rules, motion to compel answers to second request for production and to first and second sets of interrogatories; Draft and finalize reply to response to supplemental memorandum; Draft and finalize opposition to motion to compel; Filing  correspondence to | 5.00 | $225 |

|  |  | BSEA; Begin drafting opposition to motion to compel production of documents requested in parents' second request for production |  |  |
|---|---|---|---|---|
| 12/23/14 | DME | E-mail communications with client; Work on oppositions to motions to compel and replies | 3.10 | $225 |
| 12/29/14 | DME | Opposition to motion to compel answers to first set of interrogatories; Opposition to motion to compel answers to second set of interrogatories and response to second set of documents; Filing correspondence to BSEA | 6.70 | $225 |
| 12/30/14 | DME | Review e-mail and multiple letters from parents; Continue work on reply to opposition to motion to dismiss/for summary decision; Organize discovery responses | 6.80 | $225 |
| 12/31/14 | DME | Revise responses to document requests; Check and organize copies of documents for production to finalize; Correspondence and fax memo to file response with BSEA and serve response with documents on parents | 4.00 | $225 |
| 01/02/15 | DME | Document review | 0.50 | $225 |
| 01/05/15 | DME | E-mail communications with client concerning AG open meeting law investigation | 0.10 | $225 |
| 01/06/15 | DME | Review e-mail from client and draft letter responding to ▊ Ws' open meeting law/public records request; Check specific applicable sections of open meeting law/public records law; Revise draft response letter to ▊ Ws and e-mail to client with explanation | 2.00 | $225 |
| 01/07/15 | DME | Work on reply to opposition to motion to dismiss/for summary decision | 1.60 | $225 |
| 01/08/15 | DME | Notes concerning tuition reimbursement arguments; Work on reply to opposition to motion to dismiss/for summary decision | 2.90 | $225 |
| 01/09/15 | DME | Finalize opposition to parents' motion to oppose Lincoln-Sudbury's motion to dismiss- e-mail parents | 2.10 | $225 |
| 01/12/15 | DME | Review motion to compel response to parents' first set of interrogatories; E-mail communications and telephone conference with Dr. Ramos concerning additional information needed; Begin drafting opposition to motion to compel; E-mail communications with Peter Elenbaas and Brandon Dorey | 3.40 | $225 |
| 01/13/15 | DME | E-mail communications with Dr. Ramos, Peter Elenbaas, Brandon Dorey; Prepare objection to parents' third request for production; Finalize draft of opposition to motion to compel; Telephone conference with Paul O'Brien concerning scheduling a conference call with the hearing officer | 4.00 | $225 |
| 01/14/15 | DME | E-mail communications with client concerning additional information and documents; Review additional documentation and comments to opposition to motion to compel; Revise/finalize opposition; Correspondence to BSEA and effectuate filing; Draft supplemental response to parents' first request for production; Lengthy conference call with hearing officer and parents and e-mail client (1.6); Draft witness list; Begin drafting exhibit list; E-mail communications with Virginia Blake | 4.70 | $225 |

| | | | | |
|---|---|---|---|---|
| 01/15/15 | DME | Review e-mail from Dr. Ramos concerning the reason for rejecting the IEP of a student who suffered a concussion (current school year) | 0.10 | $225 |
| 01/16/15 | DME | E-mail communications with Dr. Ramos; Review voice mail and return call; Review parents' reply to Lincoln-Sudbury's opposition to parents' motion to oppose | 0.80 | $225 |
| 01/20/15 | DME | E-mail communications with Dr. Ramos concerning parents' filing and attempt to resend | 0.20 | $225 |
| 01/21/15 | DME | Review BSEA order concerning discovery and ruling on motion to dismiss; E-mail communications with Dr. Ramos concerning discovery; Follow-up with IT and Dr. Ramos concerning document she is unable to open | 1.10 | $225 |
| 01/23/15 | DME | Review e-mail communications and documents from client | 0.50 | $225 |
| 01/27/15 | DME | Review e-mail of fax from Dr. Ramos with resumes | 0.20 | $225 |
| 01/29/15 | DME | Review e-mail from parents; E-mail client concerning same and witness list; Extensive e-mail response to client concerning parents' lengthy open meeting law e-mail and clients' response; E-mail communications with client | 1.20 | $225 |
| 01/30/15 | DME | E-mail communications with client - review client's comments to response to parents' e-mail and respond | 0.40 | $225 |
| 02/02/15 | DME | Review e-mail and attachments from parents (filing correspondence, response to production request, doctor reports); E-mail communications with Dr. Ramos, including review of SC's proposed letter to the ████ Ws and Wicked Local inquiry; Investigate school physician issue and issue concerning son at ████ private school; E-mail parents concerning discovery rules and objection re. more than 25 interrogatories; Begin Brandon Dorey direct examination; Work on ████████ cross Mrs. W. | 4.20 | $225 |
| 02/03/15 | MES | Student record and discovery issues reviewed with Attorney Ehrens | 0.30 | $235 |
| 02/03/15 | DME | Review mother's response to school committee chair's e-mail communications with client concerning alleged invasion of privacy issue; Review parents' letter to hearing officer and motion to compel compliance with BSEA's 1/14 order; Telephone conference with Dr. Ramos (22:56); Begin work on opposition to parents' motion to compel compliance and production | 6.20 | $225 |
| 02/04/15 | DME | Extensive work on supplemental discovery response; Correspondence and fax to BSEA; Research legal issue; Second letter to BSEA concerning accommodations for Dr. Ramos and requesting a conference call prior to the hearing; E-mail communications with client (& school nurses) | 5.70 | $225 |
| 02/05/15 | DME | Review and finalize supplemental production and effectuate filing and service; Telephone conference with Dr. Ramos (9:52) concerning responding to mother and her check for records; Review and respond to e-mail communication from school nurse concerning contacts with school physician | 1.70 | $225 |
| 02/06/15 | DME | Hearing preparation; Witness list and questions; Work on exhibits; E- | 4.10 | $225 |

|  |  | mail communications with client; Review parents request for postponement of hearing; E-mail client concerning same |  |  |
|---|---|---|---|---|
| 02/08/15 | DME | E-mail communications with client concerning parents' proposed hearing dates; Begin drafting response | 1.00 | $225 |
| 02/10/15 | DME | E-mail communications with Attorney Lyons concerning Jennifer O'Neill; Review parents' correspondence to hearing officer concerning subpoenas; Correspondence to BSEA concerning same; E-mail communications with parents concerning same and documents sent out/investigate their unreliability claims; Opposition to request for postponement and filing correspondence witness | 6.40 | $225 |
| 02/11/15 | DME | Review e-mail and correspondence from parents, forward to client, and respond with a request for a conference call; E-mail communications with client; Work on choosing exhibits for hearing and exhibit list; E-mail communications with Dr. Ramos and Anne O'Reilly | 3.60 | $225 |
| 02/12/15 | DME | Continue work on choosing exhibits for hearing and exhibit list; Telephone conference with Paul O'Brien concerning scheduling conference call; Work on cross examination questions - ███ Wallis ███; E-mail communications with client concerning various issues, documents, U.S. History scores; Supplement exhibit and witness lists; Superintendent's possible testimony | 5.50 | $225 |
| 02/13/15 | DME | Review voice message from BSEA concerning scheduling conference call and calendar same; E-mail communications with client; E-mail parents with school physician information; Review e-mail communications and organize and redact for production; Second supplemental response to parents' first request for production; correspondence to BSEA concerning same; E-mail supplemental response to parents; Work on Dr. Ramos direct exam; Witness preparation notes | 5.20 | $225 |
| 02/16/15 | DME | Prepare exhibit books (Professional Courtesy Discount 7.0 hours) | ~~7.00~~ | $225 |
| 02/17/15 | DME | Finalize Exhibit Book; Correspondence to hearing officer; Lengthy conference call with hearing officer and parents (2:34:18) e-mail communications with client concerning conference call; Review request for production to parents and e-mail parents with the requests to which they must respond; Prepare list of exhibits to propose as joint exhibits per hearing officer's instructions and e-mail parents concerning same (Professional Courtesy Discount 2.0 hours) | ~~4.60~~ | $225 -2.0 Professional Courtesy Discount |
| 02/18/15 | DME | Telephone conference with client concerning hearing dates; Correspondence to hearing officer and correspondence to parents concerning dates; E-mail communications with client, including forwarding letters for approval; E-mail communications with Brandon Dorey concerning Lawrence Academy math; Research Lawrence Academy, Frank Mastrangelo, athletic trainer and alleged concussion expert; Telephone conference with Mr. Mastrangelo concerning his testifying (he did not know anything about it) and inquiring about his credentials | 5.70 | $225 |
| 02/19/15 | DME | E-mail communications with client concerning letters to hearing officer and parents - approved to send; Call in to Frank Mastrangelo, athletic |  5.50 | $225 |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | trainer and alleged concussion expert and follow-up e-mail to him concerning his credentials/qualifications; Lengthy telephone conference with Brandon Dorey and follow-up to locate and print Lawrence Academy mathematics and history course lists for exhibit book; E-mail communications with hearing officer and parents concerning possible hearing dates; E-mail communications with client concerning same and witness preparation |  |  |
| 02/20/15 | DME | Review e-mail to hearing officer from parents; Research Landmark website for profile of Kimberly Hildebrandt; E-mail Kimberly Hildebrandt; Print/prepare Kim Hildebrandt outreach page for cross; Research Landmark math classes and print/prepare exhibit for cross; Prepare Hildebrandt cross; Supplement Dorey direct; Begin Gilman direct; E-mail client concerning Gilman iPass progress report or grade book; Review e-mail from hearing officer and mother | 6.70 | $225 |
| 02/23/15 | DME | E-mail communications with client concerning hearing dates and school committee documents sent to parents, but returned by FedEx; Review e-mail from Landmark math tutor and her CV; E-mail communications with Brandon Dorey concerning same; Research math curriculum at Landmark for purposes of tutor's experience; Continue drafting and supplementing witness questions based upon research and communications | 4.10 | $225 |
| 02/24/15 | DME | E-mail communications with client concerning hearing dates, math tutor; E-mail math tutor with questions; E-mail Brandon Dorey; Telephone conference with Varsity Tutors and going rate in area for tutors; Review BSEA order and forward to client; Witness questions (Kim Schultz - supplement prior drafts re. Brandon Dorey, Joshua Gilman) | 3.10 | $225 |
| 02/25/15 | DME | ~~Review e-mail from parent concerning Open Meeting Law document request; E-mail communications with client concerning same;~~ Work on examination questions (Schultz, Belmont, Stoda)   Ws | ~~3.70~~  -1.0 | $225 |
| 02/26/15 | KEY | Conference with Attorney Ehrens concerning the ▮▮ and parents' credentials. | 0.60 | $225 |
| 02/26/15 | DME | Review correspondence from parents (dated 2/25/15) concerning request for subpoenas, subpoenaing school committee chair and superintendent and draft response; Draft, edit, and finalize responsive correspondence; E-mail communications with client; Conference with Ms. Ciampoli concerning the ▮▮ and research parents; E-mail communications with Lynn Carlson concerning ▮▮; Locate 98-page decision and review same; More hearing preparation | 6.60 | $225 |
| 02/27/15 | DME | Review e-mail communications and head injury policy forms and documents from Anne Kramer, Timothy Jason, and Joshua Gilman from client; call in to client; E-mail client concerning submission of concussion protocol; E-mail client and ▮▮ Ws | 0.40 | $225 |
| 03/02/15 | MES | Consultation with Attorney Ehrens regarding procedural issues at the BSEA (scheduling over parents' objection) | 0.20 | $235 |
| 03/02/15 | DME | Review documents from client responsive to hearing officer's order; E-mail English/U.S. History documents from teachers to parents with new head injury protocol documents | 1.00 | $225 |

| | | | | |
|---|---|---|---|---|
| 03/03/15 | DME | Correspondence and fax memo to hearing officer and parents concerning availability for hearing; Correspondence and fax memo to hearing officer for 3/4/15 concerning parents' failure to comply with order to supplement their response to Lincoln-Sudbury's document request and to provide their availability for hearing | 1.90 | $225 |
| 03/04/15 | DME | Review parents' 17-page letter; Telephone conference with Dr. Ramos; Correspondence to BSEA objecting to any further postponement; Review BSEA ruling on Lincoln-Sudbury's objections to subpoenaing Bella Wong and Rhada Gargeya and parents' document request #8 and forward to client with comments; Review e-mail from parents in response to my letter objecting to further postponement; Review e-mail from hearing officer referencing clarification order; Review clarification order; E-mail client | 5.70 | $225 |
| 03/05/15 | DME | E-mail communications with client; Review parents' complaint about breach of confidentiality and e-mail to client concerning School Committee letter; Review communications related to open meeting law/public records requests in light of hearing officer's ¼ clarification order and correspondence to Dr. Ramos concerning same | 3.20 | $225 |
| 03/06/15 | DME | E-mail communications with client; Correspondence and fax memo to BSEA concerning availability for April hearing dates; Serve parents; Update pleadings binder | 0.70 | $225 |
| 03/09/15 | DME | Review e-mail from mother concerning her intent to respond and forward to Dr. Ramos with comments | 0.20 | $225 |
| 03/10/15 | DME | E-mail communications with client concerning status | 0.20 | $225 |
| 03/11/15 | DME | Checking for order scheduling hearing; E-mail Ms. Sowyrda to contact director about filings from parents; Review e-mail from BSEA concerning e-mail communications with client concerning hearing dates and proposals; Supplement examination questions for B. Dorey; E-mail B. Dorey concerning same; Check for communications from BSEA; Investigate existence of order; Telephone conference with Reece Erlichman concerning status, order, and parents' filing; Prepare response and further objection to continued postponement; E-mail Dr. Ramos; Have filing scanned and e-mail to client | 4.60 -0.1 Dup. | $225 |
| 03/11/15 | MES | Obtained parents' filing at the BSEA; provided to Attorney Ehrens; consultation with Attorney Ehrens | 0.40 | $235 |
| 03/12/15 | DME | Prepare response to parents' March 11 filing; Effectuate filing and service | 4.60 | $225 |
| 03/13/15 | DME | Review BSEA order scheduling hearing, discovery, and reference to clarification order; Telephone conference and e-mail communications with Dr. Ramos concerning hearing not postponed and scheduling witness prep; Work on witness questions - Supplement C. Belmont and M. Stoda questions, Shultz direct, Gilman direct | 4.90 | $225 |
| 03/13/15 | MES | Review of recent BSEA rulings with Attorney Ehrens | 0.20 | $235 |
| 03/16/15 | DME | E-mail communications with client concerning status | 0.20 | $225 |
| 03/18/15 | DME | Telephone conference with Dr. Ramos concerning correspondence from | 1.60 | $225 |

| | | public records division; Review correspondence from public records division and earlier communications with ▮▮▮▮▮▮ Mrs. W.. concerning public records requests; Draft response; E-mail Dr. Ramos | | |
|---|---|---|---|---|
| 03/19/15 | DME | ~~E-mail client and mail correspondence to Supervisor of Records;~~ Follow-up on any filing from parents and email client with status; Review documents for additional exhibits/chalks | 3.00 -0.5 | $225 |
| 03/24/15 | DME | Review messages from Paul O'Brien at BSEA; Telephone conference with Paul O'Brien concerning availability for conference call today; E-mail client; Telephone conference with Reece Erlichman inquiring about whether parents filed anything new; Review parents' most recent filings and review lengthy filings (for postponement and recusal) faxed and e-mailed from BSEA; Call in to client | 4.60 | $225 |
| 03/25/15 | MES | BSEA recusal standard reviewed with Attorney Ehrens | 0.20 | $235 |
| 03/25/15 | DME | Further review of parents' motion for recusal and postponement request and e-mail to client with comments; Prepare opposition to most recent postponement request, correspondence to BSEA and fax and serve by e-mail; Research legal standard for recusal; Prepare opposition to motion for recusal; Correspondence to BSEA and fax and serve by e-mail | 6.90 | $225 |
| 03/26/15 | DME | Review subpoenas issued by the BSEA for Nancy O'Neil, Rhonda Taft-Farrell, and Scott Carpenter; Call from Dr. Ramos and return call; E-mail Dr. Ramos concerning contacting Brandon Dorey for hearing prep; Telephone conference with Dr. Ramos in follow-up on request for postponement and motion for recusal; Supplement witness list; Additional hearing prep and work on exhibit list and documents; E-mail communications with Attorney C. Lyons concerning witness Nancy O'Neil | 2.20 | $225 |
| 03/27/15 | DME | E-mail client concerning updated status and any rulings on parents' motions and concerning contact with Scott Carpenter; E-mail Brandon Dorey concerning discussing examination questions; Lengthy telephone conference with Brandon Dorey concerning examination questions (2.0); Conference with IT concerning printing new exhibit from webpage; E-mail communications with client concerning additional cvs for exhibit book; Witness questions | 4.80 | $225 |
| 03/30/15 | DME | Review correspondence from BSEA and 3-25-2015 Order concerning request for postponement and other related matters; E-mail client concerning same; Telephone conference with client; Check, supplement, and finalize all exhibit books and witness list and effectuate filing and service; Hearing prep; Review parents' correspondence in response to hearing officer's 3-20-2015 order | 4.20 | $225 |
| 03/31/15 | DME | Effectuate delivery of exhibit book and witness list to BSEA and parents; Forward correspondence from parents to client; Telephone conference with client concerning status and issue concerning Scott Carpenter; Review e-mail from Nancy O'Neil and respond; Further e-mail communication with N. O'Neil; E-mail communications with client; Review parents' witness list, forward to client with comments, investigate unknown witnesses; Conference with Ms. Sowyrda concerning status; Review message from Attorney | 2.80 | $225 |

| Date | Atty | Description | Hours | Rate |
|---|---|---|---|---|
| 03/31/15 | MES | Consultation with Attorney Ehrens regarding litigation matters and parents' ongoing complaints | 0.30 | $235 |
| 04/01/15 | DME | Call in to Attorney Terry concerning ▮ Open Meeting Law requests and leave message; E-mail communications with client concerning insurance claim for Sept. 30, 2012, injury; Update pleadings and witness folders; Review e-mail from SPED office concerning question about use of school's insurance for dental/doctor visits; Hearing preparation | 4.50 -0.1 | $225 |
| 04/02/15 | MES | Consultation with Attorney Ehrens regarding subpoenas and presentation of witnesses for BSEA hearing | 0.20 | $235 |
| 04/02/15 | DME | Hearing prep including e-mail communications with client; E-mail communications with school nurses; Telephone conference with Dr. Ramos; Draft letter to hearing officer, revise, and fax; E-mail communications and telephone conference with attorney for Monomoy (Roseann DiPietro) and review Dr. Ramos' e-mail communications with Scott Carpenter | 3.10 | $225 |
| 04/03/15 | DME | Continue hearing preparation, including editing B. Dorey direct/cross exam questions, preparing table of progress reports for use in examination, drafting Nancy O'Neill cross and Kramer direct; Review BSEA's Notice of (administrative) Reassignment and e-mail to client; Telephone conference with client; Review Monomoy's counsel's motion to quash subpoena of Scott Carpenter and e-mail to client | 5.50 | $225 |
| 04/03/15 | MES | Consultation with Attorney Ehrens regarding reassignment of hearing officers and strategy | 0.20 | $235 |
| 04/06/15 | DME | To and from Lincoln-Sudbury Regional High School for witness preparation; Hearing preparation | 14.00 -2.0 Travel @ $175 per hour | $225 |
| 04/07/15 | MES | Consultation with Attorney Ehrens regarding BSEA proceedings | 0.20 | $235 |
| 04/07/15 | DME | To and from BSEA in Boston for hearing; Review parents' lengthy last-minute motion for postponement of the hearing as well as her response to the BSEA's 4/3 order denying parents' last request for postponement except for on 4/9; Conferences with client, witness, BSEA administrator, court reporter concerning case status; Open hearing and go on the record to address the postponement, oppose it and move to dismiss the case, address Scott Carpenter's motion to quash and future subpoenas, dates, location of hearing, address and admit exhibits | 6.50 -1.5 Travel @ $175 per hour | $225 |
| 04/08/15 | DME | Review Dr. Ramos' e-mail to administration and staff summarizing events of 4-7-2015 hearing and respond with comments; Review e-mail from staff/proposed witnesses | 0.40 | $225 |
| 04/13/15 | DME | Review and respond to e-mail communication from Superintendent; ~~E-mail communications with Attorney Terry~~ | ~~0.20~~ -0.1 | $225 |
| 04/15/15 | DME | Review order quashing subpoena to Scott Carpenter and forward to client and Attorney Long | 0.10 | $225 |
| 04/20/15 | DME | Review hearing officer's Ruling on Parents' Motion for Postponement and Lincoln-Sudbury's Motion and e-mail to client with comments | 0.50 | $225 |
| 04/27/15 | DME | E-mail communications with client concerning order on parents' motion | 0.10 | $225 |

| | | for postponement and district's motion to dismiss | | |
|---|---|---|---|---|
| 05/14/15 | DME | ~~Re. Complaint against nurses - Review message from investigator Ellen Sandler; Lengthy telephone conference with investigator; Lengthy telephone conference with Jan Cavallo; Review concussion regulations and L-S policies; Memo re. notes of conversation and concussion policy and administration information~~ | ~~3.00~~ | $225 |
| 05/18/15 | DME | ~~Lengthy telephone conference with nurses; Supplement file notes; Lengthy telephone conference with Ellen Sandler (licensing)~~ | ~~1.40~~ | $225 |
| 06/25/15 | DME | Review article concerning ▮▮▮ Wallis and college attending in the fall and file in DMS | 0.10 | $225 |
| 10/24/15 | DME | Review letter to hearing officer from parent and forward to client | 0.20 | $225 |
| 10/28/15 | MES | Consultation with Attorney Ehrens regarding case status; pending litigation | 0.20 | $240 |
| 10/28/15 | DME | Review voicemail message from client and return call to Dr. Ramos; E-mail Dr. Ramos | 0.20 | $225 |
| 10/29/15 | DME | Telephone conference with Dr. Ramos; Brief review of ▮▮ state court complaint; Review November 9, 2014, and January 14, 2015, orders and ruling and e-mail Dr. Ramos concerning issues to be addressed in BSEA proceeding and failure to exhaust administrative remedies | 0.50 | $225 |
| 11/02/15 | DME | Review letter from parent to hearing officer requesting subpoenas sent by e-mail; Forward to client; Make reservations to stay in Sudbury during hearing | 0.80 | $225 |
| 11/03/15 | DME | E-mail communications with client concerning scheduling hearing prep for Monday 11/16; Review letter from ▮▮▮ Mrs. W concerning her request for subpoenas; Telephone conference with Dr. Ramos concerning same and ▮▮▮ Mrs. W's letter request for subpoenas | 0.70 | $225 |
| 11/03/15 | MES | Consultation with Attorney Ehrens regarding ongoing litigation and parents' request for subpoenas | 0.20 | $240 |
| 11/04/15 | DME | Briefly review lengthy letter from parent and e-mail to Dr. Ramos; review 11/2 letter from hearing officer concerning oral motion made at first day of hearing in April and forward to client | 0.40 | $225 |
| 11/06/15 | DME | Review fax from BSEA concerning sending out subpoenas to parents' witness list; Forward BSEA letter concerning same to client; e-mail Attorney M. Long concerning BSEA's subpoena to Scott Carpenter; E-mail communications with Attorney C. Lyons concerning contacting Nancy O'Neil about new subpoena for upcoming hearing; E-mail Nancy O'Neil; Draft letter to hearing officer concerning Bella Wong's unavailability; Prepare memo re. preliminary issues to address before hearing begins | 1.10 | $225 |
| 11/07/15 | DME | Review e-mail from witness, Nancy O'Neil and respond | 0.10 | $225 |
| 11/08/15 | DME | Review e-mail from Dr. Ramos concerning Bella Wong's unavailability/in Europe with students and respond | 0.10 | $225 |
| 11/09/15 | DME | Review voice mail from Dr. Ramos; Review BSEA notice of hearing; | 5.80 | $225 |

| | | | | |
|---|---|---|---|---|
| | Mrs. W | finalize letter to hearing officer concerning subpoenas to witnesses, including superintendent and school committee vice chair and moving to quash those subpoenas; Fax memo to hearing officer filing same; E-mail communications with Nancy O'Neil concerning her receipt of the subpoena and her mother's grave illness and her summary of her limited involvement in the matter; Begin drafting motion to quash subpoena to Nancy O'Neil; Draft motion to BSEA concerning stenographer; Review ▓▓▓▓▓▓▓▓▓ letter (with exhibits) to Reece Erlichman requesting meeting and need for yet another hearing officer and forward to client | | |
| 11/10/15 | MES | Consultation with the special education office regarding recusal motion from parent | 0.20 | $240 |
| 11/10/15 | DME | Review e-mail from Nancy O'Neil; Voice mail from Dr. Ramos and return call; finish drafting and finalize motion to quash subpoena to Nancy O'Neil; Filing correspondence; Serve parents via e-mail; Review parents' e-mail with copy of letter to hearing officer complaining of hearing officer mistakes and requesting additional subpoenas | 1.20 | $225 |
| 11/10/15 | BRL | Conference with Attorney Doris Ehrens | 0.80 | $225 |
| | | Mrs. W | | |
| 11/11/15 | DME | E-mail communications with ▓▓▓▓▓▓ concerning yesterday's filing and inquiring about number of documents served; Review article reporting that the AG's office determined that the alleged open meeting law violations in the ▓▓▓ complaint were inadvertent; E-mail communications with Attorney Lyons concerning status of motion to quash Nancy O'Neil's subpoena; Telephone conference with Dr. Ramos concerning handling court litigation; E-mail Attorney Fine concerning defenses; Hearing preparation - organizational | 2.70 | $225 |
| 11/11/15 | MES | Consultation with Attorney Ehrens regarding parents' attempts to subpoena individuals to hearing | 0.20 | $240 |
| 11/12/15 | DME | E-mail communications with client confirming prep time on 11/16 and forwarding another copy of the request to quash the subpoenas to Bella Wong and School Committee person; Call to BSEA to inquire about any ruling on the motion; review BSEA order quashing subpoena to Nancy O'Neil with caveat that she could be called at another time; E-mail communications with Ms. O'Neil and Attorney Lyons concerning same; Preparing files for hearing | 3.10 | $225 |
| 11/13/15 | DME | Review e-mail from Nancy O'Neil; e-mail communications with Dr. Ramos concerning status (of subpoenas/motion to recuse hearing officer, etc.); Review e-mail from court reporter and transcript of the April 7, 2015, first day of hearing; Call to BSEA to inquire about subpoena to Bella Wong and School Committee person and spoke with Lydia concerning same and that order has been issued quashing those subpoenas; Review correspondence from Reece Erlichman in response to parents' request for a meeting and to recuse the hearing officer; Lengthy e-mail to Attorney John Davis forwarding him copies of the hearing request; November 9, 2014, order and ruling on Lincoln-Sudbury's Motion to Dismiss; Review order quashing subpoenas to Bella Wong and R. Gargeya and e-mail to Dr. Ramos; Hearing preparation, choose documents to bring, and pack up for hearing | 6.80 | $225 |
| 11/16/15 | DME | To Lincoln-Sudbury High School for witness prep ;Continue hearing | 7.50 | $225 -1.0 Travel @ $175 per hour |

|          |      |                                                                                                                                                                                                                                                                                                                              |                                                                                         |
|----------|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------|
|          |      | prep and review e-mail communications from office and from Attorney Roseann DiPietro concerning filings and review correspondence from BSEA to parents concerning additional subpoenas to Lincoln-Sudbury staff; Review motion and memorandum from Attorney DiPietro representing Monomoy Regional School District and Scott Carpenter concerning subpoena to Scott Carpenter and BSEA Ruling granting motion |                                                                                         |
| 11/17/15 | DME  | To and from Lincoln-Sudbury High School for hearing; Review ruling on motion to recuse hearing officer; Review excerpt from hearing transcript; E-mail client with questions and ruling; Continue hearing preparation                                                                                                           | 10.00    $225<br>-0.8 Travel to/from hotel to LSRHS<br>@ $175 per hour                  |
| 11/18/15 | DME  | To and from Lincoln-Sudbury High School for hearing; Review ruling on motion to recuse hearing officer; Review excerpt from hearing transcript; E-mail client with questions and ruling; Continue hearing preparation                                                                                                           | 10.60    $225<br>-0.8 Travel @ $175 per hour                                            |
| 11/19/15 | DME  | To Lincoln-Sudbury High School for hearing preparation and hearing                                                                                                                                                                                                                                                            | 8.00    $225<br>-0.8 Travel @ $175 per hour                                             |
| 11/20/15 | DME  | Return travel from Sudbury to Quincy; E-mail communications with attorney for Monomoy and Scott Carpenter concerning January dates; E-mail Attorney C. Lyons concerning Nancy O'Neill and new hearing dates                                                                                                                     | 2.60    $225<br>-1.0 Travel @ $175 per hour                                             |
| 11/25/15 | DME  | Review voice message from Attorney John Davis, return call, and leave message                                                                                                                                                                                                                                                 | 0.10    $225                                                                            |
| 12/02/15 | DME  | Lengthy telephone conference with Attorney John Davis concerning case and BSEA hearing; Review motion to dismiss and memorandum in support thereof                                                                                                                                                                             | 1.10    $225                                                                            |
| 12/03/15 | DME  | E-mail communications with witness, N. O'Neil; ~~E-mail communications with Ms. Sowyrda concerning Worcester attorney who prepared answer to superior court complaint to be handled by insurance defense counsel~~ | 0.20    $225<br>-0.1                                     |
| 12/07/15 | DME  | Review BSEA order concerning continued hearing dates and times and letters to Scott Carpenter and Rhonda Taft-Farrell concerning their testimony by phone                                                                                                                                                                       | 0.20    $225                                                                            |
| 12/10/15 | MES  | Review of ongoing issues for BSEA hearing with Attorney Ehrens                                                                                                                                                                                                                                                                | 0.10    $240                                                                            |
| 12/18/15 | DME  | Review and download e-mail with transcripts of hearing from court reporter                                                                                                                                                                                                                                                    | 0.10    $225                                                                            |
| 12/21/15 | DME  | E-mail communications with Nancy O'Neill concerning her testifying on January 6                                                                                                                                                                                                                                               | 0.20    $225                                                                            |
| 12/22/15 | DME  | Review correspondence from hearing officer concerning witness Scott Carpenter; Correspondence to hearing officer concerning witness Nancy O'Neil; E-mail letter to parents and client                                                                                                                                           | 0.50    $225                                                                            |
| 12/31/15 | DME  | Conference with assistant concerning request by counsel for LS in the court action for information confirming dates, times, and location of remaining days of the BSEA hearing                                                                                                                                                  | 0.20    $225                                                                            |
| 01/03/16 | DME  | Begin review prior to restarting hearing                                                                                                                                                                                                                                                                                      | 1.50    $225                                                                            |
| 01/04/16 | DME  | Review and respond to e-mail from Dr. Ramos; Searching for document                                                                                                                                                                                                                                                           | 1.80    $225                                                                            |

|  |  | Mrs. W |  |
|---|---|---|---|
|  |  | from ███████ concerning submitting medical clearance form; E-mail communications with Peter Elenbaas; Nurses |  |
| 01/05/16 | DME | Review e-mail from Dr. Ramos concerning her hospitalization; Draft letter to hearing officer to notify her and parents of the issue and possible need for a postponement; E-mail communications with hearing officer, Reece Erlichman, witness Nancy O'Neil, and Dr. Ramos; Review parents' opposition to any postponement; Telephone calls with Lydia at BSEA concerning scheduling a conference call to address issues; Conference call with hearing officer and parents concerning scheduling; Telephone conferences with Dr. Ramos; Travel to Sudbury for hearing tomorrow | 3.20   $225 <mark>-1.0 Travel</mark> @ $175 per hour |
| 01/06/16 | DME | To Lincoln Sudbury Regional High School for hearing; reading transcript; E-mail communications with Dr. Ramos; E-mail communications and telephone conference with Attorney Christine Dowling from Pierce, Davis & Politano; Cross-examination preparation | 7.50   $225 <mark>-0.8 Travel</mark> @ $175 per hour |
| 01/07/16 | DME | To Lincoln Sudbury Regional High School for hearing; E-mail communications with Attorney Dowling (with Pierce, Davis, & Politano) concerning hearing status; E-mail communications with client concerning status and further proceedings, with witness Nancy O'Neil; Continue reviewing transcript in preparation for closing arguments | 7.60   $225 <mark>-0.8 Travel</mark> @ $175 per hour |
| 01/08/16 | DME | Return to office from Sudbury; E-mail Dr. Ramos; Lengthy telephone conference with Dr. Ramos concerning hearing; E-mail existing transcripts to Dr. Ramos; Work on beginning to draft closing argument | 6.90   $225 <mark>-1.0 Travel</mark> @ $175 per hour |
| 01/11/16 | DME | Review BSEA Order re. postponement | 0.10   $225 |
| 01/12/16 | DME | Reading transcript | 0.60   $225 |
| 01/20/16 | DME | Draft correspondence to BSEA; Draft status report pending consultation with client | 0.50   $225 |
| 01/21/16 | DME | Call in to Dr. Ramos and leave message; Review e-mail response from Dr. Ramos; Telephone conference with Dr. Ramos concerning hearing and calling additional witnesses and resting school's case; Additional transcript review | 2.40   $225 |
| 01/22/16 | DME | E-mail communications with parents attaching correspondence to BSEA and status report; Transcript references and work on closing argument | 3.20   $225 |
| 01/25/16 | DME | Continue transcript review for closing argument | 1.90   $225 |
| 01/25/16 | DME | Review and respond to e-mail from Dr. Ramos concerning conference call on 1/22 and update | 0.20   $225 |
| 01/26/16 | DME | Work on closing argument | 6.10   $225 |
| 01/27/16 | DME | Work on closing argument | 6.70   $225 |
| 01/28/16 | DME | Review BSEA Order denying parents' motion to reopen to include in the record documents marked for identification and stating closing arguments due on 2/20; Check calendar for due date of closing arguments scheduled during conference call; E-mail assistant to call BSEA to see if the 2/20 date is a typo; E-mail from assistant concerning call to clerk | 0.20   $225 |

| Date | | Description | Hours | Rate |
|------|------|------|------|------|
| | | Mrs. W | | |
| 01/29/16 | DME | Review e-mail from [redacted] and e-mail from assistant with BSEA Order correcting prior order scheduling closing argument due date for 2/29 | 0.20 | $225 |
| 02/04/16 | DME | Research; Work on closing | 2.30 | $225 |
| 02/05/16 | DME | Work on closing argument | 5.80 | $225 |
| 02/08/16 | DME | Cuts and revisions to draft closing | 3.60 | $225 |
| 02/10/16 | DME | Print draft closing for review and assessment; Begin review for needed cites to record | 1.00 | $225 |
| 02/11/16 | DME | Additional research and memo re. tuition reimbursement; rewriting arguments | 4.20 | $225 |
| 02/12/16 | DME | Revisions to closing | 2.40 | $225 |
| 02/15/16 | DME | Work on annotating closing with record cites | 3.50 | $225 |
| 02/18/16 | DME | Continue proofreading, revising draft ~~closimg~~ closing; search for transcript ~~eies~~ cites | 5.00 | $225 |
| 02/19/16 | DME | Revising; additional resarch and record citations | 2.20 | $225 |
| 02/22/16 | DME | Work on supplementing draft closing argument; Email communications with Attorney Dowling (at Pierce, Davis) concerning hearing status and case | 4.30 | $225 |
| 02/23/16 | DME | Continue work on closing - revisions | 3.30 | $225 |
| 02/26/16 | DME | Complete most recent revisions, add additional citations from record and to authorities | 4.10 | $225 |
| 02/29/16 | DME | Final revisions; final proofread and edit; filing correspondence to the BSEA; effectuate filing and serve parents; review e-mail from parents with filing correspondence and lengthy parents' closing argument; e-mail to client; initial read-through of parents' closing argument | 7.00 | $225 |
| | | Mrs. W | | |
| 03/01/16 | DME | Brief conference with [redacted] and sign to acknowledge receipt of exhibits; review exhibits; e-mail communications and telephone conference with client; evaluate for motions to strike and begin drafting motion re exhibits | 4.70 | $225 |
| 03/02/16 | DME | Analyse exhibits and work on draft motion to strike exhibits and evaluate for objections to closing argument | 3.20 | $225 |
| 03/03/16 | DME | List parents' exhibits, organize and determine if we have seen the documents; Finish drafting Motion to Strike exhibits; Begin assessing objection/motion to strike portions of parents' closing argument | 3.30 | $225 |
| 03/04/16 | DME | Revise and edit Motion to Strike and Exclude Exhibits from Administrative Record; Filing correspondence and fax memo to BSEA; E-mail to parents and client; Review parents' e-mail to counsel, hearing officer, and BSEA director Erlichman; Review parents' closing to assess objection to closing and motion to strike references to facts not in evidence | 3.50 | $225 |
| 03/07/16 | DME | Review e-mail from parents; Finalize Lincoln-Sudbury's objection to parents' closing argument and motion to strike references to purported | 0.90 | $225 |

facts not in evidence; E-mail communications with client and e-mail motion to strike exhibits

| | | | | |
|---|---|---|---|---|
| 03/09/16 | DME | Review parents' opposition to motion to strike exhibits and exclude them from the record; E-mail to client | 0.40 | $225 |
| 03/21/16 | DME | Review BSEA Order allowing motion to strike exhibits and concerning assertions of fact which are not based in the record; e-mail client concerning same | 0.30 | $225 |
| 04/04/16 | DME | Review voicemail message from Dr. Ramos concerning decision ███ ███ Telephone conference with Dr. Ramos; Read decision; conference with Ms. Sowyrda concerning same; Review e-mail from Nancy O'Neil; E-mail communications with staff concerning prevailing at hearing; E-mail Dr. Ramos concerning filing complaint for attorneys' fees | 3.20 | $225 |
| 04/04/16 | MES | Consultation with Attorney Ehrens regarding complaint for fees and related issues | 0.30 | $240 |
| 04/05/16 | DME | E-mail communications with client concerning filing complaint for attorneys' fees; E-mail communications with Catherine Dowling concerning decision and forwarding copy | 0.50 | $225 |
| 04/06/16 | DME | E-mail communications with client concerning pursuing fees; Review e-mail from Dr. Ramos to L-S staff concerning time spent during BSEA process and preparing for hearing; Review e-mail from Superintendent Wong; Initial prep for attorneys' fees case | 2.40 | $225 |
| 04/07/16 | DME | Work on drafting complaint | 1.20 | $225 |
| 04/08/16 | DME | Detailed review of prior and current billings to remove time related to complaints against nurses and athletic trainer, as well as time related to student record, open meeting law or other issues | 1.10 | $225 |
| 04/12/16 | DME | Research BSEA decisions against parents for comments related to motives and purpose | 1.50 | $225 |
| 04/14/16 | DME | Finalize complaint for attorneys' fees and exhibit A; Prepare civil action cover sheet, motion to file under seal, memorandum in support of motion to file under seal, and correspondence to USDC concerning filing; Conference with paralegal concerning hand-filing all documents; e-mail client concerning same; E-mail paralegal concerning status and summons; Research standard for fees and decisions and search for BSEA decisions and comments by hearing officers about parents | 4.20 | $225 |
| 04/14/16 | PMR | Telephone call to Clerk's Office, United States District Court of Massachusetts regarding filing matters; hand filing of Complaint and related documents with the United States District Court of Massachusetts; emails to/from and conferences with Attorney Ehrens regarding same | 2.30 | $110 |
| 04/15/16 | DME | Telephone conference with federal court concerning entire record sealed ███ sealed motion filed was not seal, but use pseudonyms; Review e-notice; E-mail communications with paralegal concerning summonses; Draft motion for summary judgment; prepare waiver of service of summons for ████████████ Ws, Research; Review "Capistrano" case; Begin | 5.90 | $225 |

| | | | | |
|---|---|---|---|---|
| | | drafting memorandum in support of motion for summary judgment; Telephone call to Reece Erlichman, BSEA director concerning BSEA decisions for school districts | | |
| 04/15/16 | PMR | Scan filed Complaint and related documents into DMS; finalize, photocopy, scan and mail Waivers of Service to Defendants; telephone calls to/from and conferences with Attorney Ehrens regarding same; hand delivery to Quincy Post Office for mailing | 1.40 | $110 |
| 04/18/16 | DME | Review voicemail from Reece Erlichman and calendar follow-up for next week | 0.10 | $225 |
| 04/19/16 | DME | Research attorneys' fees awards and standards applied; Research IDEA and attorneys' fees awards against parents; E-mail communications with Ms. Vasudevan concerning attorneys' fees award approach ▮▮▮▮ ▮▮▮▮▮ First Circuit; Work on drafting legal argument for summary judgment motion | 5.90 | $225 |
| 04/20/16 | DME | Continue researching attorneys' fees awards against parents and drafting memorandum in support of motion for summary decision | 3.10 | $225 |
| 04/21/16 | DME | Conference with Ms. Vasudevan concerning cases involving attorneys' fees for school districts; E-mail communications with Ms. Vasudevan concerning same and case law and re. expanding to nationwide search; Research "improper motive"; Continue work on memorandum of law in support of motion for summary judgment on attorneys' fees; Record review in search of filings most indicative of extent of parents' filings necessitating extensive responses; E-mail Ms. Vasudevan for research on issue of extent of deference to hearing officer's factual findings; Review case law from Ms. Vasudevan concerning weight of hearing officer's factual findings | 4.00 | $225 |
| 04/21/16 | FSC | Researched ▮▮▮▮▮ decisions on IDEA fee claims; Researched frivolous and improper motive IDEA fee claims in First Circuit; Researched First Circuit cases on how to calculate attorney's fees in context of IDEA claim; Researched deference to hearing officer; Researched cases where attorney's fees have been awarded to school district against parent | 6.10 | $225 |
| 04/22/16 | DME | Drafting affidavit in support of motion for summary judgment; Check for LinkedIn information about parents; Finish first draft of memorandum in support of motion for summary judgment | 3.60 | $225 |
| 04/25/16 | DME | Begin drafting Concise Statement of Facts | 2.90 | $225 |
| 04/26/16 | DME | Work on drafting Concise Statement of Material Facts | 3.20 | $225 |
| 04/27/16 | DME | Review redacted hearing request and highlight additional redactions required | 0.30 | $225 |
| 04/28/16 | DME | Check online docket in federal court for status of damages case; E-mail communications with insurance defense counsel concerning status of parents' case, opposition to motion to dismiss; Review opposition in connection with proof of improper purpose; Calendar argument on motion to dismiss | 2.90 | $225 |
| 05/11/16 | DME | Review e-mail from insurance defense counsel concerning hearing on | 0.60 | $225 |

United States District Court of Massachusetts

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | dispositive motion postponed and e-mail counsel copies of the hearing transcript (six volumes); Follow-up with P. Rivera concerning lack of returned waivers of service and in hand service |  |  |
| 05/13/16 | PMR | Receipt and review of Defendants' Waiver of the Service of Summons; conference with Attorney Ehrens regarding filing matters | 0.20 | $110 |
| 05/13/16 | DME | Review e-mail from ▮▮▮ concerning service of process waivers and waivers from both ▮▮▮; E-mail communications with client; ▮▮▮ [this involved a different case] | 0.20 | $225 |
| 05/15/16 | DME | E-mail communications with client | 0.10 | $225 |
| 05/16/16 | PMR | Draft, photocopy, scan and mail correspondence to United States District Court of Massachusetts enclosing Defendants' Waiver of the Service of Summons; mail courtesy copies Dr. Aida Ramos and Mr. and Mrs. W.; emails, telephone calls to/from and conference with Attorney Ehrens regarding same | 0.80 | $110 |
| 05/16/16 | DME | E-mail communications with paralegal concerning filing returns of service; Review and edit filing correspondence; ▮▮▮ [this involved a different case] | 0.70 -0.3 | $225 |
| 06/16/16 | DME | Review answer to complaint and exhibit and forward to client | 0.50 | $225 |
| 06/30/16 | DME | Review Amended Answer and Counterclaim appealing from BSEA decision; Research counterclaim issues concerning including Wallis and naming the BSEA; E-mail client concerning same | 2.80 | $225 |
| 07/05/16 | DME | E-mail communications with client concerning argument in state court case and letter about serving debtor, exhibit A to cover sheet with addresses | 0.20 | $225 |
| 07/06/16 | DME | E-mail communications with Dr. Ramos concerning amended answer and counterclaim | 0.20 | $225 |
| 07/07/16 | DME | Finish drafting answer to counterclaim (4.7) | 4.70 | $225 |
| 07/11/16 | DME | Checking BSEA orders; Proof/revise answer to counterclaim | 4.20 | $225 |
| 07/12/16 | DME | Finish editing Answer to Counterclaim and effectuate e-filing; E-mail to client | 3.50 | $225 |
| 08/01/16 | DME | Review message from R. Erlichman and telephone conference with her concerning case | 0.20 | $225 |
| 08/05/16 | DME | Telephone conference with Ms. Sowyrda concerning status and further proceedings | 0.20 -0.2 Dup. | $225 |
| 08/05/16 | MES | Consultation with Attorney Ehrens regarding possible filing of motion for summary judgment | 0.30 | $240 |
| 08/09/16 | DME | Review e-notice from court concerning return of service on BSEA | 0.10 | $225 |
| 08/16/16 | DME | To and from Middlesex Superior Court in Woburn for oral argument on Lincoln-Sudbury's motion to dismiss; Conference with Attorney Christine Dowling; E-mail client concerning hearing | 4.60 | $225 |

| 08/23/16 | DME | Review e-mail from Assistant AG Amy Spector concerning BSEA's answer; Review e-notice of scheduling conference and calendar | 0.30 | $225 |
|---|---|---|---|---|
| 08/24/16 | DME | E-mail communications with Assistant AG; Review e-notice from court with notice of scheduling conference and form of order; Review Assistant AG's notice of appearance; Review BSEA's motion for extension of time to file answer; Review order granting motion for extension of time to answer until October 3; E-mail Assistant AG complaint for fees, cover sheet, corrected BSEA decision, amended complaint (Superior Court action) | 1.10 | $225 |
| 09/14/16 | DME | Review Scheduling Order; Telephone conferences with Dr. Ramos concerning settlement demand; Prepare and finalize settlement demand letter; E-mail demand letter to opposing counsel with request to consult for purposes of scheduling order | 1.10 | $225 |
| 09/14/16 | MES | ~~Consult with law related to attorneys' fees claims~~ Ws | ~~0.20~~ | $240 |
| 09/15/16 | DME | E-mail communications with ▓▓▓ attorney concerning conference to develop scheduling order and re. Ws settlement proposal; E-mail communications with client; Draft/revise joint statement; Conferences with accounting and obtain bills for redaction; Begin redacting bills; Prepare Local Rule 16.1 certification and e-mail to client; Telephone conference with client concerning alternative dispute mechanisms and budget for litigation | 3.60 | $225 |
| 09/16/16 | DME | Telephone conference with Dr. Ramos concerning Local Rule 16.1 Certification; Review e-mail from Attorney Morrissey; Finalize draft Joint Statement and e-mail to Attorney Morrissey and Assistant AG Amy Spector | 1.10 | $225 |
| 09/19/16 | MES | Review of letter from the parents' attorney; consultation with Attorney Ehrens regarding parents' proposal for settlement | 0.30 | $240 |
| 09/19/16 | DME | Review e-mail and ▓▓▓ settlement demand from Attorney Morrissey; Ws E-mail communications with client and Amy Spector, Assistant AG, lengthy telephone conference with Attorney Morrissey concerning joint statement; Telephone conferences with Dr. Ramos concerning statement and settlement demand; E-mail communications with Assistant AG Spector; Revise joint statement | 3.80 | $225 |
| 09/20/16 | MES | Consultation with Attorney Ehrens regarding parents' attorney's attempt to obtain trial de novo | 0.30 | $240 |
| 09/20/16 | DME | Review e-mail from Attorney Morrissey with his additions to the joint statement; Revise joint statement accordingly; E-mail communications with Assistant AG Amy Spector and further e-mail communications with Attorney Morrissey to finalize joint statement; E-mail communications with client concerning Rule 16.1 certification and | 1.20 | $225 |
| 09/21/16 | MES | Review of parents' settlement offer with Attorney Ehrens | 0.20 | $240 |
| 09/21/16 | DME | Brief conference with Dr. Ramos and Bella Wong concerning parents' settlement offer; ▓▓▓ conference with Ms. Sowyrda concerning issue related to information about litigation; Receive and review signed certification from Dr. Ramos, edit certificate of service; E-file Joint Statement and Local Rule 16.1 Certification; Review e-notices | 1.10 -0.2 | $225 |

|          |     | confirming filing; Review e-notice from court re. Attorney Morrissey's filing; Review e-notice from court re. Assistant Attorney General's filing | | |
|----------|-----|------|------|------|
| 09/22/16 | DME | E-mail communications with Amy Spector about complaint and BSEA's answer and pointing out use of BSEA's typo as docket number in paragraph 1 of the complaint; E-mail communications with Amy Spector and John Morrissey concerning same and request for assent to motion to amend the complaint | 0.80 | $225 |
| 09/23/16 | DME | Review e-mail assenting to motion to amend complaint to correct the BSEA # in paragraph 1; Lengthy telephone conference with Amy Spector (0.5); Draft assented to motion to amend and e-mail to Assistant AG Spector and Attorney Morrissey; Review e-mail responses; E-file motion and review e-notice from court; Instructions to support staff concerning filing | 1.10 | $225 |
| 09/28/16 | DME | ██████████████████████████████████ [this involved a different case] | ~~2.00~~ | $225 |
| 09/29/16 | DME | E-mail client the schedule set by the Court at the scheduling conference; Follow-up e-mail to assistant concerning calendaring schedule | 0.30 | $225 |
| 10/07/16 | DME | Preparation for Scheduling Conference and re. motion to amend; To and from U.S. District Court for and attend scheduling conference; Conference with Assistant Attorney General concerning case; Review e-notice from court allowing motion to amend complaint to correct ministerial error and setting schedule; Review e-notice from court scheduling January 13 status conference | 3.80 | $225 ==-1.0 Travel @ $175 per hour== |
| 10/11/16 | DME | E-mail support concerning calendaring dates from court e-notices | 0.10 | $225 |
| 10/14/16 | DME | Review e-mail from Attorney Christine Dowling concerning dismissal of superior court action and respond; Review court order dismissing complaint; E-mail Dr. Ramos concerning same; Review email and voicemail from Dr. Ramos in response to e-mail concerning dismissal of superior court action seeking damages | 0.60 | $225 |
| 10/25/16 | DME | E-mail communications with Assistant Attorney General Amy Spector concerning her questions about the record and personally-identifiable information; Review e-mail communications from parents' attorney concerning same | 0.30 | $225 |
| 10/26/16 | DME | E-mail communications with Assistant Attorney General concerning the record and identifying student and parents and the motion to seal and modifying same; Review BSEA's motion to seal record | 1.10 | $225 |
| 10/28/16 | DME | Review e-notice from Court granting motion to seal record | 0.10 | $225 |
| 11/10/16 | DME | E-mail communications with Asst. AG and parents' attorney concerning the administrative record | 0.10 | $225 |
| 11/11/16 | DME | E-mail communications with parents' attorney; Forward electronic versions of the transcripts                    Ws | 0.40 | $225 |
| 11/17/16 | DME | Review e-mail from Attorney Christine Dowling concerning ████ motion for reconsideration of dismissal of state Superior Court action; Review motion for reconsideration and insurance defense attorneys' | 0.50 | $225 |

opposition      Ws

| 11/28/16 | DME | Review the ███ motion for reconsideration and insurance defense counsel's opposition; E-mail Attorney Christine Dowling concerning same | 0.60 | $225 |
|----------|-----|------|------|------|
| 12/01/16 | DME | Review e-mail from Attorney Morrissey and attached motion for extension of time to file motion to supplement the record; E-mail communications with Attorney Morrissey and Assistant Attorney General Amy Spector concerning BSEA's assent to the motion and the record; E-mail communications with Attorney Morrissey concerning needed change to motion for District to assent | 0.90 | $225 |
| 12/02/16 | DME | Review revised motion for extension of time to file motion to supplement the record with required changes; Review e-notice from court concerning the motion; E-mail communications with Attorney Morrissey and Assistant Attorney General Spector concerning scheduling and motions to be filed | 0.40 | $225 |
| 12/05/16 | DME | Review e-notice from court documenting electronic order granting motion for extension of time to file motion to supplement the record | 0.10 | $225 |
| 12/07/16 | DME | Review e-notice from court rescheduling status conference and calendar same | 0.10 | $225 |
| 12/13/16 | DME | E-mail communications with Attorney Christine Dowling concerning the Middlesex Superior Court action and the court's denying parents' motion for reconsideration of the order dismissing the case; e-mail client concerning same      Ws | 0.30 | $225 |
| 12/14/16 | DME | E-mail communications with Dr. Ramos concerning ███ superior court case dismissal, reconsideration denied, and possible appeal | 0.10 | $225 |
| 12/26/16 | DME | Review e-mail from Attorney Morrissey re. conferring re. motion to supplement the record | 0.10 | $225 |
| 12/27/16 | DME | Review documents e-mailed by Attorney Morrissey concerning supplementing the record, including two affidavits; E-mail Attorney Morrissey | 1.00 | $225 |
| 01/01/17 | DME | E-mail communications (12/30) with assistant concerning downloading, printing, and saving parents' motion to supplement/correct record, table, memo in support, and exhibits; Review e-notice from court and motion and memorandum in support of motion to supplement/correct the record, exhibits, and table of corrections, allegedly missing documents | 3.50 | $225 |
| 01/03/17 | DME | Review parents' exhibits and e-mail Assistant Attorney General concerning same; E-mail communications with Attorney Morrissey; Extensive parents exhibit and record review, including affidavits of | 5.00 | $225 |
|          | Mrs. W | ███, ███, doctor, and Lawrence Academy math teacher      Wallis | | |
| 01/04/17 | DME | E-mail communications with Assistant Attorney General concerning BSEA's position and documents submitted to supplement the record; Compare documents with exhibits parents submitted with closing argument | 2.70 | $225 |

| Date | | | | |
|---|---|---|---|---|
| 01/05/17 | DME | Work on opposition to motion to supplement the record - research and record/document review | 2.40 | $225 |
| 01/06/17 | DME | Record review for omissions (witness lists and table of contents from District's exhibit book); E-mail communications with Assistant Attorney General Spector concerning issues with record, including missing witness lists and documentation of District's exhibit book; Work on drafting legal arguments/opposition to motion to supplement the record, including additional research | 6.60 | $225 |
| 01/10/17 | DME | Review message from Assistant Attorney General Amy Spector; Call in to Amy Spector; Telephone conference with Amy Spector; Work on opposition to motion to supplement the record | 2.40 | $225 |
| 01/11/17 | DME | Work on drafting opposition to motion to supplement arguments | 2.30 | $225 |
| 01/12/17 | DME | Check file and online calendar for status; Telephone call to judge's docket clerk concerning status conference and rescheduled date for same | 0.30 | $225 |
| 01/16/17 | DME | Research and additional drafting of arguments for opposition to motion to supplement the record | 1.10 | $225 |
| 01/17/17 | DME | Additional research re. supplementation; Further review of parents "supplemental" documents | 1.90 | $225 |
| 01/18/17 | DME | Work with administrative record in connection with opposing motion to supplement | 2.10 | $225 |
| 01/19/17 | DME | Telephone conference and e-mail communications with Assistant Attorney General Amy Spector ███ concerning the April 6, 2015, motion to postpone filed/received 4/7/15 and her questions; Locate documents and e-mail to her; Drafting new arguments in opposition to motion to supplement; Record citations | 3.10 | $225 |
| 01/20/17 | DME | E-mail communications with Attorney Morrissey requesting assent to extension of time to January 27 to oppose the ███ ws. motion to supplement; Telephone conference with Assistant Attorney General Amy Spector; Draft assented to motion for extension of time and e-mail to Attorney Morrissey and Assistant AG Spector; E-file motion for extension of time; Work on opposition to motion to supplement; E-mail communications with Dr. Ramos and forward ███ ws. motion to supplement and supporting documents | 1.90 | $225 |
| 01/23/17 | DME | Telephone conference and e-mail communications with Assistant Attorney General Amy Spector concerning the record; Review e-notice from court allowing motion for extension of time to oppose motion to supplement the record; Work on opposition to motion to supplement | 1.70 | $225 |
| 01/25/17 | DME | Continue writing, revising opposition to motion to supplement the record; E-mail communications with Assistant Attorney General; Review BSEA's draft opposition; E-mail Assistant Attorney General about matters addressed in BSEA memo and corrections; Telephone conference with Assistant Attorney General | 4.30 | $225 |
| 01/26/17 | DME | Work on revising and supplementing opposition to motion to supplement the record | 3.40 | $225 |

| 01/27/17 | DME | Finish revising and editing opposition to motion to supplement the record; e-file; E-mail communications with court clerk concerning same; Review Assistant Attorney General Amy Spector's e-filing notices and e-mail communications with her concerning same | 6.70 | $225 |
| 01/30/17 | DME | Review e-mail concerning BSEA's filing of supplemental record; Review e-mail from Assistant Attorney General Amy Spector concerning revised Table of Contents and forward to assistant for printing; Review e-mail from courtroom clerk | 0.30 | $225 |
| 01/31/17 | DME | Review e-notices from court and e-mail from assistant concerning rescheduling the February 6 status conference; Calendar same | 0.20 | $225 |
| 02/02/17 | DME | E-mail Dr. Ramos concerning court scheduling/status conference | 0.10 | $225 |
| 02/03/17 | DME | E-mail communications with client concerning parents' request for supplementation | 0.10 | $225 |
| 02/06/17 | DME | E-mail client new supplementation documents (affidavits, etc.) | 0.10 | $225 |
| 02/12/17 | DME | Review e-notice from court cancelling the status conference scheduled for 2/13/17 due to court closed because of snow | 0.10 | $225 |
| 02/22/17 | DME | Review e-mail from clerk concerning rescheduling hearing on motion to supplement the record; Review e-mail communications from Assistant Attorney General Amy Spector and Attorney Morrissey concerning rescheduling; Review voicemail from Amy Spector concerning same; Check calendar and e-mail Attorneys Spector and Morrissey concerning same | 0.30 | $225 |
| 02/23/17 | DME | Review e-mail from Attorney Spector to court concerning counsel's availability and review e-notice from court scheduling hearing on motion to supplement the record | 0.20 | $225 |
| 02/25/17 | DME | Review e-mail from clerk concerning rescheduling hearing on motion to supplement the record; Review e-mail communications from Assistant Attorney General Amy Spector and Attorney Morrissey concerning rescheduling; Review voicemail from Amy Spector concerning same; Check calendar and e-mail Attorneys Spector and Morrissey concerning same | 0.30 | $225 |

Total fees for this matter        738.40  hrs    $165,667.00

Disbursements                                                    Rate

| ~~02/28/14~~ | ~~Express Mail - Postage (mercur 379491)~~ | ~~$20.23~~ |
| ~~03/05/14~~ | ~~Copies - Internal~~ | ~~$4.80~~ |
| 09/30/14 | Travel (drme) | $28.79 |
| 10/06/14 | Copies - Internal | $2.40 |
| 10/31/14 | Copies - Internal | $3.40 |
| 11/21/14 | Online Research | $17.96 |
| 11/26/14 | Online Research | $71.84 |

| 12/02/14 | Online Research | $90.61 |
| 12/03/14 | Online Research | $15.10 |
| 12/04/14 | Online Research | $90.61 |
| 12/05/14 | Copies - Internal | $23.40 |
| 12/18/14 | Copies - Internal | $3.00 |
| 12/19/14 | Copies - Internal | $30.00 |
| 12/23/14 | Online Research | $15.10 |
| 12/30/14 | Online Research | $30.20 |
| 12/31/14 | Copies - Internal | $17.80 |
| 01/09/15 | Copies - Internal | $5.40 |
| 02/11/15 | Copies - Internal | $0.60 |
| 02/12/15 | Copies - Internal | $18.00 |
| 02/13/15 | Copies - Internal | $5.00 |
| 02/16/15 | Copies - Internal | $82.20 |
| 02/17/15 | Copies - Internal | $50.40 |
| 02/19/15 | Copies - Internal | $1.60 |
| 02/20/15 | Copies - Internal | $4.80 |
| 03/25/15 | Online Research | $34.34 |
| 04/06/15 | Travel (dme) | $30.41 |
| 04/06/15 | Travel (dme) | $43.44 |
| 04/14/15 | Express Mail - Postage (ups) | $26.35 |
| 04/14/15 | Express Mail - Postage (ups) | $22.73 |
| 04/20/15 | Copies - Internal | $1.20 |
| 11/10/15 | Copies - Internal | $0.20 |
| 11/17/15 | Travel (drme) | $692.39 |
| 01/05/16 | Travel (drme) | $364.61 |
| 02/04/16 | Online Research | $72.41 |
| 02/05/16 | Online Research | $72.41 |
| 02/08/16 | Online Research | $24.14 |
| 02/29/16 | Copies - Internal | $7.00 |
| 03/04/16 | Copies - Internal | $1.20 |
| 04/07/16 | Online Research | $39.80 |
| 04/12/16 | Online Research | $119.39 |

| | | |
|---|---|---|
| 04/13/16 | Online Research | $79.59 |
| 04/14/16 | Copies - Internal | $17.60 |
| 04/14/16 | Filing and Court Costs (usdcm) | $400.00 |
| 04/14/16 | Online Research | $119.39 |
| 04/15/16 | Online Research | $79.59 |
| 04/19/16 | Online Research | $19.90 |
| 04/21/16 | Online Research | $59.70 |
| 04/21/16 | Online Research | $99.49 |
| 04/26/16 | Travel (pmr) | $12.00 |
| 04/26/16 | Travel (pmr) | $1.81 |
| 05/13/16 | Online Research | $22.13 |
| 05/16/16 | Online Research | $22.13 |
| 06/30/16 | Online Research | $70.41 |
| 08/16/16 | Travel  (drme) | $19.07 |
| ~~09/28/16~~ | ~~Travel (DME)~~ | ~~$39.74~~ |
| 10/07/16 | Travel (DME) | $45.41 |
| 11/28/16 | Online Research | $16.80 |
| 01/09/17 | Online Research | $51.05 |
| 01/25/17 | Online Research | $25.53 |
| | Total expenses for this matter | $3,386.60 |

**MATTER SUMMARY:**

| | | |
|---|---|---|
| **TOTAL FEES FOR THIS MATTER** | 738.40  hrs | $165,667.00 |
| **TOTAL EXPENSES FOR THIS MATTER** | | $3,386.60 |
| **TOTAL BILLED FOR THIS MATTER** | | $169,053.60 |

# EXHIBIT C

## MURPHY, HESSE, TOOMEY & LEHANE, LLP
### Attorneys at Law

TEL: (617) 479-5000      300 CROWN COLONY DRIVE, SUITE 410      FAX: (617) 479-6469
P.O. BOX 9126
QUINCY, MA 02269-9126

### Billing Summary

Aida Ramos
Director of Student Services
Lincoln Sudbury Regional School District
390 Lincoln Road
Sudbury, MA  01776

Bill date 02/06/15
Bill number 59620
Billing through 12/31/14

| | | |
|---|---|---:|
| **00001** | **General Ongoing** | |
| | Total fees for this matter | $517.50 |
| | Total disbursements for this matter | $0.00 |
| **00035** | ▮▮▮▮  WALLIS | |
| | Total fees for this matter | $16,852.50 |
| | Total disbursements for this matter | $315.82 |
| **00037** | ▮▮▮▮ | |
| | Total fees for this matter | $922.50 |
| | Total disbursements for this matter | $0.00 |

**INVOICE SUMMARY:**

| | | |
|---|---|---:|
| **TOTAL FEES FOR THIS BILL** | **81.30 hrs** | **$18,292.50** |
| **TOTAL EXPENSES FOR THIS BILL** | | **$315.82** |
| **PROFESSIONAL COURTESY DISCOUNT \*** | | **$1,125.00 CR** |
| **TOTAL DUE THIS BILL** | | **$17,483.32** |

LINC04  59620

# MURPHY, HESSE, TOOMEY & LEHANE, LLP
### Attorneys at Law

TEL: (617) 479-5000        300 CROWN COLONY DRIVE, SUITE 410        FAX: (617) 479-6469
P.O. BOX 9126
QUINCY, MA 02269-9126

Aida Ramos
Director of Student Services
Lincoln Sudbury Regional School District
390 Lincoln Road
Sudbury, MA 01776

Bill date   02/06/15
Bill number   59620
Billing through   12/31/14

## 00001     General Ongoing

For professional services rendered:

<br><br><br>

Total fees for this matter           2.30  hrs     $517.50

## 00035     ▮▮▮▮▮▮ WALLIS

For professional services rendered:

Draft Release to authorize Children's Hospital to release records and communicate; Research imPACT testing; E-mail communications with client; Research for memorandum in support of motion to dismiss; Discovery; Work on motion to dismiss; Additional research; E-mail parents' response to first production request, item 2; Work on motion to dismiss; Additional research; E-mail client; Continue work on motion to dismiss; Additional research; E-mail client; Final proof of memorandum in support of motion to dismiss/for summary decision and make edits; Revise motion and edit; Prepare Response to Parents' Motion to Dismiss; Correspondence and fax memo to BSEA; Review correspondence and begin review of recording of May 12, 2013 meeting; Notes concerning location on recording of specific information; Continue listening to and taking notes from flash drive with recordings of meetings from parents; Incorporate teacher's responses to interrogatories into answers; Finish drafting answers to interrogatories/revise, edit; Research BSEA 504 cases; Review parents' response to Lincoln-Sudbury's response to parents' motion to dismiss; Final edits to answers to interrogatories and e-mail to client; Begin drafting answers/objections to second set of interrogatories; Review correspondence to hearing officer from parents responding to Lincoln-Sudbury's response to parents' motion to dismiss and Lincoln-Sudbury's motion to dismiss/for summary decision; Review Dr. Ramos' comments/questions, make changes to answers and respond to comments; E-mail to Dr. Ramos; Finalize answers to second set

of interrogatories; Go through documents and finalize first 19 responses to requests in first document request; E-mail communications with client concerning school physician on call and response to second request for production; Review client's comments to draft answers and edit accordingly; Telephone call in to Dr. Ramos; Telephone conference with Anne O'Reilly to follow up on signature page for answers to interrogatories; Locate June, 2013 doctor's note; E-mail answers to client for signature; Finalize supplemental memorandum in support of motion to dismiss; Review and analyze parents' "motion to oppose" motion to dismiss; Revise and edit supplemental memorandum; Correspondence to hearing officer and effectuate filing; Continue finalizing answers to interrogatories and document request responses; E-mail parent with supplemental memorandum; E-mail communications with client/reviewing communications with ███████ Mr. and Mrs. W. concerning their "open meeting law" complaint; Check AG open meeting law complaint provisions and respond to client; Finalize answers to first and second set of parents' interrogatories and response to second request for production; Correspondence to hearing officer; E-mail communications with client and parent; Review parents' response to supplemental memorandum, parents motion to compel compliance with BSEA rules, motion to compel answers to second request for production and to first and second sets of interrogatories; Draft and finalize reply to response to supplemental memorandum; Draft and finalize opposition to motion to compel; Filing correspondence to BSEA; Begin drafting opposition to motion to compel production of documents requested in parents' second request for production; E-mail communications with client; Work on oppositions to motions to compel and replies; Opposition to motion to compel answers to first set of interrogatories; Opposition to motion to compel answers to second set of interrogatories and response to second set of documents; Filing correspondence to BSEA; Review e-mail and multiple letters from parents; Continue work on reply to opposition to motion to dismiss/for summary decision; Organize discovery responses; Revise responses to document requests; Check and organize copies of documents for production to finalize; Correspondence and fax memo to file response with BSEA and serve response with documents on parents; Organize all recent filings and update pleadings binder

|  | Total fees for this matter | 74.90  hrs | $16,852.50 |
|---|---|---|---|

Disbursements:

| Date | Description | Amount |
|---|---|---|
| 12/02/14 | Online Research | $90.61 |
| 12/03/14 | Online Research | $15.10 |
| 12/04/14 | Online Research | $90.61 |
| 12/23/14 | Online Research | $15.10 |
| 12/30/14 | Online Research | $30.20 |
| 12/31/14 | Copies - Internal | $74.20 |
|  | Total disbursements for this matter | $315.82 |

**00037**   ███████

For professional services rendered:



Total fees for this matter                         4.10  hrs        $922.50


INVOICE SUMMARY:

| | | |
|---|---|---|
| **TOTAL FEES FOR THIS BILL** | **81.30  hrs** | **$18,292.50** |
| **TOTAL EXPENSES FOR THIS BILL** | | **$315.82** |
| **PROFESSIONAL COURTESY DISCOUNT \*** | | **$1,125.00  CR** |

**TOTAL DUE THIS BILL**                                    **$17,483.32**


Courtesy Discount 5.0 hours ($1,125.00)

## MURPHY, HESSE, TOOMEY & LEHANE, LLP
### Attorneys at Law

TEL: (617) 479-5000          300 CROWN COLONY DRIVE, SUITE 410          FAX: (617) 479-6469
P.O. BOX 9126
QUINCY, MA 02269-9126

### Billing Summary

Aida Ramos                                         Bill date  04/13/15
Director of Student Services                       Bill number  60215
Lincoln Sudbury Regional School District           Billing through  02/28/15
390 Lincoln Road
Sudbury, MA  01776

**00035**  ▮▮▮▮▮▮▮  WALLIS
    Total fees for this matter                  $20,680.50
    Total disbursements for this matter            $162.60

**00037**  ▮▮▮▮▮▮
    Total fees for this matter                     $135.00
    Total disbursements for this matter              $0.00

**00039**  ▮▮▮▮▮▮
    Total fees for this matter                     $202.50
    Total disbursements for this matter              $0.00

**00040**  ▮▮▮▮▮
    Total fees for this matter                     $112.50
    Total disbursements for this matter              $0.00

**INVOICE SUMMARY:**

| | | |
|---|---|---|
| **TOTAL FEES FOR THIS BILL** | 93.90  hrs | **$21,130.50** |
| **TOTAL EXPENSES FOR THIS BILL** | | **$162.60** |
| **PROFESSIONAL COURTESY DISCOUNT \*** | | **$2,025.00  CR** |
| **TOTAL DUE THIS BILL** | | **$19,268.10** |

LINC04  60215

## MURPHY, HESSE, TOOMEY & LEHANE, LLP
### Attorneys at Law

TEL: (617) 479-5000                   300 CROWN COLONY DRIVE, SUITE 410                   FAX: (617) 479-6469
P.O. BOX 9126
QUINCY, MA 02269-9126

Aida Ramos                                                       Bill date   04/13/15
Director of Student Services                                     Bill number   60215
Lincoln Sudbury Regional School District                         Billing through   02/28/15
390 Lincoln Road
Sudbury, MA  01776

**00035**            ▮▮▮▮▮▮        WALLIS

For professional services rendered:

Review e-mail and attachments from parents (filing correspondence, response to production request,
doctor reports); E-mail communications with Dr. Ramos, including review of SC's proposed letter to the
▮▮▮▮ and Wicked Local inquiry; Investigate school physician issue and issue concerning son at
Landmark; E-mail parents concerning discovery rules and objection re more than 25 interrogatories;
Begin Brandon Dorey direct examination; Work on ▮▮▮▮▮▮▮ Mrs. W.'s cross; Student record and discovery
issues reviewed with Attorney Ehrens; Review mother's response to school committee chair's e-mail
communications with client concerning alleged invasion of privacy issue; Review parents' letter to hearing
officer and motion to compel compliance with BSEA's 1/14 order;
Telephone conference with Dr. Ramos (22:56); Begin work on opposition to parents' motion to compel
compliance and production; Extensive work on supplemental discovery response; Correspondence and fax
to BSEA; Research legal issue; Second letter to BSEA concerning accommodations for Dr. Ramos and
requesting a conference call prior to the hearing; E-mail communications with client (& school nurses);
Review and finalize supplemental production and effectuate filing and service; Telephone conference with
Dr. Ramos (9:52) concerning responding to mother and her check for records; Review and respond to
e-mail communication from school nurse concerning contacts with school physician; Hearing preparation;
Witness list and questions; Work on exhibits; E-mail communications with client; Review parents request
for postponement of hearing; E-mail client concerning same; E-mail communications with client
concerning parents' proposed hearing dates; Begin drafting response; E-mail communications with
Attorney Lyons concerning Jennifer O'Neill; Review parents' correspondence to hearing officer
concerning subpoenas; Correspondence to BSEA concerning same; E-mail communications with parents
concerning same and documents sent out/investigate their unreliability claims; Opposition to request for
postponement and filing correspondence; Review e-mail and correspondence from parents, forward to
client, and respond with a request for a conference call; E-mail communications with client; Work on
choosing exhibits for hearing and exhibit list; E-mail communications with Dr. Ramos and Anne O'Reilly;
Continue work on choosing exhibits for hearing and exhibit list; Telephone conference with Paul O'Brien
concerning scheduling conference call; Work on cross examination questions - ▮▮▮▮▮▮▮ WALLIS; E-mail
communications with client concerning various issues, documents, U.S. History scores; Supplement

exhibit and witness lists; Superintendent's possible testimony; Review voice message from BSEA concerning scheduling conference call and calendar same; E-mail communications with client; E-mail parents with school physician information; Review e-mail communications and organize and redact for production; Second supplemental response to parents' first request for production; correspondence to BSEA concerning same; E-mail supplemental response to parents; Work on Dr. Ramos direct exam; Witness preparation notes; Prepare exhibit books (Professional Courtesy Discount 7.0 hours); Finalize Exhibit Book; Correspondence to hearing officer; Lengthy conference call with hearing officer and parents (2:34:18) e-mail communications with client concerning conference call; Review request for production to parents and e-mail parents with the requests to which they must respond; Prepare list of exhibits to propose as joint exhibits per hearing officer's instructions and e-mail parents concerning same (Professional Courtesy Discount 2.0 hours); Telephone conference with client concerning hearing dates; Correspondence to hearing officer and correspondence to parents concerning dates; E-mail communications with client, including forwarding letters for approval; E-mail communications with Brandon Dorey concerning Lawrence Academy math; Research Lawrence Academy, Frank Mastrangelo, athletic trainer and alleged concussion expert; Telephone conference with Mr. Mastrangelo concerning his testifying (he did not know anything about it) and inquiring about his credentials; E-mail communications with client concerning letters to hearing officer and parents - approved to send; Call in to Frank Mastrangelo, athletic trainer and alleged concussion expert and follow-up e-mail to him concerning his credentials/qualifications; Lengthy telephone conference with Brandon Dorey and follow-up to locate and print Lawrence Academy mathematics and history course lists for exhibit book; E-mail communications with hearing officer and parents concerning possible hearing dates; E-mail communications with client concerning same and witness preparation; Review e-mail to hearing officer from parents; Research Landmark website for profile of Kimberly Hildebrandt; E-mail Kimberly Hildebrandt; Print/prepare Kim Hildebrandt outreach page for cross; Research Landmark math classes and print/prepare exhibit for cross; Prepare Hildebrandt cross; Supplement Dorey direct; Begin Gilman direct; E-mail client concerning Gilman iPass progress report or grade book; Review e-mail from hearing officer and mother; E-mail communications with client concerning hearing dates and school committee documents sent to parents, but returned by FedEx; Review e-mail from Landmark math tutor and her CV; E-mail communications with Brandon Dorey concerning same; Research math curriculum at Landmark for purposes of tutor's experience; Continue drafting and supplementing witness questions based upon research and communications; E-mail communications with client concerning hearing dates, math tutor; E-mail math tutor with questions; E-mail Brandon Dorey; Telephone conference with Varsity Tutors and going rate in area for tutors; Review BSEA order and forward to client; Witness questions (Kim Schultz - supplement prior drafts re. Brandon Dorey, Joshua Gilman); Review e-mail from parent concerning Open Meeting Law document request; E-mail communications with client concerning same; Work on examination questions (Schultz, Belmont, Stoda); Review correspondence from parents (dated 2/25/15) concerning request for subpoenas, subpoenaing school committee chair and superintendent and draft response; Draft, edit, and finalize responsive correspondence; E-mail communications with client; Conference with Ms. Ciampoli concerning the ███ WALLIS and research parents; E-mail communications with Lynn Carlson concerning ███; Locate 98-page decision and review same; More hearing preparation; Conference with Attorney Ehrens concerning the ███ and parents' credentials.; Review e-mail communications and head injury policy forms and documents from Anne Kramer, Timothy Jason, and Joshua Gilman from client; call in to client; E-mail client concerning submission of concussion protocol; E-mail client and ███ WALLIS

|  | Total fees for this matter | 91.90 hrs | $20,680.50 |

LINC04 60215                                                                                                      Page 2

<u>Disbursements:</u>

| | | |
|---|---|---|
| 02/28/15 | Copies - Internal | $162.60 |
| | Total disbursements for this matter | $162.60 |

**00037** ▮▮▮▮▮▮

<u>For professional services rendered:</u>



|  | | |
|---|---|---|
| Total fees for this matter | 0.60  hrs | $135.00 |

**00039** ▮▮▮▮▮▮

<u>For professional services rendered:</u>



|  | | |
|---|---|---|
| Total fees for this matter | 0.90  hrs | $202.50 |

**00040** ▮▮▮▮▮▮

<u>For professional services rendered:</u>



|  | | |
|---|---|---|
| Total fees for this matter | 0.50  hrs | $112.50 |

**INVOICE SUMMARY:**

| | | |
|---|---|---|
| **TOTAL FEES FOR THIS BILL** | 93.90  hrs | $21,130.50 |
| **TOTAL EXPENSES FOR THIS BILL** | | $162.60 |
| **PROFESSIONAL COURTESY DISCOUNT *** | | $2,025.00  CR |
| **TOTAL DUE THIS BILL** | | $19,268.10 |

Discount of 9.0 hours $2,025.00

## MURPHY, HESSE, TOOMEY & LEHANE, LLP
### Attorneys at Law

TEL: (617) 479-5000      300 CROWN COLONY DRIVE, SUITE 410      FAX: (617) 479-6469
P.O. BOX 9126
QUINCY, MA 02269-9126

### Billing Summary

Aida Ramos      Bill date 04/28/15
Director of Student Services      Bill number 60361
Lincoln Sudbury Regional School District      Billing through 03/31/15
390 Lincoln Road
Sudbury, MA 01776

**00001 General Ongoing**

| | |
|---|---|
| Total fees for this matter | $22.50 |
| Total disbursements for this matter | $0.00 |

**00035**    ▮▮▮▮▮▮ WALLIS

| | |
|---|---|
| Total fees for this matter | $13,198.00 |
| Total disbursements for this matter | $34.34 |

**00037**    ▮▮▮▮▮▮

| | |
|---|---|
| Total fees for this matter | $22.50 |
| Total disbursements for this matter | $0.00 |

**INVOICE SUMMARY:**

| | | |
|---|---|---|
| **TOTAL FEES FOR THIS BILL** | **58.80 hrs** | **$13,243.00** |
| **TOTAL EXPENSES FOR THIS BILL** | | **$34.34** |
| **TOTAL DUE THIS BILL** | | **$13,277.34** |

**LINC04 60361**

## MURPHY, HESSE, TOOMEY & LEHANE, LLP

### Attorneys at Law

TEL: (617) 479-5000      300 CROWN COLONY DRIVE, SUITE 410      FAX: (617) 479-6469
P.O. BOX 9126
QUINCY, MA 02269-9126

Aida Ramos
Director of Student Services
Lincoln Sudbury Regional School District
390 Lincoln Road
Sudbury, MA  01776

Bill date   04/28/15
Bill number   60361
Billing through   03/31/15

**00001**    **General Ongoing**

For professional services rendered:



Total fees for this matter      0.10  hrs     $22.50

**00035**    ███████  WALLIS

For professional services rendered:

Consultation with Attorney Ehrens regarding procedural issues at the BSEA (scheduling over parents' objection); Review documents from client responsive to hearing officer's order; E-mail English/U.S. History documents from teachers to parents with new head injury protocol documents; Correspondence and fax memo to hearing officer and parents concerning availability for hearing; Correspondence and fax memo to hearing officer for 3/4/15 concerning parents' failure to comply with order to supplement their response to Lincoln-Sudbury's document request and to provide their availability for hearing; Consultation with Attorney Ehrens regarding counsel's ability to contact the parents' witnesses and BSEA issues; Review parents' 17-page letter; Telephone conference with Dr. Ramos; Correspondence to BSEA objecting to any further postponement; Review BSEA ruling on Lincoln-Sudbury's objections to subpoenaing Bella Wong and Rhada Gargeya and parents' document request #8 and forward to client with comments; Review e-mail from parents in response to my letter objecting to further postponement; Review e-mail from hearing officer referencing clarification order; Review clarification order; E-mail client; E-mail communications with client; Review parents' complaint about breach of confidentiality and e-mail to client concerning School Committee letter; Review communications related to open meeting law/public records requests in light of hearing officer's ¾ clarification order and correspondence to Dr. Ramos concerning same; E-mail communications with client; Correspondence and fax memo to BSEA concerning availability for April hearing dates; Serve parents; Update pleadings binder; Review e-mail from mother concerning her intent to respond and forward to Dr. Ramos with comments; E-mail communications with client concerning status; Obtained parents' filing at the BSEA; provided to Attorney Ehrens; consultation

with Attorney Ehrens; Checking for order scheduling hearing; E-mail Ms. Sowyrda to contact director about filings from parents; Review e-mail from BSEA concerning e-mail communications with client concerning hearing dates and proposals; Supplement examination questions for B. Dorey; E-mail B. Dorey concerning same; Check for communications from BSEA; Investigate existence of order; Telephone conference with Reece Erlichman concerning status, order, and parents' filing; Prepare response and further objection to continued postponement; E-mail Dr. Ramos; Have filing scanned and e-mail to client; Prepare response to parents' March 11 filing; Effectuate filing and service; Review of recent BSEA rulings with Attorney Ehrens; Review BSEA order scheduling hearing, discovery, and reference to clarification order; Telephone conference and e-mail communications with Dr. Ramos concerning hearing not postponed and scheduling witness prep; Work on witness questions - Supplement C. Belmont and M. Stoda questions, Shultz direct, Gilman direct; E-mail communications with client concerning status; Document review and organization; Telephone conference with Dr. Ramos concerning correspondence from public records division; Review correspondence from public records division and earlier communications with ~~Mrs. W.~~ concerning public records requests; Draft response; E-mail Dr. Ramos; ~~E-mail client and mail correspondence to Supervisor of Records;~~ Follow-up on any filing from parents and email client with status; Review documents for additional exhibits/chalks; Review messages from Paul O'Brien at BSEA; Telephone conference with Paul O'Brien concerning availability for conference call today; E-mail client; Telephone conference with Reece Erlichman inquiring about whether parents filed anything new; Review parents' most recent filings and review lengthy filings (for postponement and recusal) faxed and e-mailed from BSEA; Call in to client; BSEA recusal standard reviewed with Attorney Ehrens; Further review of parents' motion for recusal and postponement request and e-mail to client with comments; Prepare opposition to most recent postponement request, correspondence to BSEA and fax and serve by e-mail; Research legal standard for recusal; Prepare opposition to motion for recusal; Correspondence to BSEA and fax and serve by e-mail; Review subpoenas issued by the BSEA for Nancy O'Neil, Rhonda Taft-Farrell, and Scott Carpenter; Call from Dr. Ramos and return call; E-mail Dr. Ramos concerning contacting Brandon Dorey for hearing prep; Telephone conference with Dr. Ramos in follow-up on request for postponement and motion for recusal; Supplement witness list; Additional hearing prep and work on exhibit list and documents; E-mail communications with Attorney C. Lyons concerning witness Nancy O'Neil; E-mail client concerning updated status and any rulings on parents' motions and concerning contact with Scott Carpenter; E-mail Brandon Dorey concerning discussing examination questions; Lengthy telephone conference with Brandon Dorey concerning examination questions (2.0); Conference with IT concerning printing new exhibit from webpage; E-mail communications with client concerning additional cvs for exhibit book; Witness questions; Review correspondence from BSEA and 3-25-2015 Order concerning request for postponement and other related matters; E-mail client concerning same; Telephone conference with client; Check, supplement, and finalize all exhibit books and witness list and effectuate filing and service; Hearing prep; Review parents' correspondence in response to hearing officer's 3-20-2015 order; Consultation with Attorney Ehrens regarding litigation matters and parents' ongoing complaints; Effectuate delivery of exhibit book and witness list to BSEA and parents; Forward correspondence from parents to client; Telephone conference with client concerning status and issue concerning Scott Carpenter; Review e-mail from Nancy O'Neil and respond; Further e-mail communication with N. O'Neil; E-mail communications with client; Review parents' witness list, forward to client with comments, investigate unknown witnesses; Conference with Ms. Sowyrda concerning status; Review message from Attorney

|  |  |  |
|---|---|---|
| Total fees for this matter | 58.60 hrs | $13,198.00 |
|  | -0.5 |  |

Disbursements:

| 03/25/15 | Online Research | $34.34 |
| | Total disbursements for this matter | $34.34 |

**00037** 

<u>For professional services rendered:</u>

| | Total fees for this matter | 0.10  hrs | $22.50 |

**INVOICE SUMMARY:**

| **TOTAL FEES FOR THIS BILL** | 58.80  hrs | **$13,243.00** |
| **TOTAL EXPENSES FOR THIS BILL** | | **$34.34** |
| **TOTAL DUE THIS BILL** | | **$13,277.34** |

Courtesy Discount on Matter 35 (Alexander S.) is 6.1 hours = $1,374.50



# MURPHY, HESSE, TOOMEY & LEHANE, LLP
### Attorneys at Law

TEL: (617) 479-5000      300 CROWN COLONY DRIVE, SUITE 410      FAX: (617) 479-6469
P.O. BOX 9126
QUINCY, MA 02269-9126

## Billing Summary

Aida Ramos          Bill date 03/09/17
Director of Student Services          Bill number 66501
Lincoln Sudbury Regional School District      Billing through 01/31/17
390 Lincoln Road
Sudbury, MA  01776

**00001**    **General Ongoing**

     Total fees for this matter        $697.50
     Total disbursements for this matter        $0.00

**00035**    ▮▮▮▮▮▮ WALLIS

     Total fees for this matter        $11,452.50
     Total disbursements for this matter        $76.58

**00048**    ▮▮▮▮▮▮

     Total fees for this matter        $2,268.00
     Total disbursements for this matter        $0.00

**00049**    ▮▮▮▮▮▮

     Total fees for this matter        $877.50
     Total disbursements for this matter        $99.20

**INVOICE SUMMARY:**

| | | |
|---|---|---|
| **TOTAL FEES FOR THIS BILL** | **67.80 hrs** | **$15,295.50** |
| **TOTAL EXPENSES FOR THIS BILL** | | **$175.78** |
| **PROFESSIONAL COURTESY DISCOUNT \*** | | **$1,575.00 CR** |
| **TOTAL DUE THIS BILL** | | **$13,896.28** |

LINC04  66501

# MURPHY, HESSE, TOOMEY & LEHANE, LLP
### Attorneys at Law

TEL: (617) 479-5000             300 CROWN COLONY DRIVE, SUITE 410             FAX: (617) 479-6469
                                         P.O. BOX 9126
                                  QUINCY, MA 02269-9126

Aida Ramos                                                    Bill date   03/09/17
Director of Student Services                              Bill number   66501
Lincoln Sudbury Regional School District            Billing through   01/31/17
390 Lincoln Road
Sudbury, MA  01776

## 00001      General Ongoing

For professional services rendered:



                    Total fees for this matter                    3.10  hrs      $697.50

## 00035         ▬▬▬▬▬      WALLIS

For professional services rendered:

E-mail communications (12/30) with assistant concerning downloading, printing, and saving parents'
motion to supplement/correct record and supporting documents and review e-notice from court, motion to
supplement the record, memorandum and supporting documents supplement/correct the record, (exhibits,
table of corrections, allegedly missing documents); E-mail Assistant Attorney General concerning parents'
exhibits; E-mail communications with Attorney Morrissey; Extensive review of parents' exhibits and
record, including affidavits of ▬▬▬▬▬ ▬▬▬▬▬, doctor, and Lawrence Academy math
teacher; E-mail and telephone communications with Assistant Attorney General concerning BSEA's
position and documents and compare documents with those submitted with parents' closing argument;
Began work on opposition to motion to supplement the record - research and record/document review;
Record review for omissions (witness lists and table of contents from District's exhibit book); Extensive
e-mail communications with Assistant Attorney General Spector concerning issues with record, including
missing witness lists and documentation of District's exhibit book; Continue drafting legal
* Mrs. W; **WALLIS

**LINC04  66501**                                                          **Page   1**

arguments/opposition to motion to supplement the record, including additional research (1/9); Review message from Assistant Attorney General Amy Spector; Call in to Amy Spector; Telephone conference with Amy Spector; Continue work on opposition to motion to supplement the record; Finish drafting opposition to motion to supplement arguments; Check file and online calendar for status; Telephone call to judge's docket clerk concerning status conference and rescheduled date for same; Research additional argument for opposition to motion to supplement the record; Additional research re. supplementation and add to opposition; Searching administrative record in connection with opposition to motion to supplement; Telephone conference and e-mail communications with Assistant Attorney General Amy Spector Work concerning parents' April 6, 2015, motion to postpone hearing filed/received 4/7/15 and her questions; Locate documents and e-mail to Assistant Attorney General Spector; Locate record citations; E-mail communications with Attorney Morrissey requesting assent to extension of time to January 27 to oppose the Stahrs' motion to supplement; Telephone conference with Assistant Attorney General Amy Spector; Draft assented to motion for extension of time and e-mail to Attorney Morrissey and Assistant AG Spector; E-file motion for extension of time; Edit opposition to motion to supplement; E-mail communications with Dr. Ramos and forward ████ motion to supplement and supporting documents; Telephone conference and e-mail communications with Assistant Attorney General Amy Spector concerning the record; Review e-notice from court allowing motion for extension of time to oppose motion to supplement the record; Continue editing opposition to motion to supplement; Additional online research/citations; E-mail communications with Assistant Attorney General; Review BSEA's draft opposition; E-mail Assistant Attorney General about matters addressed in memo and corrections; Telephone conference with Assistant Attorney General; Revisions to opposition to motion to supplement the record; Finalize opposition to motion to supplement the record; e-file; E-mail communications with court clerk concerning same; Review Assistant Attorney General Amy Spector's e-filing notices and e-mail communications with her concerning same; Review e-mail concerning BSEA's filing of supplemental record; Review e-mail from Assistant Attorney General Amy Spector concerning revised Table of Contents and forward to assistant for printing; Review e-mail from courtroom clerk; Review e-notices from court and e-mail from assistant concerning rescheduling the February 6 status conference; Calendar same

| | | | |
|---|---|---|---|
| | Total fees for this matter | 50.90  hrs | $11,452.50 |

Disbursements:

| | | |
|---|---|---|
| 01/09/17 | Online Research | $51.05 |
| 01/25/17 | Online Research | $25.53 |
| | Total disbursements for this matter | $76.58 |

**00048** ████

For professional services rendered:

████████████████████████████████████



Total fees for this matter                    9.90  hrs     $2,268.00

**00049**     

For professional services rendered:



Total fees for this matter                    3.90  hrs      $877.50

<u>Disbursements:</u>
01/31/17        Copies - Internal                      $99.20

                Total disbursements for this matter     $99.20

**INVOICE SUMMARY:**

| | | |
|---|---|---|
| **TOTAL FEES FOR THIS BILL** | 67.80  hrs | $15,295.50 |
| **TOTAL EXPENSES FOR THIS BILL** | | $175.78 |
| **PROFESSIONAL COURTESY DISCOUNT \*** | | $1,575.00  CR |

**TOTAL DUE THIS BILL**                                       $13,896.28

Bill reduced 7 hours professional courtesy in matter no. 35

**LINC04  66501**

**Page   4**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT, | Civil Action No. 1:16-CV-10724-FDS |
| Plaintiff, |  |
| v. |  |
| MR. AND MRS. W., |  |
| Defendants |  |
| WALLIS and MR. and MRS. W., |  |
| Plaintiffs-in-Counterclaim |  |
| v. |  |
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT and |  |
| BUREAU OF SPECIAL EDUCATION APPEALS, |  |
| Defendants-in-Counterclaim. |  |

## AFFIDAVIT OF JEFFREY M. SANKEY

I, Jeffrey M. Sankey, upon oath, do depose and state as follows:

1.      I am graduate of Boston University School of Law and was admitted to the

Massachusetts bar in 1987 and the Rhode Island bar in 1993. I am also a member of the bars of

the United States District Courts in Massachusetts and Rhode Island and the United States

Supreme Court.

2.      I am a principal in the law firm, Sankey Law Offices, P.C., with an office at 25

Braintree Hill Park, Suite 200 in Braintree, Massachusetts. A significant portion of my practice

has been in the area of special education law, primarily representing students in disputes with

school districts since 2000.  To a lesser extent, I have occasionally represented school districts in special education matters.

      3.     This affidavit is submitted in reference to the fee petition submitted on behalf of the school district by Attorney Doris MacKenzie Ehrens in the matter of <u>Lincoln Sudbury Regional School District v. Mr. and Mrs. W., United States District Court Civil Action No. 16-CV-10724FDS and In Re. Lincoln Sudbury Regional School District, 15-2427.</u>

      5.     I am familiar with Attorney Ehren's experience and reputation as an attorney in the area of special education law.  I am also familiar with the hourly rates customarily charged by attorneys of Attorney Ehrens' experience in the community.

      6.     Based upon my knowledge of Attorney Ehrens' experience and reputation, and my knowledge of the customary hourly rates charged in this community, I believe that hourly rates of $225 to $300 per hour are within the range of fees customarily charged by attorneys practicing in the area of special education, and it is my opinion that her rate of $225.00 and the rate of the other attorneys in her firm who also participated to a lesser extent in the defense of these cases at between $225 and $245 per hour is fair and reasonable and is representative of the rates prevailing in the community.

      Signed under the pains and penalties of perjury this 17th day of March 2017.


                                   _Jeffrey M. Sankey_
                                   Jeffrey M. Sankey

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2017, I served a copy of the foregoing electronically through the CM/ECF system on all counsel of record for the parties.


/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens

981332v1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT, )<br><br>Plaintiff, )<br>v. )<br><br>MR. AND MRS. W., )<br><br>Defendants )<br>WALLIS and<br>MR. and MRS. W., )<br><br>Plaintiffs-in-Counterclaim )<br>v. )<br><br>LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT and )<br><br>BUREAU OF SPECIAL EDUCATION APPEALS, )<br>Defendants-in-Counterclaim. ) | Civil Action<br>No. 1:16-CV-10724-FDS |

### AFFIDAVIT OF  MICHAEL J. JOYCE, ESQ. IN SUPPORT OF LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT FOR ATTORNEYS' FEES

Michael J. Joyce, being first duly sworn, state of my own personal knowledge:

1.    Affiant has been a licensed attorney in Massachusetts since 2002.

2.    Affiant is a partner in the firm of Nuttall, MacAvoy & Joyce, P.C..

3.    Affiant has, since December of 2010, engaged in legal practice primarily focused

on the representation of public school districts, including special education litigation.

4.    Affiant is familiar with the fees customarily charged by counsel in the

representation of school districts in special education disputes, including reasonable fees charged

by counsel for public school districts.

5.      In the affiant's experience, the range of reasonable attorney fees customarily charged by counsel representing public school districts in eastern Massachusetts ranges from $165 to $245 per hour.

6.      I am familiar with Attorney Ehrens' experience and reputation as an attorney in the area of special education.

7.      Based upon my familiarity with Attorney Ehrens' experience and reputation and my familiarity with the customary hourly rates charged in the community, it is my opinion that Attorney Ehrens' hourly rate of $225 per hour and the rates of the other attorneys in her firm who also participated to a lesser extent in defending the school district in this matter of between $225 and $245 per hour are fair and reasonable and representative of rates prevailing in the community.

SIGNED under the pains and penalties of perjury at Marshfield, Massachusetts this 24th day of May, 2017.

_____
Michael J. Joyce, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2017, I served a copy of the foregoing on John N. Morrissey, counsel for Mr. and Mrs. W. and Wallis, electronically through the CM/ECF system.

_/s/ Doris R. MacKenzie Ehrens_____
Doris R. MacKenzie Ehrens

989816v1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT, | ) ) ) | Civil Action No.  1:16-CV-10724-FDS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MR. AND MRS. W., | ) ) | |
| Defendants | ) ) | |
| WALLIS and MR. and MRS. W., | ) ) ) | |
| Plaintiffs-in-Counterclaim | ) ) | |
| v. | ) ) | |
| LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT and | ) ) ) | |
| BUREAU OF SPECIAL EDUCATION APPEALS, | ) ) ) | |
| Defendants-in-Counterclaim. | ) ) | |

## AFFIDAVIT OF ATTORNEY MARY ELLEN SOWYRDA IN SUPPORT OF LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT FOR ATTORNEYS' FEES

Mary Ellen Sowyrda, being first duly sworn, state of my own personal knowledge:

1.     I have been actively engaged in the practice of law since 1986 and have been practicing special education law in Massachusetts for thirty-one (31) years.  I am  a partner at Murphy, Hesse, Toomey & Lehane, LLP, and the head of the firm's special education practice, representing schools and/or school districts at the Bureau of Special Education Appeals (BSEA) and in court.  Murphy, Hesse, Toomey & Lehane, LLP represents approximately 140 public school districts, regional school districts,

981333v1

collaboratives, charter schools, agricultural/ vocational/technical schools, and private

schools across the Commonwealth, in special education matters, as well as general

education matters. I have been involved in litigation with pro se individuals on a number

of occasions. Litigating with pro se individuals generally requires substantially more

time than litigating with parties who are represented by counsel.

    **2.**    I first became involved with representing Lincoln-Sudbury Regional

School District (Lincoln-Sudbury) concerning matters related to Mr. and Mrs. W. and

Wallis on or about August, 2013 when I reviewed Mr. and Mrs. W.'s request for records

from parents' attorney. Later, in January, 2014, the special education office at Lincoln-

Sudbury advised me of complaints filed by Mr. and Mrs. W. with the Department of

Public Health, Division of Health Professions Licensure, Office of Public Protection

(Board of Nursing) against Lincoln-Sudbury's three school nurses, because of alleged

failures to comply with head injury/concussion regulations. Later, I also became aware

of Mr. and Mrs. W.'s complaint filed with the Division of Professional Licensure, Office

of Prosecutions, against Lincoln-Sudbury's athletic trainer, also claiming alleged failures

to comply with head injury/concussion regulations. I asked Attorney Doris R.

MacKenzie Ehrens (Attorney Ehrens) to assist Lincoln-Sudbury in responding to these

complaints.

    3.    In September, 2014, I learned of Mr. and Mrs. W.'s request for a due

process hearing at the BSEA (BSEA No. 1502427), the case out of which this proceeding

arises. I asked Attorney Ehrens to handle the BSEA matter because of her familiarity

with the incident giving rise to the hearing request as a result of her work responding to

the complaints filed against the school nurses and athletic trainer, her extensive litigation

981333v1             - 2 -

experience, including her experience with matters involving pro se litigants, and her experience litigating special education matters.

4.      Attorneys' fees associated with Mr. and Mrs. W.'s requests for records, other than their discovery requests in BSEA No. 1502427, and their complaints against the school nurses and the athletic trainer are not included in the request for an award of attorneys' fees which is the subject of Lincoln-Sudbury's complaint in this proceeding.

5.      I am familiar with the extent of the filings in BSEA 1502427 and the need to respond to allegations in Mr. and Mrs. W.'s filings.  I am aware of the extensive time involved in this case interviewing the many Lincoln-Sudbury administrators, teachers, and staff in order to respond to the hearing request, to Mr. and Mrs. W.'s discovery, and otherwise prepare the case for hearing, including lengthy conference calls with the hearing officer, at least one of which exceed two hours, far exceeding the time normally spent on such calls.  I am aware that Mr. and Mrs. W. listed twenty (20) Lincoln-Sudbury former and current administrators, teachers, and staff as hearing witnesses and of the time involved in preparing each of those witnesses for hearing.

6.      Based upon my experience practicing special education law and my knowledge of Attorney Ehrens' experience and reputation, it is my opinion that the time spent by Attorney Ehrens on the Bureau of Special Education Appeals' case was not only reasonable under the circumstances of this case and Mr. and Mrs. W.'s hostility toward Lincoln-Sudbury and its staff and Attorney Ehrens as reflected in Mrs. W's prolific filings, but also necessary to properly defend Lincoln-Sudbury from the hearing request's numerous claims.

7.      I am also aware of the extent of the additional documentation with which

Mr. and Mrs. W. sought to supplement the record, as well as the issues raised on appeal

and it is my opinion that the time spent by Attorney Ehrens to date on this case is also

reasonable.

8.      Based upon my experience practicing special education law in

Massachusetts, and my familiarity with the rates charged by Murphy, Hesse, Toomey &

Lehane, LLP, to its other special education clients and by other attorneys representing

school districts in special education matters, it is my opinion that the hourly rates of

$225-$245 per hour charged by the firm in this matter are fair and reasonable and

consistent with the rates prevailing in the community.

SIGNED under the pains and penalties of perjury at Quincy, Massachusetts this

5th day of June, 2017.

Mary Ellen Sowyrda, Attorney at Law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2017, I served a copy of the foregoing electronically through the CM/ECF system on all counsel of record for the parties.

/s/ Doris R. MacKenzie Ehrens
Doris R. MacKenzie Ehrens