## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

—————————————————————
)
LINCOLN-SUDBURY REGIONAL          )
SCHOOL DISTRICT,                  )          Civil Action
                                  )          No.  1:16-CV-10724-FDS
                    Plaintiff,    )
v.                                )
                                  )
MR. AND MRS. W.,                  )
                                  )
                    Defendants    )
WALLIS and                        )
MR. and MRS. W.,                  )
                                  )
        Plaintiffs-in-Counterclaim )
v.                                )
                                  )
LINCOLN-SUDBURY REGIONAL          )
SCHOOL DISTRICT and               )
                                  )
BUREAU OF SPECIAL EDUCATION       )
APPEALS,                          )
        Defendants-in-Counterclaim. )
—————————————————————)

## MRS. AND MRS. W's OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Mr. and Mrs. W respectfully submit this Opposition to Lincoln-Sudbury Regional School District's Motion for Attorney's fees.

### ARGUMENT

### I.    THE DISTRICT'S MOTION SHOULD BE DENIED OR THE AWARD SOUGHT SHOULD BE SUBSTANTIALLY REDUCED.

In an award for attorney's fees pursuant to IDEA, the First Circuit has determined that the IDEA's fee shifting provision should be applied in a manner consistent with the fee-shifting statute of the Civil Rights Act, 42 U.S.C. § 1988(b), and other similar fee-shifting statutes. *N.P. v. Hampden-Wilbraham Regional School District*, 2016 WL 3620733, *5 (D. Mass. 2016)(not

reported)(and authorities cited). While the goal of a fee award under a statutory fee shifting provision may be to attract competent legal counsel, a fee award should not produce a windfall to the requesting party. *Id.* at *4.

In assessing an application for fees under the IDEA, the Court is required to determine whether the applicant is a prevailing party, the fees sought are reasonable, and if there are any further considerations that may require an adjustment in the amount of the award. *Id.* Normally, in assessing whether the fees sought are reasonable, the court begins by determining the "lodestar" by multiplying the number of hours productively spent by counsel on the case by counsel's reasonable hourly rate. *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992). The lodestar may be adjusted upward or downward in certain circumstances. *Id.*

**A.     Calculation of the Lodestar.**

The party seeking an award of fees is obligated to submit a request for fees that includes calculations of the hours expended by its counsel multiplied by the requested hourly rate. *Alfonso v. Aufiero*, 66 F.Supp.2d 183, 192 (D. Mass. 1999). But the court has a duty to determine if the request exceeds the limits of reasonable effort. *Id.* The applicant's litigation adversary need not "swallow[] hole" the attorney's bill submitted by the fee applicant. *Id*. Thus, the court must analyze the time spent and the rate charged to ensure that both are reasonable. *Id.*

1.     Reasonableness of hours expended.

The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."

The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector,

> 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "The prevailing party has the burden of proving the reasonableness of the hours claimed. Where that party furnishes time records that are ill-suited for evaluative purposes, the court is hampered in ascertaining whether those hours were excessive, redundant, or spent on irrelevant issues. In such a circumstance, the court may adjust those entries to achieve an equitable result." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008). Here, the District has failed to exercise billing judgment and has included in its fee application hours that are excessive, redundant and otherwise unnecessary.

> **a.      Block billing and/or imprecise billing.**

"In order to recover fees, attorneys must submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed. If such documentation is not submitted, fees should be reduced or even denied altogether." *Deary v. City of Gloucester*, 9 F.3d 191, 197–98 (1st Cir. 1993)(citation omitted); *Marrotta v. Suffolk Cty.*, 726 F. Supp. 2d 1, 6 (D. Mass. 2010)(citing *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984))("The attorney seeking fees bears the burden of providing the Court the number of hours expended shown by 'detailed contemporaneous time records' to avoid substantial reduction or, in extreme cases, disallowance of a fee award.").

The District's excessive use of block billing makes it difficult, if not impossible, for this Court's analysis of the reasonableness of the fee request and alone warrants a substantial reduction in the compensable hours sought. *Torres-Rivera*, 524 F.3d at 340. Here, on nearly every page of the District's billing tables, its attorneys have used block billing assigning a single time entry for the performance of multiple tasks. (Dkt. No. 84-2, pp. 41-66; Dkt. No. 84-4, pp. 6-

13, 73); *See* (Affidavit Of Counsel In Support Of Mr. & Mrs. W's Opposition To Motion For Attorney's Fees, Exhibits 1-4).[1]

The tables compiled for this Opposition, and submitted with the Affidavit of Counsel as Exhibits 1-4, set forth four categories of block billing, among other items: (1) Services for unrelated issues (Aff. Counsel, Ex. 1); (2) Services for creating short simple affidavits (Aff. Counsel, Ex. 2); (3) Services for counsel to advise, consult and review redactions of billing statements and services for paralegal to prepare and redact billing statements (Aff. Counsel, Ex. 3); and (4) Block billing for services not listed in other tables (Aff. Counsel, Ex. 4). The last page of Exhibit 4 summarizes and provides the totals of block billing from Exhibits 1-4 arriving at a total of 375.8 hours of block billing. (Aff. Counsel, Ex. 4, p. 10). It is difficult if not impossible for this Court to determine the reasonableness of these time entries and therefore warrants a denial of fees associated with this block billing or a significant global reduction to the fees sought. *See Deary*, 9 F.3d at 197–98.

> **b.  Unnecessary and unproductive work.**

The District presents the bald assertion that given the complexity of special education litigation, together with the parents pro se status, the number of hours its counsel spent on this case are reasonable. (Dkt. No. 84, p. 6). And while the District states that it has excluded duplicative hours and time expended on unrelated matters and has further reduced its fees billed through "professional courtesy discounts," *id.* at 6-7, its exercise of billing judgment has been wholly inadequate. The District has included in its application numerous hours that were

---

[1] This Affidavit will be cited hereafter as "(Aff. Counsel)."
[2] And leaving aside the clear inflammatory and prejudicial purpose of counsels' statements and inclusion of billing records for these unrelated matters. *See* Mr. And Mrs. W's Opposition To Lincoln-Sudbury Regional School District's Motion For Summary Judgment For Attorney's Fees, incorporated herein by reference, (Dkt. No. 67, pp. 2-5).

4

unnecessary to the presentation of its case. *See Alfonso*, 66 F.Supp.2d at 193 (in fee application eliminating or reducing hours for spent speaking to the press, communicating with Attorney General, waiting in courthouse and review and editing of videotape deposition as unnecessary or unproductive in advancing case).

The District's counsel have expended unproductive time not necessary to present their client's case. Indicative of this time is an entry on 7/5/17 for 4.2 hours for work on "eliminating pages for summary judgment opposition" and for conferring with an associate, and another 7/6/17 for 4.4 hours which included time for "revisions and cuts to limit memorandum to 20 pages." This work revising the District's summary judgment memoranda to limit them to 20 pages was unnecessary. On May 18, 2017, Mr. and Mrs. W filed a motion seeking leave of the court to allow **all** parties to submit memoranda in support of and in opposition to dispositive motions, not to exceed thirty pages. (Dkt. No. 50). Leave was granted on May 22, 2017. (Dkt. No. 51). This limited example of unnecessary and redundant work is indicative of counsels' excessive billing on a global basis.

On the matter before this Court, from April 5, 2016 to April 30, 2017 the District was billed $46,327.00 for 203.6 hours of work done by its attorneys Ehrens and Sowyrda, and 17.1 hours of work done by a paralegal. (Dkt. No. 84-2, pp. 37-38). In addition, the district was billed for an additional hour for Attorney Ehrens' travel time at a reduced rate of $175.00 per hour. *Id.*

From May 1, 2017 through March 25, 2018, the District was billed an additional .2 hours for Attorney Sowyrda, 229.6 hours for Attorney Ehrens, and 8.2 hours for Attorney Vasudevan for a total of 238 hours billed for attorney's fees. (Dkt. No. 84-4, p. 3). In addition, the District was billed for 14.6 hours of paralegal's time during the period. *Id.*

Thus, the District has been billed a grand total of 442.6 hours for work done by its attorneys on the matter before this Court and an additional 31.7 hours for paralegal's work.

Attorney Ehrens has forty years of litigation experience and has been actively practicing special education law since 2004. (Dkt. No. 84-2, p. 29, ¶¶ 2 & 3). Attorney Sowyrda has equally impressive credentials with thirty-two years of experience in special education law, and is head of her firm's special education practice. (Dkt. No. 84-5, p. 2, ¶ 1). Attorney Ehrens represented the District from the inception of the BSEA proceedings and through the litigation of the matter before this Court until February 2018. (Dkt. 82-2, p. 30, ¶ 7; Dkt. No. 84-5, p. 5, ¶ 8).

By way of comparison, through April 30, 2017 Mr. and Mrs. W were billed for 163.1 hours for attorney's fees associated with the matter before this Court. (Aff. of Counsel, ¶ 6). Between May 1, 2017 and March 25, 2017 they were billed for an additional 147.6 hours, and their counsel anticipates that they will be billed for an additional 29 hours for his work on this Opposition, for a grand total of 339.7 hours billed on the matter before this Court. *Id.* at ¶ 7.  A large proportion of the time billed was for time expended by their attorney for review of the extensive record of the BSEA proceedings of which he had not taken part and was completely unfamiliar with. *Id*. at ¶  6. In contrast to Attorney Ehrens' and Sowyrda's decades of experience in special education law, Mr. and Mrs. W's attorney came to this case as a complete novice in special education law and expended a fair amount of time becoming familiar with the statutes, regulations and case law relevant to the matter although much, but not necessarily all, of this time was not billed. *Id.* ¶¶ 4, 6. And in contrast to Attorney Ehrens who represented the District throughout the BSEA proceeding and would, therefore, presumably be intimately familiar with the record of those proceedings, the time Mr. and Mrs. W were billed for included their attorney's review of the extensive record of those proceedings. *Id.* The work that was done by

counsel for the parties in litigating the matter before this Court was similar and included: drafting the complaint and answer with counterclaims; drafting and opposing the motion to supplement the administrative record and appearance for hearing on same; and drafting and opposing motions for summary judgment and hearing on same. *See Id.*; *See* Docket.

The discrepancy of 134.6 hours between the hours billed to the District for its attorneys' and paralegals' work on the matter before this Court as compared with the hours billed to Mr. and Mrs. W must be attributable to the unproductive, inefficient and unnecessary work of the District's counsel and paralegals and/or to overstaffing, in addition to the charges for unrelated work detailed below. It must also be presumed that the 508.6 hours billed to the District for its counsels' time expended on the BSEA proceedings, (Dkt. No. 84-2, p. 37), was excessive for the same reasons. The time expended by the District's counsel was unreasonable and any award for fees should be substantially reduced.

**c.    Hours billed for unrelated work.**

In its Concise Statement of Material Facts in support of its motion for summary judgment on attorney's fees the District states:

> 78. All time spent and fees incurred in defending the Ws' complaints against the school nurses and the athletic trainer, and to respond to Mr. and Mrs. W's repeated and duplicative student records, public records, and open meeting law requests and complaints, totaling $8,505.00 in legal fees and $25.03 in expenses, have been excluded from the calculation of fees and costs. Affidavit of Counsel in Support of Lincoln- Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶¶7-9 and Exhibits A, p.3, Part III, and B thereto.

> RESPONSE
> Disputed and objected to as irrelevant and inflammatory. The billing records submitted contain numerous line items that are not directly related to either the BSEA proceeding or to this matter. For example, there are line items for time spent conferring with Attorneys Davis and Dowling, (Dkt. 62-2 pp. 153, 16, 17), who represent the District in the Ws' negligence claim against it, (Affidavit of John Morrissey ¶ 4). Although not necessarily exhaustive, additional questionable billing line items contained in (Dkt. 62-2) are as follows: p.4 last entry, Pole vault

issue; p.6 2d to last entry; p.7 6th entry; p.8 1st and 4th entry; p.11 last entry; p.13 1st and 2d entry; p.15 2d entry from bottom; p.16 6th entry; p.17 2d entry; p.20 last enrty; p.21 10th from bottom and last entry; p.23 7th from bottom and last entry; p.24 1st and 6th entry.

79. Any time for other unrelated matters or duplicative time has also been excluded. Affidavit of Counsel in Support of Lincoln-Sudbury Regional School District's Motion for Summary Judgment for Attorneys' Fees, ¶10.

RESPONSE
Disputed, *See* Response to paragraph 78.

(Dkt. No. 68, p. 35, Response To Lincoln-Sudbury Regional School District's Statement Of

Undisputed Material Facts In Support Of Its Motion For Summary Judgment For Attorney's

Fees).

The District's present submission states much the same: "All time spent and fees incurred

in defending the Ws' complaints against the school nurses and the athletic trainer, and to respond

to Mr. and Mrs. W's repeated and duplicative student records, public records, and open meeting

law requests and complaints have been excluded from the amounts sought." (Dkt. No. 84, p. 6).

They further assert that "[a]ny time for other unrelated matters or duplicative time is also

excluded." *Id.* Notwithstanding,[2] while the District's counsel have eliminated some time entries

not relating to the proceeding before the BSEA and this Court, the effort was at best half hearted.

Exhibit 1 tabulates billing entries that are for, or include, work unrelated to the BSEA proceeding

or to the District's action in this court. (Aff. Counsel, Ex. 1). Even here, it is difficult to

determine what if any of the documented hours are related to this matter due to the attorney's

extensive use of block billing. Notwithstanding, Exhibit 1 identifies a total of 11.4 hours billed

---

[2] And leaving aside the clear inflammatory and prejudicial purpose of counsels' statements and inclusion of billing records for these unrelated matters. *See* Mr. And Mrs. W's Opposition To Lincoln-Sudbury Regional School District's Motion For Summary Judgment For Attorney's Fees, incorporated herein by reference, (Dkt. No. 67, pp. 2-5).

for unrelated matters (column labeled "Single Task Hours") and block billing which includes

unrelated matters totaling 62.9 hours (column labeled "Block Billing Hours"). *Id.* at p. 3

(Subtotals). Considering that the billing entries unrelated to this matter and/or lacking in

sufficient detail to determine what time was expended on this matter and other unrelated matters,

this Court should deduct both the 11.4 hours directly attributable to unrelated matters and the

62.9 hours of block billing for mixed matters. *See Marrotta v. Suffolk Cty.*, 726 F. Supp. 2d 1, 6

(D. Mass. 2010)(deducting from attorney fee application hours concerning separate lawsuit, or

that were otherwise insufficiently detailed in billing summary).

2.       Reasonableness of hourly rates.

> In seeking some basis for a standard [for an award of attorney's fees], courts
> properly have required prevailing attorneys to justify the reasonableness of the
> requested rate or rates. To inform and assist the court in the exercise of its
> discretion, the burden is on the fee applicant to produce satisfactory evidence—in
> addition to the attorney's own affidavits—that the requested rates are in line with
> those prevailing in the community for similar services by lawyers of reasonably
> comparable skill, experience and reputation. A rate determined in this way is
> normally deemed to be reasonable, and is referred to—for convenience—as the
> prevailing market rate.

*Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

**a.       Failing to distinguish core and non-core work.**

The District has failed to appropriately identify and segregate core from non-core tasks:

> Under the First Circuit's taxonomy, core legal work "includes legal research,
> writing of legal documents, court appearances, negotiations with opposing
> counsel, monitoring, and implementation of court orders." Non-core work, on the
> other hand, "consists of less demanding tasks, including letter writing and
> telephone conversations." "In addition, non-core services also include attendance
> at court hearings in a non-participatory capacity and conferences with co-
> counsel."

*Alfonso*, 66 F.Supp.2d at 196 (citations omitted). As above, the District's counsels' extensive use

of block billing makes it difficult if not impossible to segregate the hours spent on core and non-

core work. Exhibits 1-4 attempt to identify non-core tasks, in red font, contained within the description of service column. (Aff. Counsel, Ex. 1-4) Admittedly, this attempt is not exhaustive.

Exhibit 4 is illustrative of the difficulty in distinguishing the time expended on core versus non-core work inasmuch as nearly all task descriptions include one time entry associated with multiple tasks. The clearly non-core work within the entries include tasks such as drafting and reviewing emails, making telephone calls and reviewing voicemails, filing documents and reviewing e-notices and other clerical or secretarial tasks. *See* (Aff. Counsel, Ex. 4). Such time should not be billed at a lawyer's hourly rates even if performed by a lawyer. *Lipsett*, 975 F.2d at 940. However, given District's counsels' extensive use of block billing and failure to segregate core from non-core work, it would be impracticable to assign different rates to the core and non-core work performed by counsel and, therefore, a global reduction of at least 20% would be appropriate. *See Ellicott v. American Capital Energy, Inc.*, 2017 WL 1224537, *3 (D. Mass. 2017)(slip copy).

Time spent by an attorney preparing a fee application is considered non-core work because it "often amounts to little more than 'documenting what a lawyer did and why he or she did it,' [and] it may [therefore] fairly be compensated at a reduced rate." *Brewster v. Dukakis*, 3 F.3d 488, 494 (1st Cir. 1993)(citation omitted). Exhibits 2 and 3 set forth billing associated with time spent by counsel and paralegals directly associated with preparing the District's fee applications. *See* (Aff. Counsel, Ex. 2 & 3). Attorney Ehrens and Sowydra billed 39.3 hours for time almost exclusively spent in preparing affidavits in support of the District's fee application. (Aff. Counsel, Ex. 2). Attorney Ehrens spent an additional 10.8 hours reviewing, redacting, and conferring with paralegals and administrative staff, respecting the law firm's billing on the matter. ((Aff. Counsel, Ex. 3, p. 1). Not included in the foregoing exhibits is an additional 6

hours Attorney Vasudevan ("FCC") spent, presumably,[3] working on the fee application between 3/14/18 and 3/25/18. The foregoing 56.1 hours of attorneys' time is in addition to the 22.5 hours spent by the firm's paralegal to prepare billing summaries, (Aff. Counsel, Ex. 3, p. 2). The time spent is excessive and the rates should be drastically reduced.

Further, while the District's counsel has reduced Attorney Ehrens' 14.5 hours of travel time to $175.00 per hour from her then rate of $225.00 per hour, (Dkt. 84-2, pp. 37-38), travel time is considered non-core work and is routinely discounted at half the core rate. *Ellicott*, 2017 WL 1224537 at *3.

**b.       The hourly rates charged by counsel are unreasonable.**

As set forth above, the District has been billed for a grand total of 982.9 hours for the work of its law firm's attorneys and paralegals on the BSEA proceeding and the matters in district court. Given the decades of experience in special education law possessed by Attorneys Ehrens and Sowydra, this excessive time can only be attributed to inefficient, unproductive and unnecessary work and, as such, the hourly rates of $225.00 to $240.00 per hour are not reasonable. In his affidavit submitted in support of the District's motion for fees, Attorney Joyce states that the usual hourly rate for attorneys representing school districts is in the range of $165.00 to $245.00 per hour. (Dkt. No. 84-6, p. 3, ¶ 5). The lower end of this scale is reflected in the contract rate paid by the Town of Needham for legal representation on special education matters. (Aff. Counsel, ¶ 9, Ex. 5, p. 6). For this reason and those stated above, the reasonable

---

[3] The 3/23/18 entry for FSC indicates 2 hours "Draft[ing] motion for summary judgment." As summary judgment motions were long ago filed, heard, and decided on this case, either the entry is for an unrelated case, in which case the time is not recoverable, or it was for drafting the present motion for fees, in which case the time was excessive, *see* (Dkt. No. 83 (District's Motion for Fees)).

hourly rate for Attorneys Ehrens and Sowydra should be reduced to a range of $165.00 to $175.00 per hour.

Attorney Vasudevan's work appears to have consisted of time spent conducting legal research and conferring with senior counsel, (Dkt. 84-4, p. 11, 9th entry), editing pleadings, (Dkt. 84-4, p.12 6th entry), and time involved on the District's fee motion, (Dkt. 84-4, p.13, last four entries). This is work that either could have been accomplished by paralegals or should not have been charged at an attorney's usual hourly rate but was nonetheless billed at the rate of $235.00 per hour, the same rate as the last rate billed for Attorney Ehrens' hours, *e.g.* (Dkt. No. 84-4, p. 3). Further, given her relative inexperience, (Dkt. No. 84-3, ¶¶ 1, 2), as compared with Attorneys Ehrens and Sowydra, the rate charged for her time is excessive and should be reduced commensurate with the her experience, the work she did, and with the reduction in hourly rates of Attorneys Ehrens and Sowydra.

Lastly, the rates charged by paralegals should also be reduced to reflect any reduction in rates for counsel.

**B.     THE DISTRICT SHOULD NOT BE AWARDED ITS COSTS.**

The District seeks to recover $5,167.61 in costs and expenses. The request includes amounts for copying, postage, online research, travel expenses including lodging and meals, and filing fees. (Dkt. No. 84-2, p. 38); (Dkt. No. 84-4, p. 4). However, other than providing categories and dollar amounts of expenses in there submission, the District has failed to provide any documentation whatsoever in support of the request. There are no receipts provided for lodging and meals, miles reimbursed for, or postage. Assuming the copying was in-house, there is no indication of the number of copies, per page charge or indication of the need for the copying. Nor is there any documentation as to the costs associated with online research. As such,

the Court has no way to determine the reasonableness of the costs requested and the request should be denied. *See Ellicott*, 2017 WL 1224537 at *4.

## **CONCLUSION**

Mr. and Mrs. W respectfully request that should this Court determine that an award of Attorney's fees and costs is warranted, for the reasons set forth above the Court should reduce the fees and costs sought as follows:

1. 74.3 hours for time expended on unrelated matters be deducted;

2. After deduction for unrelated matters, apply a global deduction in hours by a minimum of 40%;

3. Reduce the hourly rates applied to Attorneys Ehrens' and Sowyrda's hours to $175.00 per hour and a further reduction below $175.00 per hour for Attorney Vasudevan's work reflective of her lack of experience as compared with Attorneys Ehrens and Sowyrda, and a reduction in the hourly rate for paralegals;

4. Further reduce the lodestar as the Court deems appropriate; and

5. Limit any award of costs to court filing fees.


Dated: April 12, 2018                        Respectfully submitted,
                                             For Mr. and Mrs. W.,

                                             /s/ John N. Morrissey
                                             John N. Morrissey, BBO # 664579
                                             1 Mary's Way
                                             Lincoln, MA 01773
                                             (508) 358-2027
                                             johnmrrssy@yahoo.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 12, 2018.

/s/ John N. Morrissey
John N. Morrissey